IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SIEMENS MEDICAL SOLUTIONS USA, INC., | ) ) ) | |
| Plaintiff/ Counterclaim-Defendant, | ) ) | C.A. No. 07-190-SLR |
| v. | ) ) | |
| SAINT-GOBAIN CERAMICS & PLASTICS, INC., | ) ) ) | JURY TRIAL DEMANDED |
| Defendant/Counterclaim-Plaintiff. | ) ) | |

### ANSWER AND COUNTERCLAIM ON BEHALF OF DEFENDANT SAINT-GOBAIN CERAMICS & PLASTICS, INC.

Saint-Gobain Ceramics & Plastics, Inc., ("Saint-Gobain Crystals"), by its attorneys, Richards Layton and Finger and Thelen Reid Brown Raysman & Steiner LLP, for its Answer to the Complaint, says:

### THE PARTIES

1. Saint-Gobain Crystals is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and, therefore, denies those allegations.

2. Saint-Gobain Crystals admits the allegations contained in Paragraph 2.

3. Saint-Gobain Crystals admits the allegations contained in Paragraph 3.

4. Saint-Gobain Crystals admits the allegations contained in Paragraph 4.

5. Saint-Gobain Crystals is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 and denies those allegations, except it refers to the contents of United States Letters Patent No. 4,958,080 ("the '080 Patent") for its precise terms.

6. Saint-Gobain Crystals is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 and, therefore, denies those allegations.

7. Saint-Gobain Crystals is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 and, therefore, denies those allegations.

8. Saint-Gobain Crystals is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and, therefore, denies those allegations.

9. Saint-Gobain Crystals is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and, therefore, denies those allegations.

10. Saint-Gobain Crystals is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 and, therefore, denies those allegations.

11. Saint-Gobain Crystals denies the allegations contained in paragraph 11.

12. Saint-Gobain Crystals denies the allegations contained in paragraph 12.

13. Saint-Gobain Crystals denies the allegations contained in paragraph 13.

14. Saint-Gobain Crystals denies the allegations contained in paragraph 14.

15. Saint-Gobain Crystals denies the allegations contained in paragraph 15.

16. Saint-Gobain Crystals denies the allegations contained in paragraph 16.

17. Saint-Gobain Crystals denies the allegations contained in paragraph 17.

NY #1151811 v1
RLF1-3150843-1

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The complaint fails, in whole or in part, to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants have not infringed, and do not infringe, either through inducement of infringement, or by contributory infringement, of any claim of the '080 Patent, either literally or under the doctrine of equivalents.

### THIRD AFFIRMATIVE DEFENSE

The claims of the '080 Patent are, upon information and belief, invalid for failing to comply with the provisions of the patent laws, 35 U.S.C. § 1, et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and/or 132.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs are estopped from construing any claim of the '080 Patent to be infringed or to have been infringed, either literally or by application of the doctrine of equivalents, by any method or product manufactured, used, imported, sold or offered for sale by defendants, in view of the prior art and/or because of admissions and statements made to the United States Patent and Trademark Office during prosecution of the application leading to the issuance of the '080 Patent, because of disclosure or language in the specification of the '080 Patent, and/or because of limitations in the claims of the '080 Patent.

### FORUTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be limited by virtue of the application of 35 U.S.C. § 287.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs claims are barred, in whole or in part, by the doctrines of laches, waiver and/or estoppel.

## COUNTERCLAIM ON BEHALF OF
## SAINT-GOBAIN CERMAICS & PLASTICS, INC.

Counterclaim Plaintiff, Saint-Gobain Ceramics & Plastics, Inc. ("Saint-Gobain Crystals"), as and for its counterclaim against Siemens Medical Solutions, USA, Inc., alleges as follows:

1. Counterclaim Plaintiff Saint-Gobain Crystals is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Newbury, Ohio.

2. Counterclaim Defendant Siemens Medical Solutions USA, Inc. ("Siemens Medical") has itself alleged that it is a corporation organized and existing under the law as of the State of Delaware, with its principal place of business in Malvern, Pennsylvania.

3. This Counterlcaim is brought pursuant to the Declaratory Judgment Act, 28 U.S.C.§§2201 (a) and 2202, and pursuant to the patent laws of The United States, 35 U.S.C. §1 et seq. and by virtue of Federal Rule of Civil Procedure 13 as a mandatory Counterclaim. This Court has jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§1131 and 1338.

4. Venue is proper in this District pursuant to 28 U.S.C.§ §1391 (b), (c) and 1400(b).

5. An actual and justifiable controversy has arisen and currently exists between the parties for which Counterclaim-Plaintiffs seek a declaration of rights pursuant to 28 U.S.C.§§ 2201 (a) and 2202 and Rule 57 of the Federal Rules of Civil Procedure, inasmuch as Counterclaim-Defendant has alleged that Counterclaim-Plaintiff is infringing United States

Letters Patent No. 4,958,080 ("the '080 Patent"). Counterclaim-Plaintiff Saint-Gobain Crystals has denied this allegation and asserts that it does not infringe any valid claim of the '080 Patent. Counterclaim-Plaintiff Saint-Gobain Crystals furthermore believes, upon information and belief, that the claims of the '080 patent are invalid.

6. Counterclaim Plaintiff Saint-Gobain Crystals has not infringed, and does not infringe directly or indirectly, and will not in the future infringe, directly or indirectly, any valid claim of the '080 patent, if any.

7. To the extent that any activity or product made, used or sold by Saint-Gobain Crystals might be construed to come with any claim of the '080 patent, such claim is either unenforceable and/or invalid for failure, at least in part, to comply with the patent laws of the United States, including, but not limited to 35 U.S.C. §§101, 102, 102,, 112 and/or 132.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaim Plaintiff Saint-Gobain Ceramics & Plastics, Inc. prays for judgment in its favor and as against Siemens Medical Solutions USA, Inc., as follows:

1. Dismissing the Complaint herein with prejudice and awarding costs.

2. A declaration that Saint-Gobain Ceramics & Plastics, Inc. does not infringe any valid claim of the '080 patent, either directly or indirectly, either literally or under the doctrine of equivalents.

3. Permanently enjoining and restraining Siemens Medical Solution USA, Inc., its agents, servants, subsidiaries, affiliates, employers and all those in active concert or participation with them, from asserting, directly or indirectly, any claim of infringement of the '080 Patent against Saint-Gobain Ceramics & Plastics, Inc. or against any person or entity in privity with Saint-Gobain Ceramics & Plastics, Inc.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Frederick L. Whitmer<br>Thelen Reid Brown Raysman & Steiner LLP<br>875 Third Avenue<br>New York, NY 10022<br>(212) 603-2000 | /s/ Jesse A. Finkelstein<br>Jesse A. Finkelstein (#1090)<br>Finkelstein@rlf.com<br>Jeffrey L. Moyer (#3309)<br>Moyer@rlf.com<br>Kelly E. Farnan (#4395)<br>Farnan@rlf.com<br>Richards, Layton & Finger, P.A.<br>One Rodney Square, P.O. Box 551<br>Wilmington, DE 19899<br>(302) 651-7700<br><br>Attorneys for Defendant/ Counterclaim-Plaintiff Saint-Gobain Ceramics & Plastics, Inc. |

Dated: May 14, 2007

NY #1151811 v1
RLF1-3150843-1

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to the following and which has also been served as noted:

### BY HAND DELIVERY

Jack B. Blumenfeld
Maryellen Noreika
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19899

I hereby certify that on May 14, 2007, the foregoing document was sent to the following non-registered participants in the manner indicted:

### BY FEDERAL EXPRESS

Gregg F. LoCascio
Charanjit Brahma
Sean M. McEldowney
Kirkland & Ellis LLP
655 15th Street, N.W.
Washington, DC 20005-5793

Jeffrey L. Moyer (#3309)
moyer@rlf.com

RLF1-3151112-1