IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SIEMENS MEDICAL SOLUTIONS USA, INC., <br><br> Plaintiff, <br><br> v. <br><br> SAINT-GOBAIN CERAMICS & PLASTICS, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 07-190-SLR |

**REPLY OF SIEMENS MEDICAL TO ANSWER AND COUNTERCLAIM
ON BEHALF OF SAINT-GOBAIN CERAMICS & PLASTICS, INC.**

Plaintiff Siemens Medical Solutions USA, Inc. ("Siemens Medical") for its Reply to the Answer and Counterclaim ("Answer") on Behalf of Defendant Saint-Gobain Ceramics & Plastics, Inc. ("Saint-Gobain"), filed May 14, 2007, alleges as follows:

1. Siemens Medical incorporates Paragraphs 1 through 17 of its Complaint as if fully set forth herein, and denies all new allegations set forth in Paragraphs 1 through 17 of Saint-Gobain's Answer, as well as in the First Affirmative Defense, Second Affirmative Defense, Third Affirmative Defense, Fourth Affirmative Defense and Fifth Affirmative Defense therein.

2. Siemens Medical admits the allegations set forth in Paragraph 1 of the Counterclaim asserted in the Answer.

3. Siemens Medical admits the allegations set forth in Paragraph 2 of the Counterclaim asserted in the Answer.

4. Siemens Medical admits that Saint-Gobain seeks declaratory judgment pursuant to 28 U.S.C. § 2201(a) and 2202. Siemens Medical further admits that Saint-Gobain's

- 1 -

counterclaim for declaratory judgment is a mandatory counterclaim within the meaning of Federal Rule of Civil Procedure 13. Siemens Medical further admits that the Court has jurisdiction over Saint-Gobain's declaratory judgment counterclaim pursuant to 28 U.S.C. § 1338, but denies that the Court has jurisdiction under 28 U.S.C. § 1131. Siemens Medical denies each of the remaining allegations set forth in Paragraph 3 of the Counterclaim asserted in the Answer.

5. Siemens Medical admits that venue is proper in this District under 28 U.S.C. § 1391 (b) and (c). Siemens Medical denies that venue is proper under 28 U.S.C. § 1400(b) and denies each of the remaining allegations set forth in Paragraph 4 of the Counterclaim asserted in the Answer.

6. Siemens Medical admits it has alleged that Saint-Gobain is infringing and has infringed, and that Saint-Gobain indeed in infringing and has infringed, U.S. Patent No. 4,958,080 ("'080 patent," attached to Siemens Medical's Complaint as Ex. A). Siemens Medical further admits that Saint-Gobain has denied that it is infringing any valid claim of the '080 patent and has alleged that the claims of the '080 patent are invalid. As noted in Paragraph 4 of this Reply, Siemens Medical admits that Saint-Gobain seeks a declaratory judgment with respect to these issues pursuant to 28 U.S.C. § 2201(a) and 2202. Siemens Medical denies each of the remaining allegations set forth in Paragraph 5 of the Counterclaim in the Answer.

7. Siemens Medical denies each and every allegation set forth in Paragraph 6 of the Counterclaim asserted in the Answer.

8. Siemens Medical denies each and every allegation set forth in Paragraph 7 of the Counterclaim asserted in the Answer.

Accordingly, Siemens Medical respectfully requests that the Court enter judgment in favor of Siemens Medical and against Saint-Gobain on Saint-Gobain's Counterclaim, that the Court deny Saint-Gobain's request for declaratory relief and dismiss Saint-Gobain's Counterclaim with prejudice, and that the Court award Siemens Medical its costs and expenses in this matter.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika (#3208)*
Jack B. Blumenfeld (I.D. No. 1014)
Maryellen Noreika (I.D. No. 3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
mnoreika@mnat.com

*Attorneys for Plaintiff*
  *Siemens Medical Solutions USA, Inc.*

*Of Counsel*:

Gregg F. LoCascio
Charanjit Brahma
Sean M. McEldowney
KIRKLAND & ELLIS LLP
655 15th Street, N.W.
Washington, D.C. 20005-5793
(202) 879-5000

Date: June 4, 2007
849585

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on June 4, 2007, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Jeffrey L. Moyer

I also certify that copies were caused to be served on June 4, 2007 upon the following in the manner indicated:

### BY HAND AND EMAIL

Jesse A. Finkelstein
Jeffrey L. Moyer
Kelly E. Farnan
Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, DE  19899

### BY EMAIL

Frederick L. Whitmer
Thelen Reid Brown Raysman & Steiner LLP
875 Third Avenue
New York, NY  10022


/s/ Maryellen Noreika (#3208)
Maryellen Noreika (#3208)