IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SIEMENS MEDICAL SOLUTIONS USA, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 07-190 (SLR) ) |
| SAINT-GOBAIN CERAMICS & PLASTICS, INC., | ) ) ) |
| Defendant. | ) ) |

## STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, by agreement and stipulation of the respective undersigned counsel representing plaintiff Siemens Medical Solutions, USA, Inc. ("Siemens Medical") and defendant Saint-Gobain Ceramics & Plastics, Inc. ("Saint-Gobain") in the above-entitled action (the "Action") (Siemens Medical and Saint-Gobain each individually referred to hereinafter as a "party" or collectively as "the parties"), and for good cause shown, IT IS HEREBY ORDERED THAT:

1.     Any document, or portion thereof, and any other form of evidence or discovery that can be protected under Fed. R. Civ. P. 26(c) which, in the good faith opinion of the party providing such discovery (the "Producing Party"), constitutes or contains any trade secret or other confidential research, development or commercial or proprietary information, and all information derived therefrom, may be designated by the Producing Party as "Confidential Information". All information designated as "Confidential Information" shall be protected, used, handled and disposed of by another party or non-party in this action ("Receiving Party") strictly in accordance with the provisions of this Order.

2.     Information is subject to this Protective Order as follows:

    a. With respect to documents or copies provided by one party to the other, by marking each page of any document or copy containing any Confidential Information with the legend "CONFIDENTIAL" or the substantial equivalent thereof.  Documents and things produced without such a legend designating material confidential shall not be Confidential Information subject to this Protective Order unless otherwise agreed by the parties, ordered by the Court, or otherwise designated as Confidential Information in accordance with Paragraph 3 of this Protective Order and shall be so marked.  A party may also designate documents and things containing Confidential Information that constitutes current financial information, information concerning products in development and existing trade secret scientific or technical or other information that a party considers highly sensitive competitive information as "Restricted Confidential Information" by marking each page of any document or copy containing any Restricted Confidential Information with the legend "RESTRICTED CONFIDENTIAL— FOR OUTSIDE COUNSEL'S EYES ONLY."

    b. Testimony or information disclosed at a deposition may be designated by a producing party as Confidential Information or Restricted Confidential Information by indicating on the record at the deposition the specific testimony or information which contains Confidential Information or Restricted Confidential Information that is to be made subject to the provisions of this Order.  Alternatively, a producing party may designate the entire transcript of a deposition as Confidential Information or Restricted Confidential Information at any time during the deposition provided that the designating party identifies the specific pages and lines of the deposition transcript as containing Confidential Information or Restricted Confidential Information within thirty (30) days after receipt of the transcript from the court reporter.  The Court reporter shall conspicuously mark any such designated transcripts as containing

"CONFIDENTIAL INFORMATION UNDER PROTECTIVE ORDER" or "RESTRICTED CONFIDENTIAL INFORMATION UNDER PROTECTIVE ORDER—OUTSIDE COUNSEL'S EYES ONLY" as appropriate on the cover page of the transcript. The use of any documents or things designated as containing Confidential Information or Restricted Confidential Information as exhibits at a deposition shall not affect the designation or treatment of such documents or things under this Protective Order, regardless of whether and how the transcript is designated under this Protective Order.

      c.    In the event that persons other than the witness and individuals who may have access to such designated Confidential Information or Restricted Confidential Information under this Protective Order attend a deposition at which such information may be disclosed, the Producing Party must designate the specific testimony or information containing Confidential Information or Restricted Confidential Information by indicating on the record at the deposition that such Confidential Information or Restricted Confidential Information is subject to the provisions of this Order, whereupon the Producing Party shall have the right to exclude such persons from the deposition during the period any Confidential Information or Restricted Confidential Information is disclosed or discussed.

      d.    In the case of responses to interrogatories, other discovery requests or responses, affidavits, briefs, memoranda, or other papers filed with the Court, information contained therein may be designated as Confidential Information or Restricted Confidential Information by prominently marking such paper or specific interrogatory responses or other discovery requests or responses as "CONFIDENTIAL INFORMATION UNDER PROTECTIVE ORDER," "RESTRICTED CONFIDENTIAL INFORMATION UNDER PROTECTIVE ORDER—OUTSIDE COUNSEL'S EYES ONLY," or the substantial equivalent

thereof. Responses to interrogatories, other discovery requests or responses, affidavits, briefs, memoranda, or other papers filed with the Court without this legend designating the material confidential shall not be Confidential Information or Restricted Confidential Information subject to this Protective Order unless otherwise agreed by the parties, ordered by the Court, or otherwise designated as Confidential Information or Restricted Confidential Information in accordance with Paragraph 3 of this Protective Order.

      e.    Tangible things (as that term is used in Rule 34 of the Federal Rules of Civil Procedure) may be designated as Confidential Information or Restricted Confidential Information by affixing to the thing or its container a label or tag marked "CONFIDENTIAL INFORMATION UNDER PROTECTIVE ORDER", "RESTRICTED CONFIDENTIAL INFORMATION UNDER PROTECTIVE ORDER—OUTSIDE COUNSEL'S EYES ONLY," or the substantial equivalent thereof.

      f.    In the case of documents or things provided for inspection by a Producing Party's counsel, designation as Confidential Information or Restricted Confidential Information need not be made until copies of the documents or things are produced after inspection and selection by counsel. Making documents or things available for inspection shall not constitute a waiver of any claim of confidentiality or attorney-client privilege, and all materials provided for inspection by a Producing Party's counsel shall be treated as though designated as Restricted Confidential Information at the time of the inspection.

      3.    The inadvertent or unintentional failure by a Producing Party to designate specific documents or materials as containing Confidential Information or Restricted Confidential Information shall not be deemed a waiver in whole or in part of a party's claim of confidentiality as to such documents or materials. Upon notice to the Receiving Party of such

failure to designate, the Receiving Party shall cooperate to retrieve disseminated originals and/or copies, restore the confidentiality of the inadvertently disclosed information, and restrict further dissemination of the disclosed information beyond those persons authorized to review such information pursuant to Paragraph 4 of this Protective Order.

      a.    If a party, through inadvertence, produces any document or information that it believes is immune from discovery pursuant to an attorney-client privilege or work product protection, such production shall not be deemed a waiver of any privilege, and the Producing Party may give oral or written notice to the Receiving Party that the document or information produced is deemed privileged and requesting the return of said document or information.  Upon receipt of such oral or written notice, the Receiving Party shall immediately gather the original and all copies of the document or information of which the Receiving Party is aware and shall immediately return the original and all such copies to the Producing Party.  The return of the document(s) and/or information to the Producing Party shall not preclude the Receiving Party from later moving the Court to compel production of the returned documents and/or information.

      4.    Subject to the provisions of Paragraph 5 of this Protective Order, the Receiving Party may only use Confidential Information or Restricted Confidential Information for purposes of this litigation.  The Receiving Party may only disclose or permit access to Confidential Information to the following persons for use in this litigation:

      a.    The Court and its official personnel.

      b.    Outside Counsel for a party.  For purposes of this Protective Order, the term "Outside Counsel" shall mean attorneys for the law firms retained by the parties for this

action, including paralegal assistants, office clerks, secretaries, and other support or administrative staff assisting those attorneys in preparing this case for trial.

      c.      a party's in-house counsel having responsibility for this action, but having no involvement in any of the following activities related to scintillator crystal technology or the use of such crystals in medical imaging equipment: the preparation, review or prosecution of patents and patent applications; the preparation, review or negotiation of technology licenses; the preparation or review of applications for regulatory approval; or the preparation or review of product literature or responses to customer requests for proposal.

      d.      Two client representatives with responsibility for oversight of this action.

      e.      Provided that the procedure described in Paragraph 5 of this Protective Order is followed, outside experts and consultants (and the experts' or consultants' staff whose duties and responsibilities require access to such materials) who are employed to furnish expert or technical services or to give expert testimony with regard to this action.

      f.      Court reporters and translators.

      g.      Outside litigation support personnel, including contract attorneys, retained by Outside Counsel to assist in the preparation and/or litigation of this action.

      h.      Any other person agreed to by the parties.

The Receiving Party may only disclose Restricted Confidential Information to the persons referenced in Paragraphs 4(a)-(c) and (e)-(h). No other person shall be given access to Restricted Confidential Information.

      5.      Before counsel for a Receiving Party may disclose material designated as Confidential Information to a person described in Paragraph 4(e) of this Protective Order, above, the expert or consultant must: acknowledge receipt and understanding of this Protective Order;

6

agree to be bound thereby; to use such information and materials solely for this litigation; not to disclose any such information or materials to any other person, firm, or concern except to those expressly authorized to receive Confidential or Restricted Confidential Information pursuant to the terms of this Protective Order; and never to use any of the information, directly or indirectly, in competition with the party that disclosed it, nor to allow any other person to do so.

Each such expert or consultant shall execute an UNDERTAKING, attached hereto, acknowledging the foregoing. Counsel who retain the expert shall forward a copy of the executed UNDERTAKING and current *curriculum vitae* disclosing the person's prior or present relationship, if any, with the parties to counsel for the Producing Party, providing four (4) business days prior notice of his intention to disclose Confidential Information to the expert or consultant identified in the notice (such notice, a "Notice of Intention to Disclose"). In the event of an objection to the proposed disclosure, the parties shall promptly confer to attempt to resolve the concerns giving rise to the objection. If the parties are unable to reach agreement regarding such disclosure, the objecting party may request this Court issue an order to prohibit the disclosure within twenty (20) days after receipt of the Notice of Intention to Disclose. The burden shall be on the objecting party to show the Court why the disclosure should not be made and no Confidential Information shall be disclosed to said expert pending the Court's resolution.

In the event that the subject of a Notice of Intention to Disclose is a non-testifying consultant or expert, the disclosure of such consultant or expert to the Producing Party pursuant to the provisions of this Paragraph 5 of this Protective Order shall not constitute or effectuate the waiver of any applicable privilege governing non-testifying consultants and experts, including without limitation the work product or other privilege governing any work performed or services rendered by such consultant or expert in connection with his or her retention on behalf of the

Receiving Party in this Action, nor shall the fact that the Receiving Party has retained such consultant or expert be admissible or otherwise disclosed to the Court or jury for any purpose whatsoever in this Action, except that the retention of such consultant or expert may be disclosed to the Court in connection with a motion to prohibit disclosure made pursuant to this Paragraph 5 of this Protective Order.

6. In the event that counsel for a party deems it necessary to disclose any Confidential Information of the Producing Party to an individual not specified under Paragraph 4 of this Protective Order above, said counsel shall first notify counsel for the Producing Party in writing of (a) the information or documents to be disclosed and (b) the person(s) to whom such disclosure is to be made, and shall attempt to reach agreement regarding such disclosure. If agreement cannot be reached, the party wishing such disclosure shall make an appropriate motion, so that this Court may rule as to whether such disclosure may be made and whether any restrictions or limitations apply.

7. Confidential Information or Restricted Confidential Information submitted to the Court with any filing or proceeding in this litigation shall be filed with the Clerk of the Court in a sealed envelope or container including thereon the title of this action and a statement in substantially the following form:

> [RESTRICTED] CONFIDENTIAL INFORMATION
>
> FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER. THIS ENVELOPE OR CONTAINER IS NOT TO BE OPENED NOR THE CONTENTS THEREOF DISPLAYED OR REVEALED EXCEPT BY COURT ORDER OR TO QUALIFIED RECIPIENTS.

8. Subject to the approval of the Court, attendance at a deposition, hearing or at a trial session in this action at which material designated as Confidential Information or

Restricted Confidential Information will be used or disclosed, shall be limited to individuals entitled to access such materials under the terms of this Protective Order.

9. Notwithstanding any other provisions of this Protective Order, nothing herein shall prohibit counsel for a party from disclosing a document containing Confidential Information or Restricted Confidential Information to any person which the document designates as the author, addressee or copy recipient of such document, or who had authorized access to the document.  During deposition or trial testimony, counsel may disclose documents produced by a party to current employees and officers of the Producing Party.

10. In the event that any of the parties (a) is subpoenaed in another action, or (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by a person not a party to this litigation, and is requested to produce or otherwise disclose Confidential Information or Restricted Confidential Information that was so designated by another party, the party subpoenaed or served as referred to in this paragraph shall object to production of such information and shall give prompt written notice to Producing Party.  Should the person seeking access to such information take action against the party covered by this Protective Order to enforce such a subpoena, demand or other legal process, said covered party shall respond by setting forth the existence of this Protective Order.  Nothing in this Order shall be construed as requiring the party covered by this Protective Order to challenge or appeal any order requiring production of Confidential Information or Restricted Confidential Information covered by this Protective Order, to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

11. Nothing in this Protective Order shall bar or otherwise restrict any counsel representing a party in this action from rendering advice to his or her client with respect to this

litigation. In the course of doing so, said attorney may generally refer to or rely upon his or her conclusions or opinion formed upon examination of Confidential Information or Restricted Confidential Information, but shall not disclose the specific contents of Confidential Information or Restricted Confidential Information to persons not authorized to receive such material pursuant to this Protective Order.

12. Nothing herein shall be construed (a) as preventing any party from using or continuing to use any information that, at the time of disclosure, is publicly known through no unauthorized act of such party, or (b) as preventing a party from continuing to use any information known or used by it if such information was lawfully obtained by the party other than through discovery of the Producing Party. Should a dispute arise as to any specific information or materials, the burden shall be upon the party claiming that such information or materials is or was publicly known or was lawfully obtained other than through discovery of the Producing Party. For the purposes of this Paragraph, Confidential Information or Restricted Confidential Information that is inadvertently disclosed or produced by a party without designating it as such shall not be deemed to be public knowledge solely by virtue of the party's failure to designate it as Confidential Information or Restricted Confidential Information provided that the Producing Party complies with Paragraph 3 of this Protective Order.

13. Nothing herein shall be construed as an agreement or admission: (a) that any information, document or the like, designated as Confidential Information or Restricted Confidential Information is in fact confidential or a trade secret, or (b) with respect to the competency, relevance, or materiality of any such information, document, or the like.

14. A party shall not be obligated to challenge the propriety of a Confidential or Restricted Confidential Information designation at the time made, and a failure to do so shall

not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any point in these proceedings with the designation by the Producing Party of any information as Confidential Information or Restricted Confidential Information, the parties shall try first to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court, and the party asserting confidentiality shall have the burden of proving same.

15. Nothing in this Protective Order shall be deemed a waiver of any right any party might otherwise have under the Federal Rules or of the doctrines of attorney-client privilege or attorney work product protection or any other privilege protection.

16. Nothing herein shall prevent disclosure beyond the terms of this Protective Order if the Producing Party of Confidential Information or Restricted Confidential Information consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

17. Within sixty (60) days after the final, non-appealable termination or other resolution of this Action, all documents, objects, and other materials produced or designated as Confidential Information or Restricted Confidential Information, and all reproductions thereof, shall be returned to the Producing Party, or counsel for the receiving party may within the sixty day period certify to the Producing Party the destruction of all such materials that would otherwise be returned except that outside counsel may retain one (1) complete set of the pleadings, trial transcripts, and exhibits. Confidential Information or Restricted Confidential Information contained in such pleadings, trial transcripts, and exhibits, shall continue to be kept confidential as designated pursuant to this Protective Order, or as otherwise ordered by the Court or agreed to by the parties, for so long as the pleadings, trial transcripts, and exhibits are retained

by Outside Counsel. Insofar as the provisions of this and any other Protective Order entered in this action restrict the communication and use of information produced thereunder, such Orders shall continue to be binding after the conclusion of this litigation except that (a) there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed and remained under seal), and (b) a party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of any such Protective Order.

18. The terms of this Protective Order shall be applicable to information produced by any non-party that is designated by such non-party, or by a party hereto, as Confidential Information.

19. The parties have agreed to the provisions of this Protective Order to facilitate the production of evidence that is potentially relevant in this action. The parties' entry into this stipulated Protective Order, nor the designation of any material, document, thing, or other information as Confidential Information or Restricted Confidential Information, nor the failure to so-designate any material, document, thing, or other information as Confidential Information or Restricted Confidential Information, shall constitute evidence with respect to any issue in this action.

20. Any violation of this Protective Order may constitute a contempt of court and be punishable as such, and may subject the offending party or non-party to such additional and further remedies as may be available to the aggrieved party or non-party.

21. Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by all of the parties, it will be treated as though it has been "So Ordered."

22. The Court retains jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Protective Order.

23. Any Confidential Information or Restricted Confidential Information produced prior to the entry of this Protective Order shall be treated as Confidential Information or Restricted Confidential Information to the extent it is marked according to the terms herein within thirty (30) days after the entry of this Protective Order. Requests for re-designation of this material shall be made on a document-by-document basis.

24. This Protective Order may be modified or amended by further order of the Court for good cause shown or by written agreement of the parties.

SO ORDERED this _____ day of _____, 2007.


_____
United States District Judge

Agreed as to form and substance:

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | RICHARDS, LAYTON & FINGER, P.A. |
| | |
| */s/ Maryellen Noreika (#3208)* | */s/ Kelly E. Farnan (#4395)* |
| Jack B. Blumenfeld (# 1014) | Jesse A. Finkelstein (#1090) |
| Maryellen Noreika (# 3208) | Jeffrey L. Moyer (#3309) |
| 1201 North Market Street | Kelly E. Farnan (#4395) |
| P.O. Box 1347 | One Rodney Square, P.O. Box 551 |
| Wilmington, DE  19899 | Wilmington, DE  19899 |
| (302) 658-9200 | (302) 651-7700 |
| jblumenfeld@mnat.com | farnan@rlf.com |
| | |
| *Attorneys for Plaintiff* | *Attorneys for Defendant Saint-Gobain Ceramics* |
| *Siemens Medical Solutions USA, Inc.* | *& Plastics, Inc.* |
| | |
| OF COUNSEL: | OF COUNSEL: |
| | |
| Gregg F. LoCascio | Frederick L. Whitmer |
| Charanjit Brahma | John C. Ohman |
| Sean M. McEldowney | THELEN REID BROWN RAYSMAN & STEINER LLP |
| KIRKLAND & ELLIS LLP | 875 Third Avenue |
| 655 15th Street, N.W. | New York, NY 10022 |
| Washington, D.C. 20005-5793 | (212) 603-2000 |
| (202) 879-5000 | |

Dated: September 25, 2007
1244953

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SIEMENS MEDICAL SOLUTIONS USA, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 07-190 (SLR) |
| SAINT-GOBAIN CERAMICS & PLASTICS, INC., | ) ) ) | |
| Defendant. | ) | |

## **UNDERTAKING**

I, _____, declare under penalty of perjury that:

(a) My current residential address is _____.

(b) My current employer is _____ and

the address of my current employer is:

_____.

(c) My current occupation or job description is _____.

(d) Attached is a true and correct copy of the current version of my *curriculum vitae*.

(e) I have received and carefully read the Protective Order dated _____, and understand its provisions. Specifically, I understand that I am obligated, under order of the Court, to hold in confidence and not to disclose the contents of anything designated as Confidential Information under the Protective Order, except as permitted by Paragraph 4 of the Protective Order. I further understand that I am not to disclose to anyone other than those persons identified in Paragraph 4 of the Protective Order any words, substances, summaries, abstracts, or indices of any Confidential Information disclosed to me. I will use the Confidential

Information solely for purposes relating to the above-captioned litigation. I will never use the Confidential Information, directly or indirectly, in competition with the Producing Party nor will I permit others to do so. In addition to the foregoing, I understand that I must abide by all of the provisions of the Protective Order.

(f)  At the termination of this action or at any time requested by counsel, I will return to counsel for the party by whom I am employed or to counsel by whom I am employed all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials containing or reflecting Confidential Information which have come into my possession, and will return all documents or things I have prepared relating to or reflecting such information.

(g)  I understand that I am subject to the jurisdiction of this Court for the purposes of enforcing this Order, and I further understand that if I violate the provisions of the Protective Order, I will be in violation of a Court Order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the Producing Party.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

                                                                           _____
                                                                           Date

                                                                           _____
                                                                           Signature