IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SIEMENS MEDICAL SOLUTIONS USA, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SAINT-GOBAIN CERAMICS & PLASTICS, ) <br> INC., ) <br> ) <br> Defendant. ) <br> ) | C.A. No. 07-190 (SLR) |

### NOTICE OF SUBPOENA

PLEASE TAKE NOTICE THAT the attached subpoena will be served upon Kenneth J. McClellan.

                                                               MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                                                               */s/ Jack B. Blumenfeld*

                                                               Jack B. Blumenfeld (#1014)
                                                               Maryellen Noreika (#3208)
                                                               1201 North Market Street
                                                               P.O. Box 1347
                                                               Wilmington, DE 19899
                                                               (302) 658-9200
                                                               jblumenfeld@mnat.com
                                                               mnoreika@mnat.com
                                                               *Attorneys for Plaintiff*
                                                                  *Siemens Medical Solutions USA, Inc.*

*Of Counsel*:

Gregg F. LoCascio
Charanjit Brahma
Sean M. McEldowney
KIRKLAND & ELLIS LLP
655 15th Street, N.W.
Washington, D.C. 20005-5793
(202) 879-5000

October 19, 2007

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on October 19, 2007, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Kelly E. Farnan, Esquire
> RICHARDS, LAYTON & FINGER, P.A.

I also certify that copies were caused to be served on October 19, 2007 upon the following in the manner indicated:

### BY ELECTRONIC MAIL and HAND DELIVERY

Kelly E. Farnan, Esquire
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
Wilmington, DE 19801

### BY ELECTRONIC MAIL

Frederick L. Whitmer, Esquire
THELEN REID BROWN RAYSMAN & STEINER LLP
875 Third Avenue
New York, NY 10022

/s/ Jack B. Blumenfeld
Jack B. Blumenfeld (#1014)

# EXHIBIT A

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

## SUBPOENA IN A CIVIL CASE

| | |
|---|---|
| **SIEMENS MEDICAL SOLUTIONS USA, INC.** | Case Number: 07-190 (SLR) |
| v. | United States District Court for the District of Delaware |
| **SAINT-GOBAIN CERAMICS & PLASTICS, INC.** | |

TO: Dr. Kenneth J. McClellan
377 Garver Lane
Los Alamos, New Mexico 87544

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case, to be recorded by stenographic means and/or videotape.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Courtyard by Marriott<br>3347 Cerrillos Road<br>Santa Fe, NM 87507<br>(or by agreement of counsel) | October 30, 2007  9:00 am |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **SEE SCHEDULE A**

| PLACE | DATE AND TIME |
|---|---|
| Attn: Charanjit Brahma<br>RUFFIN REPORTING<br>1608 5TH St. NW<br>Albuquerque, NM 87102<br>(or by agreement of counsel) | October 25, 2007  9:00 am |

☐ YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | DATE |
|---|---|
| Charan Brahma/smm<br>Attorney for Plaintiff Siemens Medical Solutions USA, Inc. | October 18, 2007 |

Issuing Officer's Name, Address, and Phone Number
Charanjit Brahma, Kirkland & Ellis LLP, 655 Fifteenth Street, N.W., Washington, DC 20005
(202) 879-5000

(See Rule 45, Federal Rules of Civil Procedure Parts C& D on Reverse)
¹If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
                            DATE                                             SIGNATURE OF SERVER

                                                                             _____
                                                                             ADDRESS OF SERVER

                                                                             _____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Schedule A

## DOCUMENT REQUESTS

1. All Documents and things Concerning items received in correspondence with Saint-Gobain or the attorneys it has retained in this Litigation.

2. All Documents and things Concerning any drafts made of your Declaration.

3. All Documents and things Concerning any comparisons of the scintillation properties of LSO and LYSO.

4. All Documents and things Concerning any compensation received or expected to be received from Saint-Gobain as a result of any cooperation, participation, or expertise provided regarding this Litigation.

5. All Documents and things Concerning any opinions you have regarding the merits of the claim of Siemens Medical Solutions USA, Inc. that Saint-Gobain has infringed the '080 patent.

6. All Documents and things Concerning any correspondence you have had with any of Siemens Medical Solutions USA, Inc; CTI Molecular Imaging, Inc.; Schlumberger Technology Corporation; Charles Melcher; Bruce Chai; or Yangyang Ji.

7. All Documents and things Concerning any drafts, revisions, or publications of any scientific articles, or scientific meeting presentations or posters, abstracts, or dissertations regarding LYSO and its properties.

8. All Documents and things Concerning the prosecution of the '489 patent or the '420 patent, the validity or enforceability of either of those patents or the "surrender" of the '489 patent as that term is used in paragraph 9 of your Declaration.

9. All Documents and things Concerning any license agreements regarding the '489 patent or the '420 patent.

10. All Documents and things Concerning any application for which LYSO was chosen as a scintillator, including any documents Concerning any reason that LYSO was chosen for this application and any other scintillator materials considered.

11. All Documents and things Concerning any royalties you may receive or have received regarding the '489 patent, the '420 patent, or any other patent related to LYSO.

## **DEFINITIONS**

As used in these requests, the following terms and phrases shall have the following definitions:

1. **"Document"** as used herein is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate Document within the meaning of this term.

2. **"Concerning"** as used herein means relating to, referring to, reflecting, describing, evidencing or constituting.

3. **"Communication"** as used herein means any transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

4. **"Saint-Gobain"** as used herein means, individually and collectively, Saint-Gobain Ceramics & Plastics, Inc., and any of its corporate parents, predecessors, successors, and past or present subsidiaries, affiliates, assigns, divisions, departments, officers, directors, principals, agents, representatives and employees.

5. **"LSO"** as used herein means to the single crystal form of cerium doped lutetium oxyorthosilicate having the general chemical formula of $Ce_{2x}Lu_{2(1-x)}SiO_5$.

6. **"LYSO"** as used herein means to the single crystal form of cerium doped lutetium yttrium oxyorthosilicate having the general chemical formula of $Ce_{2x}(Lu_{1-y}Y_y)_{2(1-x)}SiO_5$.

7. **"The '080 patent"** as used herein means to United States Letters Patent No. 4,958,080.

8. **"The '420 patent"** as used herein means to United States Letters Patent No. 6,624,420.

9. **"The '489 patent"** as used herein means to United States Letters Patent No. 6,323,489.

10. **"Litigation"** as used herein means to <u>Siemens Medical Solutions USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc</u>, Case Number 07-190, before Judge Robinson in the District of Delaware.

11. **"USPTO"** as used herein means to the United States Patent and Trademark Office.

12. **"Declaration"** as used herein means the Declaration of Dr. Kenneth J. McClellan given in this Litigation executed October 16, 2007.