IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SIEMENS MEDICAL SOLUTIONS USA, INC., | ) ) ) | |
| Plaintiff/ Counterclaim-Defendant, | ) ) | C.A. No. 07-190-SLR |
| v. | ) ) | |
| SAINT-GOBAIN CERAMICS & PLASTICS, INC., | ) ) ) | JURY TRIAL DEMANDED |
| Defendant/Counterclaim-Plaintiff. | ) ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF**

Defendant Saint-Gobain Ceramics & Plastics, Inc. ("Saint-Gobain"), by and through its undersigned counsel, hereby opposes Plaintiff Siemens Medical Solutions USA, Inc.'s ("Siemens") Motion for Leave to File Supplemental Brief (the "Motion") (D.I. 62). In support of its opposition, Saint-Gobain states as follows:

**Introduction**

1. Saint-Gobain is reluctant to burden the Court with yet another filing, but Siemens' Motion warrants a brief response inasmuch as Siemens has mischaracterized the context of this application. First, Siemens filed the present Motion without consultation with Saint-Gobain concerning Siemens' intention. Saint-Gobain has previously acknowledged that, despite extraordinary efforts, it was not able to produce all the documents received from Saint-Gobain's offices in France prior to the deposition of one of its declarants. As a result, Saint-Gobain proposed several reasonable alternatives to Siemens to resolve any perceived prejudice to Siemens caused by the delayed production. Rather than accept these reasonable proposals, Siemens rejected all of them and instead advanced positions designed to convince the Court that

Siemens should secure an injunction on the merits because of Saint-Gobain's delayed document production. In further support of that cause, Siemens filed the present Motion on the guise that it is unopposed. It is opposed. Saint-Gobain opposes the Motion and opposes any effort by Siemens to gain any substantive advantage as a result of Saint-Gobain's late document production for which Saint-Gobain offered several solutions earlier, all of which Siemens rejected.

### Background

2. On July 9, 2007, Siemens filed its Motion for Preliminary Injunction (D.I. 18) seeking to enjoin Saint-Gobain from making, using, selling, offering for sale or importing its lutetium-yttrium orthosilicate crystals (LYSO) crystals for use in gamma ray or x-ray detectors. The parties subsequently agreed to a schedule for discovery and briefing on the Motion for Preliminary Injunction and the Court approved the requested schedule. (D.I. 30). The Court set the Motion for Preliminary Injunction for a hearing on November 27, 2007 at 10:00 a.m.

3. On October 5, 2007, the parties submitted a Stipulated Amended Schedule on Motion for Preliminary Injunction ("Amended Schedule") (D.I. 38). The Amended Schedule provided that Saint-Gobain would file its Answering Brief on October 17, 2007 and Siemens would file its Reply Brief on November 5, 2007. The Court approved the Amended Schedule and moved the hearing to 5:00 p.m. on November 27, 2007. (D.I. 39).

4. In accordance with the Amended Schedule, Saint-Gobain filed its Answering Brief along the with Declaration of Michael R. Mayhugh ("Mayhugh Declaration") on October 17, 2007. On October 24, 2007, Siemens took the deposition of Mr. Mayhugh. Thereafter, Saint-Gobain produced additional documents to Siemens. While Saint-Gobain endeavored to produce all responsive documents in a timely manner, counsel for Saint-Gobain did not receive

all the documents from employees in France in time to produce them and then had issues with its document vendor. (November 1, 2007 letter from John C. Ohman, attached as Exhibit A).

5. On October 31, 2007, Mr. LoCascio, counsel for Siemens, telephoned Mr. Whitmer, counsel for Saint-Gobain and suggested that, as a result of the delayed production of documents, Saint-Gobain should withdraw the Mayhugh Declaration.

6. In response, on November 1, 2007, Saint-Gobain responded and advised that it would not withdraw the Mayhugh Declaration and instead suggested that it would consent to Siemens taking an additional deposition of Mr. Mayhugh and would "join in an application to extend plaintiff's time to serve and file its reply papers in further support of its pending preliminary injunction motion." (Ex. A at p. 1).

7. Rather than address this very reasonable offer by Saint-Gobain, Siemens instead filed its Reply Brief on November 5, 2007 and sought an agreement from Saint-Gobain that it could exceed the page limit imposed by the local rules. (D.I. 55, 57). Saint-Gobain can only assume this page extension was necessary so Siemens could include a 4-page "Preliminary Statement Regarding Saint-Gobain's Discovery." (D.I. 55 at pp. 5-8). In this "Preliminary Statement," Siemens again suggests that the appropriate relief for Saint-Gobain's belated document production is for the Court to "decline to consider the Mayhugh affidavit, allow an uncontested additional submission of Saint-Gobain's own documents supporting the preliminary injunction, or temporarily enjoin Saint-Gobain until Saint-Gobain's belated production can be reviewed, its witnesses can be re-deposed, and complete briefing and argument can occure on a preliminary injunction." (D.I. 55 at p. 8). This statement makes clear that Siemens' motive is to attempt to obtain extraordinary relief (i.e. striking the Mayhugh declaration or temporarily

3

enjoining Saint-Gobain) rather than engage in a reasonable discussion of how to remedy Saint-Gobain's belated document production.

8. Having reviewed the Preliminary Statement and not having received a response from Siemens to the November 1, 2007 letter, Saint-Gobain properly assumed that Siemens was not interested in the relief offered by Saint-Gobain.

9. On November 21, 2007, Siemens, without any warning to Saint-Gobain and without specifically consulting with Saint-Gobain on the Motion, filed the present Motion which attached its proposed supplemental brief. (D.I. 62).

**Argument**

10. In the Motion, Siemens states that Saint-Gobain's November 1, 2007 letter contains a consent to the filing of the Motion and the Motion is, therefore, unopposed. In addition, Siemens submitted a 7.1.1 certification signed not by Delaware counsel but instead Mr. Brahma, lead counsel for Siemens, stating that "In a November 1, 2007 letter, John C. Ohman of Thelen Reid Brown Raysman & Steiner, counsel for defendant, confirmed that Saint-Gobain would 'consent to plaintiff's submission of supplemental motion papers.' This Motion for Leave is therefore unopposed." (D.I. 62). This is not the case.

11. Indeed, on November 1, 2007, Saint-Gobain offered to consent to a number of things, including an additional deposition of Mr. Mayhugh, an extension to the briefing schedule and the submission of additional authority from Saint-Gobain's late document production. This offer, however, was in an attempt to resolve any concerns by Siemens related to Saint-Gobain's late document production.

12. Siemens, having rejected that offer and having filed its Reply Brief seeking extraordinary and unwarranted relief, has now used that letter to indicate Saint-Gobain's consent

to the present Motion. Saint-Gobain does not, however, consent to the Motion and, indeed, would not consent in light of the fact that Siemens' proposed submission includes a request to again strike the Mayhugh Declaration. (D.I. 62, Ex. 1 at pp. 11-13). Saint-Gobain's offer to cure its defective production was certainly not intended to allow Siemens to continue to pursue this unwarranted relief.

13.     District of Delaware Local Rule 7.1.1 requires that "every nondispositive motion shall be accompanied by an averment of counsel for the moving party that a reasonable effort has been made to reach agreement with the opposing party on the matters set forth in the motion. *Unless otherwise ordered, failure to so aver may result in dismissal of the motion.*" Indeed, this Court has denied motions for failure to include a certification pursuant to Rule 7.1.1. *Bayer AG v. Housey Pharmaceuticals, Inc.*, 2002 WL 31433303, at *2 (D.Del. June 20, 2002). Local Rule 7.1.1 "was designed to facilitate resolution of disputes among the parties before formally requesting the Court's aid by filing motions." *DeWitt v. Penn-Del Directory Corporation*, 912 F.Supp. 707, 713 (D.Del. 1996). Further, "blatant disregard for Local Rule 7.1.1" has resulted in dismissal of a pending motion. *Id.*

14.     Here, while Siemens has attempted to submit a certification pursuant to Local Rule 7.1.1, the certification is not supported by a sufficient meet and confer expected by the Court. Indeed, Siemens has consistently avoided reasonable resolutions to their issue in hopes it will color the Court's view of the merits of its Motion for Preliminary Injunction. Such a disregard for this Court's rules should not be tolerated. This is particularly true in light of the fact that the parties were to have a discovery conference with the Court on November 15, 2007. The Court inquired of the parties whether that conference were in fact necessary. Siemens acquiesced to the Court's request by consenting to vacating that conference. Instead, just before

the Thanksgiving holiday, Siemens filed the instant motion as a beyond the eleventh hour application.

15.     Accordingly, because Saint-Gobain does not in fact consent to the relief sought in the Motion and because Siemens has failed to meet the requirements of Local Rule 7.1.1, the Motion should be denied.  Saint-Gobain will be prepared to address any substantive issues raised by its late document production at the hearing on November 27.

OF COUNSEL:

Frederick L. Whitmer
John C. Ohman
Thelen Reid Brown Raysman & Steiner LLP
875 Third Avenue
New York, NY 10022
(212) 603-2000

/s/ Jesse A. Finkelstein
Jesse A. Finkelstein (#1090)
Finkelstein@rlf.com
Jeffrey L. Moyer (#3309)
Moyer@rlf.com
Kelly E. Farnan (#4395)
Farnan@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square, P.O. Box 551
Wilmington, DE  19899
(302) 651-7700
*Attorneys for Defendant/ Counterclaim-Plaintiff Saint-Gobain Ceramics & Plastics, Inc.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on November 26, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to the following and which has also been served as noted:

**BY ELECTRONIC MAIL AND HAND DELIVERY**

Jack B. Blumenfeld
Maryellen Noreika
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19899

I hereby certify that on November 26, 2007, the foregoing document was sent to the following non-registered participants in the manner indicted:

**BY ELECTRONIC MAIL AND FEDERAL EXPRESS**

Gregg F. LoCascio
Charanjit Brahma
Sean M. McEldowney
Kirkland & Ellis LLP
655 15th Street, N.W.
Washington, DC 20005-5793

_____
Jeffrey L. Moyer (#3309)

# EXHIBIT A

**THELEN REID BROWN
RAYSMAN & STEINER** LLP

NEW YORK · SAN FRANCISCO · WASHINGTON, DC · LOS ANGELES
SILICON VALLEY · HARTFORD · NORTHERN NEW JERSEY · SHANGHAI

John C. Ohman
Partner
212.603.6784 Direct Dial
johman@thelen.com

November 1, 2007

**Federal Express and Electronic Mail**

Gregg LoCascio, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, DC 20005

      Re:    Siemens Medical Solutions USA, Inc. v. Saint-Gobain Ceramics
             & Plastics, Inc. (D. Del. C.A. No. 07-190-SLR)

Dear Gregg:

      I am writing by way of follow-up to your telephone conference with Fred Whitmer yesterday regarding defendant's document production in this case.

      Despite our best efforts to complete our document production before the deposition of Michael Mayhugh on October 24, 2007, we were unable to do so, due in large part to our receipt in early October of a diskette containing over 215,000 pages of documents culled from French sources. Difficulties with the firm's document management vendors complicated matters further. As a result, we have continued to produce potentially responsive documents, with a shipment of some 13,000 pages sent to Kirkland & Ellis on October 24th and another 13,000 or so sent out the day before yesterday. We anticipate completing Saint-Gobain's production by next Monday.

      While we certainly wish that we had been able to complete our production sooner, we don't think that plaintiff has been prejudiced by Saint-Gobain's late production inasmuch as we are willing (1) to make Dr. Mayhugh available for further deposition as well as (2) to join in an application to extend plaintiff's time to serve and file its reply papers in further support of its pending preliminary injunction motion. Inasmuch as you have indicated that plaintiff doesn't want such an extension, we are willing to consent to plaintiff's submission of supplemental motion papers, if it so wishes to file them, after being afforded a reasonable time to review Saint-Gobain's remaining document production and take additional testimony from Dr. Mayhugh.

      Your request that we withdraw Dr. Mayhugh's declaration from our preliminary injunction opposition papers, however, would have a grossly disproportionate effect compared to

Page 2

whatever inconvenience our late production may have caused plaintiff and is completely unwarranted and unacceptable.

    Please let us know how plaintiff intends to proceed.

Very truly yours,

*[signature]*

John C. Ohman

JCO:esg
Cc: Frederick L. Whitmer

NY #1205191 v1