IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SIEMENS MEDICAL SOLUTIONS USA, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | C.A. No. 07-190 (SLR) |
| SAINT-GOBAIN CERAMICS & PLASTICS, INC., | ) ) ) | **REDACTED PUBLIC VERSION** |
| Defendant. | ) ) | |

## MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (I.D. No. 1014)
Maryellen Noreika (I.D. No. 3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiff*
*Siemens Medical Solutions USA, Inc.*

OF COUNSEL:

Gregg F. LoCascio
Charanjit Brahma
Sean M. McEldowney
KIRKLAND & ELLIS LLP
655 15th Street, N.W.
Suite 1200
Washington, D.C. 20005-5793
(202) 879-5000

Original Filing Date: November 21, 2007
Redacted Filing Date: November 26, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SIEMENS MEDICAL SOLUTIONS USA, INC., | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 07-190 (SLR) |
| v. | ) ) | **REDACTED** |
| SAINT-GOBAIN CERAMICS & PLASTICS, INC., | ) ) ) | **PUBLIC VERSION** |
| Defendant. | ) ) | |

## MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF

Plaintiff Siemens Medical Solutions USA, Inc. ("Siemens") hereby moves the Court for leave to file Siemens' Supplemental Submission of Late-Produced Saint-Gobain Evidence in Support of Siemens' Motion for Preliminary Injunction and supporting documents, copies of which are attached hereto as Exhibits 1 and 2. As explained in Section I of Siemens' Reply Brief in Support of Its Motion for Preliminary Injunction and in Section I of the Supplemental Submission attached as Exhibit A, this supplemental submission is necessary to address the prejudice caused by Saint-Gobain's failure to comply with the stipulated discovery schedule related to preliminary injunction briefing in this case.

In a November 1, 2007 letter, John C. Ohman of THELEN REID BROWN RAYSMAN & STEINER, counsel for defendant, confirmed Saint-Gobain's willingness to "consent to plaintiff's submission of supplemental motion papers" in order to address the late-produced documents. Therefore, we understand that this motion is unopposed.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com
*Attorneys for Plaintiff*
*Siemens Medical Solutions USA, Inc.*

*Of Counsel*:
Gregg F. LoCascio
Charanjit Brahma
Sean McEldowney
KIRKLAND & ELLIS LLP
655 15th Street, N.W.
Washington, DC 20005
(202) 879-5000

November 21, 2007

2

## Rule 7.1.1 Certificate

I hereby certify that the subject of the foregoing motion has been discussed with counsel for the defendant.  On October 31, 2007, Gregg LoCascio and Charanjit Brahma of Kirkland & Ellis, counsel for plaintiff, discussed defendant's late production of documents and the relief Siemens Medical would seek with Frederick L. Whitmer of Thelen Reid Brown Raysman & Steiner, counsel for defendant.  In a November 1, 2007 letter, John C. Ohman of Thelen Reid Brown Raysman & Steiner, counsel for defendant, confirmed that Saint-Gobain would "consent to plaintiff's submission of supplemental motion papers."  This Motion for Leave is therefore unopposed.

By: _Charanjit Brahma_

Charanjit Brahma
KIRKLAND & ELLIS LLP
655 15th Street, N.W.
Washington, DC 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

3

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SIEMENS MEDICAL SOLUTIONS USA, INC., | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 07-190 (SLR) |
| v. | ) ) | **REDACTED** |
| SAINT-GOBAIN CERAMICS & PLASTICS, INC., | ) ) ) | **PUBLIC VERSION** |
| Defendant. | ) | |

**SIEMENS' SUBMISSION OF LATE-PRODUCED SAINT-GOBAIN EVIDENCE
IN SUPPORT OF SIEMENS' MOTION FOR PRELIMINARY INJUNCTION**

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiff
Siemens Medical Solutions USA, Inc.*

*Of Counsel*:
Gregg F. LoCascio
Charanjit Brahma
Sean M. McEldowney
KIRKLAND & ELLIS LLP
655 Fifteenth St., N.W.
Suite 1200
Washington, D.C. 20005
(202) 879-5000

Original Filing Date: November 21, 2007
Redacted Filing Date: November 26, 2007

# TABLE OF CONTENTS

I.      INTRODUCTION ..............................................................................................1

II.     SAINT-GOBAIN'S OWN SCIENTISTS CONSIDER ITS LYSO CRYSTAL TO
        BE NOTHING MORE THAN ██████████████ ...................................2

        A.      Saint-Gobain's own documents confirm ████████████████
                ██████ .............................................................................4

        B.      Saint-Gobain's own documents expose its belief ██████████████
                ██████████████ .................................................6

        C.      Saint-Gobain's late production enabled its affiant to avoid being deposed
                on documents that directly contradict Saint-Gobain's position and his
                sworn testimony ...............................................................................8

III.    SAINT-GOBAIN'S LATE-PRODUCED DOCUMENTS ACKNOWLEDGE
        ████████████████████████ ...............................................10

IV.     SAINT-GOBAIN'S AFFIDAVITS SHOULD BE STRICKEN TO THE
        EXTENT THEY CONTRADICT THIS HARD EVIDENCE. .........................11

V.      CONCLUSION ................................................................................................13

i

## TABLE OF AUTHORITIES

**Rules**         **Page**

Fed. R. Civ. P. 16...................................................................................................12

Fed. R. Civ. P. 37...................................................................................................12

## I.    INTRODUCTION

In its November 5, 2007 reply brief, Siemens informed the Court that it was still in the process of reviewing over 80,000 pages of documents that Saint-Gobain produced after the deposition of its only fact witness affiant, Michael Mayhugh.  In fact, 26,458 pages of those documents did not even arrive at the offices of Siemens' counsel until the very day Siemens' reply brief was due, and 24,082 pages arrived the prior business day.  (*See* Ex. A, Nov. 2 and Nov. 5, 2007 cover letters from John C. Ohman enclosing productions.)

While still not completely through its review of Saint-Gobain's late-produced documents, Siemens has already identified various evidence from Saint-Gobain's files that directly contradicts key statements in Saint-Gobain's opposition brief and in the affidavits and deposition testimony of its fact witness and expert.  Pulling on these threads unravels Saint-Gobain's carefully crafted story █████████████████████████

███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████

While Siemens did not have (and still has not had) an opportunity to confront Saint-Gobain's fact witness affiant in a deposition about various emails and admissions of Saint-Gobain's own scientists, including Mr. Mayhugh himself, those documents themselves tell the Court all it needs to know to grant Siemens' preliminary injunction. ████████████████

███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████



Saint-Gobain chose to delay production of this damning evidence until well after the document production deadline for the preliminary injunction stage and even until after its fact witness affiant, Michael Mayhugh, had been deposed. Saint-Gobain's violation of this Court's discovery schedule cannot be condoned. This Court should bar Saint-Gobain from relying on Mr. Mayhugh's affidavit and its questionable claims █████████████████

███████████████████████████████████████████████████

## II. SAINT-GOBAIN'S OWN SCIENTISTS CONSIDER ITS LYSO CRYSTAL TO BE NOTHING MORE THAN ██████████████████

Although Saint-Gobain asserts in its opposition brief that its LYSO crystal is not equivalent to the LSO crystal of the '080 patent, Saint-Gobain offers no explanation or analysis of how its crystal is different under the relevant legal standard. █████████████

████████████████████████████████████████████



---

[1]  This brief contains true and correct images from each of the documents cited herein with relevant language highlighted by counsel for Siemens.  Full copies of each of the documents cited herein are attached as exhibits to the Declaration of Charanjit Braham submitted herewith.



**A.    Saint-Gobain's own documents confirm**



---

[2]  Although Saint-Gobain originally recognized the prejudice of the situation and represented that Mr. Mayhugh would be made available, when Siemens asked Saint-Gobain to make Mr. Mayhugh available to complete his deposition prior to the scheduled November 27th hearing,

(Continued...)



---

Saint-Gobain failed to respond, much less provide Mr. Mayhugh for such a deposition. (Ex. D, Nov. 13, 2007 letter from Charanjit Brahma to Frederick Whitmer.)



**B.**    Saint-Gobain's own documents expose its belief





---

3   Many of the late-produced documents are written in French, further inhibiting Siemens' review at this late juncture. As a result, Siemens has not yet been able to obtain certified translations of these documents. Should Saint-Gobain contest the interpretation of any cited French-language document, Siemens will submit a certified translation for the Court's use.

**C.**     **Saint-Gobain's late production enabled its affiant to avoid being deposed on documents that directly contradict Saint-Gobain's position and his sworn testimony.**







### III.   SAINT-GOBAIN'S LATE-PRODUCED DOCUMENTS ACKNOWLEDGE THE TECHNOLOGICAL DOMINANCE OF LSO, CONFIRMING THAT SIEMENS HAS BEEN IRREPARABLY HARMED.

As part of its showing that Saint-Gobain's continuing infringement of the '080 patent through LYSO sales will cause irreparable harm, Siemens offered



## IV.    SAINT-GOBAIN'S AFFIDAVITS SHOULD BE STRICKEN TO THE EXTENT THEY CONTRADICT THIS HARD EVIDENCE.

The documents cited herein represent only a handful of the *almost 80,000 pages of documents (89% of Saint-Gobain's total production in the preliminary injunction stage of discovery)* that Saint-Gobain withheld from production until after the deposition of its only fact witness, Mr. Mayhugh. Siemens is still in the process of reviewing those documents. But even a cursory review of those materials makes clear that Mr. Mayhugh's affidavit and the

corresponding portions of Saint-Gobain's brief opposing the entry of a preliminary injunction

contain 

Although originally recognizing the prejudice of the situation and representing he

would be made available, when Siemens asked Saint-Gobain to make Mr. Mayhugh available

again for deposition prior to the scheduled November 27th hearing, Saint-Gobain refused to

respond, much less produce Mr. Mayhugh for such a deposition. Because Siemens was deprived

the opportunity to cross examine anyone from Saint-Gobain on reams of key evidence that

contradict his affidavit statements—evidence that should have been produced by Saint-Gobain

months before Mr. Mayhugh's original deposition—Saint-Gobain should not be allowed to

benefit from its failure to comply with the Court-ordered discovery schedule by relying on the

Mayhugh affidavit.

Consequently, Siemens respectfully requests that this Court: (1) preclude Saint-

Gobain from presenting evidence to contradict

See Fed. R. Civ. P. 16(f), 37(b)(2)(B) & (C)

(appropriate sanctions for violating scheduling orders or discovery orders include "[a]n order

refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence," and "[a]n order striking out pleadings or parts thereof."). At a minimum, if this Court is so inclined, Siemens respectfully requests that this Court enter a temporary injunction barring Saint-Gobain from selling the infringing LYSO crystals until Siemens has been afforded a fair opportunity to review all of Saint-Gobain's late-produced documents and to re-depose Mr. Mayhugh. The parties originally agreed to a schedule and the Court entered that schedule to provide discovery in advance of the preliminary injunction hearing. Saint-Gobain's belated production has gamed the system and should not be countenanced.

## V.     CONCLUSION

In light of the additional evidence discussed herein, as well as that presented with Siemens' opening and reply briefs in support of its motion for preliminary injunction, Siemens respectfully requests that Saint-Gobain be preliminarily enjoined from selling its infringing LYSO crystals for use in gamma or X-ray detectors. ██████████████████

██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com
*Attorneys for Plaintiff*
*Siemens Medical Solutions USA, Inc.*

*Of Counsel*:
Gregg F. LoCascio
Charanjit Brahma
Sean McEldowney
KIRKLAND & ELLIS LLP
655 15th Street, N.W.
Washington, DC  20005
(202) 879-5000

November 21, 2007

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SIEMENS MEDICAL SOLUTIONS USA, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No.  07-190 (SLR) |
| SAINT-GOBAIN CERAMICS & PLASTICS, INC., | ) ) ) | **REDACTED PUBLIC VERSION** |
| Defendant. | ) ) | |

## DECLARATION OF CHARANJIT BRAHMA

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (I.D. No. 1014)
Maryellen Noreika (I.D. No. 3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com

*Attorneys for Plaintiff*
  *Siemens Medical Solutions USA, Inc.*

OF COUNSEL:

Gregg F. LoCascio
Charanjit Brahma
Sean M. McEldowney
KIRKLAND & ELLIS LLP
655 15th Street, N.W.
Washington, D.C. 20005-5793
(202) 879-5000

Original Filing Date:  November 21, 2007
Redacted Filing Date:  November 26, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SIEMENS MEDICAL SOLUTIONS USA, INC., | : | Civil Action No. 07-190 SLR |
| Plaintiff, | : | |
| v. | : | |
| SAINT-GOBAIN CERAMICS & PLASTICS, INC., | : | |
| Defendant. | : | |

## DECLARATION OF CHARANJIT BRAHMA

I, Charanjit Brahma, hereby declare:

1.     I am a partner at the law firm of Kirkland & Ellis LLP ("Kirkland"), which represents Siemens in the above-captioned matter.

2.     Attached as Exhibit A are true and correct copies of each of the twenty cover letters accompanying Saint-Gobain's document productions received on November 2, 2007 and November 5, 2007 by Counsel for Siemens.

3.     Attached as Exhibit B is a true and correct copy of the document produced by Saint-Gobain on or after October 24, 2007, bearing Bates numbers SGCP041552-78, inclusive, with language relevant to the issues discussed in Siemens' brief highlighted in yellow.

4.     Attached as Exhibit C is a true and correct copy of excerpts from the deposition of Michael Mayhugh that were cited in Plaintiff's Supplemental Brief in Support of its Motion for Preliminary Injunction in Light of Evidence from Defendant's Late-Produced Documents, with language relevant to the issues discussed in Siemens' brief highlighted in yellow.

5.     Attached as Exhibit D is a true and correct copy of a letter from Counsel for Siemens dated November 13, 2007, to Counsel for Saint-Gobain seeking notice if Saint-Gobain

intended to produce any more documents and asking for dates on which Michael Mayhugh would be available for re-deposition prior to the date of the preliminary injunction hearing.

6.   Attached as Exhibit E is a true and correct copy of the document produced by Saint-Gobain on or after October 24, 2007, bearing Bates numbers SGCP014840-41, inclusive, with language relevant to the issues discussed in Siemens' brief highlighted in yellow.

7.   Attached as Exhibit F is a true and correct copy of the document produced by Saint-Gobain on or after October 24, 2007, bearing Bates number SGCP051283, with language relevant to the issues discussed in Siemens' brief highlighted in yellow.

8.   Attached as Exhibit G is a true and correct copy of the document produced by Saint-Gobain on or after October 24, 2007, bearing Bates numbers SGCP028584-85, inclusive, with language relevant to the issues discussed in Siemens' brief highlighted in yellow.

9.   Attached as Exhibit H is a true and correct copy of the document produced by Saint-Gobain on or after October 24, 2007, bearing Bates numbers SGCP017739-40, inclusive, with language relevant to the issues discussed in Siemens' brief highlighted in yellow.

10.   Attached as Exhibit I is a true and correct copy of the document produced by Saint-Gobain on or after October 24, 2007, bearing Bates numbers SGCP029877-79, inclusive, with language relevant to the issues discussed in Siemens' brief highlighted in yellow.

11.   Attached as Exhibit J is a true and correct copy of the document produced by Saint-Gobain on or after October 24, 2007, bearing Bates numbers SGCP040880-82, inclusive, with language relevant to the issues discussed in Siemens' brief highlighted in yellow.

12.   Attached as Exhibit K is a true and correct copy of the document produced by Saint-Gobain on or after October 24, 2007, bearing Bates numbers SGCP042083-85, inclusive, with language relevant to the issues discussed in Siemens' brief highlighted in yellow.

13.    Attached as Exhibit L is a true and correct copy of the document produced by Saint-Gobain on or after October 24, 2007, bearing Bates number SGCP028540, with language relevant to the issues discussed in Siemens' brief highlighted in yellow.

14.    Attached as Exhibit M is a true and correct copy of the document produced by Saint-Gobain on or after October 24, 2007, bearing Bates numbers SGCP029366-67, inclusive, with language relevant to the issues discussed in Siemens' brief highlighted in yellow.

15.    Attached as Exhibit N is a true and correct copy of the document produced by Saint-Gobain on or after October 24, 2007, bearing Bates numbers SGCP044529-30, inclusive, with language relevant to the issues discussed in Siemens' brief highlighted in yellow.

16.    Attached as Exhibit O is a true and correct copy of the document produced by Saint-Gobain on or after October 24, 2007, bearing Bates numbers SGCP028689-90, inclusive, with language relevant to the issues discussed in Siemens' brief highlighted in yellow.

17.    Attached as Exhibit P is a true and correct copy of the document produced by Saint-Gobain on or after October 24, 2007, bearing Bates number SGCP041551, with language relevant to the issues discussed in Siemens' brief highlighted in yellow.

18.    Attached as Exhibit Q is a true and correct copy of the document produced by Saint-Gobain on or after October 24, 2007, bearing Bates numbers SGCP054441, with language relevant to the issues discussed in Siemens' brief highlighted in yellow.

19.    Attached as Exhibit R is a true and correct copy of the document produced by Saint-Gobain on or after October 24, 2007, bearing Bates numbers SGCP029966-68, inclusive, with language relevant to the issues discussed in Siemens' brief highlighted in yellow.

20.    Attached as Exhibit S is a true and correct copy of the document produced by Saint-Gobain on or after October 24, 2007, bearing Bates number SGCP041131, with language relevant to the issues discussed in Siemens' brief highlighted in yellow.

21.    Attached as Exhibit T is a true and correct copy of the document produced by Saint-Gobain, bearing Bates numbers SGCP002151-91, inclusive.

22.    Attached as Exhibit U is a true and correct copy of the document produced by Saint-Gobain on or after October 24, 2007, bearing Bates numbers SGCP045457-60, inclusive, with language relevant to the issues discussed in Siemens' brief highlighted in yellow.

23.    Attached as Exhibit V is a true and correct copy of the document produced by Saint-Gobain on or after October 24, 2007, bearing Bates numbers SGCP041191-92, inclusive, with language relevant to the issues discussed in Siemens' brief highlighted in yellow.


I hereby declare, under penalty of perjury, that the foregoing statements are true and correct to the best of my personal knowledge.


Date:    November 21, 2007

Charanjit Brahma

4

# EXHIBIT A

THELEN REID BROWN
RAYSMAN & STEINER LLP
ATTORNEYS AT LAW

John C. Ohman
Partner
212.603.6784 Direct Dial
johman@thelen.com

NEW YORK · SAN FRANCISCO · WASHINGTON, DC · LOS ANGELES
SILICON VALLEY · HARTFORD · NORTHERN NEW JERSEY · SHANGHAI

November 2, 2007

**Federal Express**

Charanjit Brahma, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, DC 20005

Re:    Siemens Medical Solutions USA, Inc. v. Saint-Gobain Ceramics
       & Plastics, Inc. (D. Del. C.A. No. 07-190-SLR)

Dear Charan:

        Enclosed are additional documents (Bates Nos. SGCP078851 – SGCP081898) that
are responsive to Plaintiff's First Set of Requests for Production of Documents.  The documents
are being provided to you subject to the terms of the Stipulated Protective Order effective
September 26, 2007.

        Defendant reserves the right to supplement its production.

                                        Very truly yours,

                                        John C. Ohman

JCO:esg
Enclosures

**THELEN REID BROWN**
**RAYSMAN & STEINER** LLP
ATTORNEYS AT LAW

John C. Ohman
Partner
212.603.6784 Direct Dial
johman@thelen.com

NEW YORK · SAN FRANCISCO · WASHINGTON, DC · LOS ANGELES
SILICON VALLEY · HARTFORD · NORTHERN NEW JERSEY · SHANGHAI

November 1, 2007

**Federal Express**

Charanjit Brahma, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, DC 20005

Re:     Siemens Medical Solutions USA, Inc. v. Saint-Gobain Ceramics
&amp; Plastics, Inc. (D. Del. C.A. No. 07-190-SLR)

Dear Charan:

Enclosed are additional documents (Bates Nos. SGCP041537 – SGCP044302) that
are responsive to Plaintiff's First Set of Requests for Production of Documents. The documents
are being provided to you subject to the terms of the Stipulated Protective Order effective
September 26, 2007.

Defendant reserves the right to supplement its production.

Very truly yours,

John C. Ohman

JCO:esg
Enclosures

**THELEN REID BROWN
RAYSMAN & STEINER** LLP
ATTORNEYS AT LAW

NEW YORK · SAN FRANCISCO · WASHINGTON, DC · LOS ANGELES
SILICON VALLEY · HARTFORD · NORTHERN NEW JERSEY · SHANGHAI

John C. Ohman
Partner
212.603.6784 Direct Dial
johman@thelen.com

November 1, 2007

**Federal Express**

Charanjit Brahma, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, DC 20005

    Re:    Siemens Medical Solutions USA, Inc. v. Saint-Gobain Ceramics
           & Plastics, Inc. (D. Del. C.A. No. 07-190-SLR)

Dear Charan:

        Enclosed are additional documents (Bates Nos. SGCP044303 – SGCP046780) that
are responsive to Plaintiff's First Set of Requests for Production of Documents.  The documents
are being provided to you subject to the terms of the Stipulated Protective Order effective
September 26, 2007.

        Defendant reserves the right to supplement its production.

                                        Very truly yours,

                                        John C. Ohman

JCO:esg
Enclosures



**THELEN REID BROWN RAYSMAN & STEINER** LLP
ATTORNEYS AT LAW

NEW YORK · SAN FRANCISCO · WASHINGTON, DC · LOS ANGELES
SILICON VALLEY · HARTFORD · NORTHERN NEW JERSEY · SHANGHAI

John C. Ohman
Partner
212.603.6784 Direct Dial
johman@thelen.com

November 1, 2007

**<u>Federal Express</u>**

Charanjit Brahma, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, DC 20005

　　　　　Re:　　Siemens Medical Solutions USA, Inc. v. Saint-Gobain Ceramics
　　　　　　　　<u>& Plastics, Inc. (D. Del. C.A. No. 07-190-SLR)</u>

Dear Charan:

　　　　　Enclosed are additional documents (Bates Nos. SGCP046781 – SGCP049730) that are responsive to Plaintiff's First Set of Requests for Production of Documents. The documents are being provided to you subject to the terms of the Stipulated Protective Order effective September 26, 2007.

　　　　　Defendant reserves the right to supplement its production.

　　　　　Very truly yours,

John C. Ohman

JCO:esg
Enclosures

**THELEN REID BROWN
RAYSMAN &STEINER** LLP
ATTORNEYS AT LAW

NEW YORK · SAN FRANCISCO · WASHINGTON, DC · LOS ANGELES
SILICON VALLEY · HARTFORD · NORTHERN NEW JERSEY · SHANGHAI

John C. Ohman
Partner
212.603.6784 Direct Dial
johman@thelen.com

November 1, 2007

**Federal Express**

Charanjit Brahma, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, DC 20005

    Re:    Siemens Medical Solutions USA, Inc. v. Saint-Gobain Ceramics
           <u>& Plastics, Inc. (D. Del. C.A. No. 07-190-SLR)</u>

Dear Charan:

       Enclosed are additional documents (Bates Nos. SGCP049731 – SGCP052390) that
are responsive to Plaintiff's First Set of Requests for Production of Documents.  The documents
are being provided to you subject to the terms of the Stipulated Protective Order effective
September 26, 2007.

       Defendant reserves the right to supplement its production.

       Very truly yours,

       John C. Ohman

JCO:esg
Enclosures

**THELEN REID BROWN RAYSMAN & STEINER LLP**
ATTORNEYS AT LAW

NEW YORK · SAN FRANCISCO · WASHINGTON, DC · LOS ANGELES
SILICON VALLEY · HARTFORD · NORTHERN NEW JERSEY · SHANGHAI

John C. Ohman
Partner
212.603.6784 Direct Dial
johman@thelen.com

November 1, 2007

**<u>Federal Express</u>**

Charanjit Brahma, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, DC 20005

Re:    Siemens Medical Solutions USA, Inc. v. Saint-Gobain Ceramics
       <u>& Plastics, Inc. (D. Del. C.A. No. 07-190-SLR)</u>

Dear Charan:

   Enclosed are additional documents (Bates Nos. SGCP052391 – SGCP054443) that are responsive to Plaintiff's First Set of Requests for Production of Documents. The documents are being provided to you subject to the terms of the Stipulated Protective Order effective September 26, 2007.

   Defendant reserves the right to supplement its production.

      Very truly yours,

      John C. Ohman

JCO:esg
Enclosures



**THELEN REID BROWN RAYSMAN & STEINER** LLP
ATTORNEYS AT LAW

John C. Ohman
Partner
212.603.6784 Direct Dial
johman@thelen.com

NEW YORK · SAN FRANCISCO · WASHINGTON, DC · LOS ANGELES
SILICON VALLEY · HARTFORD · NORTHERN NEW JERSEY · SHANGHAI

November 1, 2007

**Federal Express**

Charanjit Brahma, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, DC 20005

      Re:    Siemens Medical Solutions USA, Inc. v. Saint-Gobain Ceramics
             & Plastics, Inc. (D. Del. C.A. No. 07-190-SLR)

Dear Charan:

        Enclosed are additional documents (Bates Nos. SGCP054444 – SGCP057321) that are responsive to Plaintiff's First Set of Requests for Production of Documents. The documents are being provided to you subject to the terms of the Stipulated Protective Order effective September 26, 2007.

        Defendant reserves the right to supplement its production.

        Very truly yours,

        John C. Ohman

JCO:esg
Enclosures



THELEN REID BROWN
RAYSMAN & STEINER LLP
ATTORNEYS AT LAW

NEW YORK · SAN FRANCISCO · WASHINGTON, DC · LOS ANGELES
SILICON VALLEY · HARTFORD · NORTHERN NEW JERSEY · SHANGHAI

John C. Ohman
Partner
212.603.6784 Direct Dial
johman@thelen.com

November 1, 2007

**Federal Express**

Charanjit Brahma, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, DC 20005

Re:     Siemens Medical Solutions USA, Inc. v. Saint-Gobain Ceramics
        & Plastics, Inc. (D. Del. C.A. No. 07-190-SLR)

Dear Charan:

Enclosed are additional documents (Bates Nos. SGCP057322 – SGCP060094) that are responsive to Plaintiff's First Set of Requests for Production of Documents. The documents are being provided to you subject to the terms of the Stipulated Protective Order effective September 26, 2007.

Defendant reserves the right to supplement its production.

Very truly yours,

John C. Ohman

JCO:esg
Enclosures



THELEN REID BROWN
RAYSMAN & STEINER LLP
ATTORNEYS AT LAW

NEW YORK · SAN FRANCISCO · WASHINGTON, DC · LOS ANGELES
SILICON VALLEY · HARTFORD · NORTHERN NEW JERSEY · SHANGHAI

John C. Ohman
Partner
212.603.6784 Direct Dial
johman@thelen.com

November 1, 2007

**Federal Express**

Charanjit Brahma, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, DC 20005

     Re:   Siemens Medical Solutions USA, Inc. v. Saint-Gobain Ceramics
            <u>& Plastics, Inc. (D. Del. C.A. No. 07-190-SLR)</u>

Dear Charan:

     Enclosed are additional documents (Bates Nos. SGCP060095 – SGCP062966) that
are responsive to Plaintiff's First Set of Requests for Production of Documents.  The documents
are being provided to you subject to the terms of the Stipulated Protective Order effective
September 26, 2007.

     Defendant reserves the right to supplement its production.

     Very truly yours,

     John C. Ohman

JCO:esg
Enclosures



John C. Ohman
Partner
212.603.6784 Direct Dial
johman@thelen.com

NEW YORK · SAN FRANCISCO · WASHINGTON, DC · LOS ANGELES
SILICON VALLEY · HARTFORD · NORTHERN NEW JERSEY · SHANGHAI

November 1, 2007

**Federal Express**

Charanjit Brahma, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, DC 20005

      Re:    Siemens Medical Solutions USA, Inc. v. Saint-Gobain Ceramics
                      <u>& Plastics, Inc. (D. Del. C.A. No. 07-190-SLR)</u>

Dear Charan:

        Enclosed are additional documents (Bates Nos. SGCP062967 – SGCP065618) that
are responsive to Plaintiff's First Set of Requests for Production of Documents.  The documents
are being provided to you subject to the terms of the Stipulated Protective Order effective
September 26, 2007.

        Defendant reserves the right to supplement its production.

                           Very truly yours,

                           John C. Ohman

JCO:esg
Enclosures

**THELEN REID BROWN**
**RAYSMAN & STEINER** LLP
ATTORNEYS AT LAW

John C. Ohman
Partner
212.603.6784 Direct Dial
johman@thelen.com

NEW YORK · SAN FRANCISCO · WASHINGTON, DC · LOS ANGELES
SILICON VALLEY · HARTFORD · NORTHERN NEW JERSEY · SHANGHAI

November 2, 2007

**Federal Express**

Charanjit Brahma, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, DC 20005

Re:    Siemens Medical Solutions USA, Inc. v. Saint-Gobain Ceramics
       & Plastics, Inc. (D. Del. C.A. No. 07-190-SLR)

Dear Charan:

Enclosed are additional documents (Bates Nos. SGCP065619 – SGCP067134) that
are responsive to Plaintiff's First Set of Requests for Production of Documents.  The documents
are being provided to you subject to the terms of the Stipulated Protective Order effective
September 26, 2007.

Defendant reserves the right to supplement its production.

Very truly yours,

John C. Ohman

JCO:esg
Enclosures

THELEN REID BROWN
RAYSMAN &STEINER LLP
ATTORNEYS AT LAW

John C. Ohman
Partner
212.603.6784 Direct Dial
johman@thelen.com

NEW YORK · SAN FRANCISCO · WASHINGTON, DC · LOS ANGELES
SILICON VALLEY · HARTFORD · NORTHERN NEW JERSEY · SHANGHAI

November 2, 2007

**Federal Express**

Charanjit Brahma, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, DC 20005

Re:    Siemens Medical Solutions USA, Inc. v. Saint-Gobain Ceramics
       & Plastics, Inc. (D. Del. C.A. No. 07-190-SLR)

Dear Charan:

Enclosed are additional documents (Bates Nos. SGCP067135 – SGCP070362) that are responsive to Plaintiff's First Set of Requests for Production of Documents. The documents are being provided to you subject to the terms of the Stipulated Protective Order effective September 26, 2007.

Defendant reserves the right to supplement its production.

Very truly yours,

John C. Ohman

JCO:esg
Enclosures

THELEN REID BROWN
RAYSMAN &⁓STEINER LLP
ATTORNEYS AT LAW

John C. Ohman
Partner
212.603.6784 Direct Dial
johman@thelen.com

NEW YORK · SAN FRANCISCO · WASHINGTON, DC · LOS ANGELES
SILICON VALLEY · HARTFORD · NORTHERN NEW JERSEY · SHANGHAI

November 2, 2007

**Federal Express**

Charanjit Brahma, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, DC 20005

Re:    Siemens Medical Solutions USA, Inc. v. Saint-Gobain Ceramics
       & Plastics, Inc. (D. Del. C.A. No. 07-190-SLR)

Dear Charan:

Enclosed are additional documents (Bates Nos. SGCP070363 – SGCP073395) that
are responsive to Plaintiff's First Set of Requests for Production of Documents.  The documents
are being provided to you subject to the terms of the Stipulated Protective Order effective
September 26, 2007.

Defendant reserves the right to supplement its production.

Very truly yours,

John C. Ohman

JCO:esg
Enclosures

**THELEN REID BROWN**
**RAYSMAN & STEINER** LLP
ATTORNEYS AT LAW

John C. Ohman
Partner
212.603.6784 Direct Dial
johman@thelen.com

NEW YORK · SAN FRANCISCO · WASHINGTON, DC · LOS ANGELES
SILICON VALLEY · HARTFORD · NORTHERN NEW JERSEY · SHANGHAI

November 2, 2007

**Federal Express**

Charanjit Brahma, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, DC 20005

Re:    Siemens Medical Solutions USA, Inc. v. Saint-Gobain Ceramics
       & Plastics, Inc. (D. Del. C.A. No. 07-190-SLR)

Dear Charan:

Enclosed are additional documents (Bates Nos. SGCP073396 – SGCP076457) that
are responsive to Plaintiff's First Set of Requests for Production of Documents.  The documents
are being provided to you subject to the terms of the Stipulated Protective Order effective
September 26, 2007.

Defendant reserves the right to supplement its production.

Very truly yours,

John Ohman

John C. Ohman

JCO:esg
Enclosures

THELEN REID BROWN
RAYSMAN & STEINER LLP
ATTORNEYS AT LAW

John C. Ohman
Partner
212.603.6784 Direct Dial
johman@thelen.com

NEW YORK · SAN FRANCISCO · WASHINGTON, DC · LOS ANGELES
SILICON VALLEY · HARTFORD · NORTHERN NEW JERSEY · SHANGHAI

November 2, 2007

**Federal Express**

Charanjit Brahma, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, DC 20005

Re:    Siemens Medical Solutions USA, Inc. v. Saint-Gobain Ceramics
       & Plastics, Inc. (D. Del. C.A. No. 07-190-SLR)

Dear Charan:

        Enclosed are additional documents (Bates Nos. SGCP076458 – SGCP078850) that
are responsive to Plaintiff's First Set of Requests for Production of Documents. The documents
are being provided to you subject to the terms of the Stipulated Protective Order effective
September 26, 2007.

        Defendant reserves the right to supplement its production.

                                        Very truly yours,

                                        John C. Ohman

JCO:esg
Enclosures

THELEN REID BROWN
RAYSMAN & STEINER LLP
ATTORNEYS AT LAW

John C. Ohman
Partner
212.603.6784 Direct Dial
johman@thelen.com

NEW YORK · SAN FRANCISCO · WASHINGTON, DC · LOS ANGELES
SILICON VALLEY · HARTFORD · NORTHERN NEW JERSEY · SHANGHAI

November 2, 2007

**Federal Express**

Charanjit Brahma, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, DC 20005

Re:    Siemens Medical Solutions USA, Inc. v. Saint-Gobain Ceramics
       & Plastics, Inc. (D. Del. C.A. No. 07-190-SLR)

Dear Charan:

Enclosed are additional documents (Bates Nos. SGCP078851 – SGCP081898) that
are responsive to Plaintiff's First Set of Requests for Production of Documents. The documents
are being provided to you subject to the terms of the Stipulated Protective Order effective
September 26, 2007.

Defendant reserves the right to supplement its production.

Very truly yours,

John C. Ohman

JCO:esg
Enclosures

**THELEN REID BROWN**
**RAYSMAN &STEINER** LLP
ATTORNEYS AT LAW

John C. Ohman
Partner
212.603.6784 Direct Dial
johman@thelen.com

NEW YORK · SAN FRANCISCO · WASHINGTON, DC · LOS ANGELES
SILICON VALLEY · HARTFORD · NORTHERN NEW JERSEY · SHANGHAI

November 2, 2007

**Federal Express**

Charanjit Brahma, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, DC 20005

Re:    Siemens Medical Solutions USA, Inc. v. Saint-Gobain Ceramics
       & Plastics, Inc. (D. Del. C.A. No. 07-190-SLR)

Dear Charan:

Enclosed are additional documents (Bates Nos. SGCP081899 – SGCP082526) that
are responsive to Plaintiff's First Set of Requests for Production of Documents.  The documents
are being provided to you subject to the terms of the Stipulated Protective Order effective
September 26, 2007.

Defendant reserves the right to supplement its production.

Very truly yours,

John Ohman (c)

John C. Ohman

JCO:esg
Enclosures

THELEN REID BROWN
RAYSMAN & STEINER LLP
ATTORNEYS AT LAW

John C. Ohman
Partner
212.603.6784 Direct Dial
johman@thelen.com

NEW YORK · SAN FRANCISCO · WASHINGTON, DC · LOS ANGELES
SILICON VALLEY · HARTFORD · NORTHERN NEW JERSEY · SHANGHAI

November 2, 2007

**Federal Express**

Charanjit Brahma, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, DC 20005

Re:  Siemens Medical Solutions USA, Inc. v. Saint-Gobain Ceramics
     & Plastics, Inc. (D. Del. C.A. No. 07-190-SLR)

Dear Charan:

Enclosed are additional documents (Bates Nos. SGCP082527 – SGCP085769) that are responsive to Plaintiff's First Set of Requests for Production of Documents. The documents are being provided to you subject to the terms of the Stipulated Protective Order effective September 26, 2007.

Defendant reserves the right to supplement its production.

Very truly yours,

*John Ohman*

John C. Ohman

JCO:esg
Enclosures

**THELEN REID BROWN RAYSMAN & STEINER** LLP

ATTORNEYS AT LAW

John C. Ohman
Partner
212.603.6784 Direct Dial
johman@thelen.com

NEW YORK · SAN FRANCISCO · WASHINGTON, DC · LOS ANGELES
SILICON VALLEY · HARTFORD · NORTHERN NEW JERSEY · SHANGHAI

November 2, 2007

**Federal Express**

Charanjit Brahma, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, DC 20005

Re:    Siemens Medical Solutions USA, Inc. v. Saint-Gobain Ceramics
       & Plastics, Inc. (D. Del. C.A. No. 07-190-SLR)

Dear Charan:

Enclosed are additional documents (Bates Nos. SGCP085770 – SGCP088709) that are responsive to Plaintiff's First Set of Requests for Production of Documents. The documents are being provided to you subject to the terms of the Stipulated Protective Order effective September 26, 2007.

Defendant reserves the right to supplement its production.

Very truly yours,

John C. Ohman

JCO:esg
Enclosures

**THELEN REID BROWN
RAYSMAN & STEINER** LLP
ATTORNEYS AT LAW

John C. Ohman
Partner
212.603.6784 Direct Dial
johman@thelen.com

NEW YORK · SAN FRANCISCO · WASHINGTON, DC · LOS ANGELES
SILICON VALLEY · HARTFORD · NORTHERN NEW JERSEY · SHANGHAI

November 2, 2007

**Federal Express**

Charanjit Brahma, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, DC 20005

Re:    Siemens Medical Solutions USA, Inc. v. Saint-Gobain Ceramics
       & Plastics, Inc. (D. Del. C.A. No. 07-190-SLR)

Dear Charan:

Enclosed are additional documents (Bates Nos. SGCP088710 – SGCP091500) that are responsive to Plaintiff's First Set of Requests for Production of Documents. The documents are being provided to you subject to the terms of the Stipulated Protective Order effective September 26, 2007.

Defendant reserves the right to supplement its production.

Very truly yours,

John Ohman

John C. Ohman

JCO:esg
Enclosures

THELEN REID BROWN
RAYSMAN & STEINER LLP
ATTORNEYS AT LAW

NEW YORK · SAN FRANCISCO · WASHINGTON, DC · LOS ANGELES
SILICON VALLEY · HARTFORD · NORTHERN NEW JERSEY · SHANGHAI

John C. Ohman
Partner
212.603.6784 Direct Dial
johman@thelen.com

November 2, 2007

**Federal Express**

Charanjit Brahma, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, DC 20005

            Re:    Siemens Medical Solutions USA, Inc. v. Saint-Gobain Ceramics
                   & Plastics, Inc. (D. Del. C.A. No. 07-190-SLR)

Dear Charan:

            Enclosed are additional documents (Bates Nos. SGCP091501 – SGCP092076) that
are responsive to Plaintiff's First Set of Requests for Production of Documents. The documents
are being provided to you subject to the terms of the Stipulated Protective Order effective
September 26, 2007.

            Defendant reserves the right to supplement its production.

                                    Very truly yours,

                                    John Ohman

                                    John C. Ohman

JCO:esg
Enclosures

# EXHIBIT B

REDACTED

# EXHIBIT C

REDACTED

# EXHIBIT D

# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

Charanjit Brahma
To Call Writer Directly:
(202) 879-5148
cbrahma@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

November 13, 2007

**VIA FACSIMILE**

Frederick L. Whitmer, Esq.
John C. Ohman, Esq.
Thelen Reid Brown Raysman & Steiner LLP
875 Third Avenue
New York, New York 10022

Dear Fred & John:

      I write to raise several issues regarding Saint-Gobain's production of documents. As an initial matter, we would like to confirm whether we have received all of the documents that Saint-Gobain intends to produce prior to the hearing on Siemens Medical's motion for preliminary injunction. Your last production letter indicated that Saint-Gobain "reserves the right to supplement its production." While we can debate whether such a supplementation would be "seasonable" as required under Fed. R. Civ. P. 26(e)(2), we would at least request that Saint-Gobain provide us with some warning if it is currently reviewing documents and expects to supplement its production. Therefore, if we have not yet received all of the documents Saint-Gobain intends to produce in the preliminary injunction phase of discovery, please let us know how many documents we have not yet received, the type and source of these remaining documents, and when we can expect to receive these remaining documents.

      With respect to the documents Saint-Gobain has already produced, Saint-Gobain has not provided the document source information sought in Siemens Medical's interrogatory no. 14. Your supplemental response of September 25, 2007 lists fifteen individuals whose files had been searched, but does not indicate which produced documents came from each individual's files. Moreover, since Saint-Gobain produced the vast majority of its documents after September 25, it is unclear whether the documents we received after September 25 were also from the files of these named individuals. Please supplement Saint-Gobain's response to this interrogatory at once to identify all of the document sources Saint-Gobain has searched and indicate the source of each of the documents Saint-Gobain has produced to date.

      In addition, given Saint-Gobain's belated production, Saint-Gobain agreed to make Mr. Mayhugh available for re-deposition, but has never specified when he would be available. Please provide dates on which Mr. Mayhugh is available for deposition prior to the November 27, 2007 hearing on Siemens Medical's preliminary injunction motion.

## KIRKLAND & ELLIS LLP

Frederick L. Whitmer, Esq.
John C. Ohman, Esq.
November 13, 2007
Page 2

Please give me a call if you would like to discuss any of these issues.

Sincerely,

Charanjit Brahma

# EXHIBIT E

REDACTED

# EXHIBIT F

REDACTED

# EXHIBIT G

REDACTED

# EXHIBIT H

REDACTED

# EXHIBIT I

REDACTED

# EXHIBIT J

REDACTED

# EXHIBIT K

REDACTED

# EXHIBIT L

REDACTED

# EXHIBIT M

REDACTED

# EXHIBIT N

REDACTED

# EXHIBIT O

REDACTED

# EXHIBIT P

REDACTED

# EXHIBIT Q

REDACTED

# EXHIBIT R

REDACTED

# EXHIBIT S

# REDACTED

# EXHIBIT T

REDACTED

# EXHIBIT U

REDACTED

# EXHIBIT V

REDACTED

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on November 26, 2007, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Kelly E. Farnan, Esquire
> RICHARDS, LAYTON & FINGER, P.A.

I also certify that copies were caused to be served on November 26, 2007 upon the following in the manner indicated:

### BY ELECTRONIC MAIL and HAND DELIVERY

> Kelly E. Farnan, Esquire
> RICHARDS, LAYTON & FINGER, P.A.
> One Rodney Square
> Wilmington, DE 19801

### BY ELECTRONIC MAIL

> Frederick L. Whitmer, Esquire
> THELEN REID BROWN RAYSMAN & STEINER LLP
> 875 Third Avenue
> New York, NY 10022

> /s/ Maryellen Noreika
> Maryellen Noreika (#3208)