IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SIEMENS MEDICAL SOLUTIONS USA, INC., ) ) ) Plaintiff, ) ) v. ) ) SAINT-GOBAIN CERAMICS & PLASTICS, INC., ) ) ) Defendant. ) | C.A. No. 07-190 (SLR) |

**SIEMENS' REPLY IN SUPPORT OF ITS
MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF**

Had Saint-Gobain complied with the parties' agreed-upon preliminary injunction schedule, there would have been no need for a supplemental brief by Siemens. But Saint-Gobain not only missed the Court-ordered deadlines, it did not produce the bulk of its documents until after the depositions of both of its affiants and the eve of Siemens' briefing deadline. Accordingly, even Saint-Gobain acknowledged that supplemental briefing, at a minimum, was necessary to attempt to remedy the prejudice from its late production.

Siemens' November 21 supplemental brief pointed out that Saint-Gobain's documents contained compelling evidence that Saint-Gobain's 10% Y LYSO crystals are equivalent to the '080 patented LSO crystals. With no way to dispute its own statements recognizing that equivalence and that Siemens is being irreparably injured as a result of Saint-Gobain's sales of those crystals for use in PET scanners, Saint-Gobain did not respond on the merits but instead opposed Siemens' motion for leave. In essence, Saint-Gobain asks this Court to ignore compelling evidence from its own files – evidence that Saint-Gobain improperly withheld until after discovery and the briefing deadline – on procedural grounds.

But Saint-Gobain does not dispute – because it cannot – that Siemens fulfilled its Rule 7.1.1 obligation before filing its motion for leave. On November 1, Saint-Gobain's counsel told Siemens' counsel:

> [W]e are willing to consent to plaintiff's submission of supplemental motion papers, if it so wishes to file them, after being afforded a reasonable time to review Saint-Gobain's remaining document production and take additional testimony from Dr. Mayhugh.

(Ex. 10 to Siemens Reply Br. in Support of Mot. for Preliminary Injunction (D.I. 60), November 1, 2007 Letter from J. Ohman to G. LoCascio.)[1]

Trying to take back that clear consent, Saint-Gobain now claims that Siemens "rejected that offer" (Opp. Br. ¶ 12) by filing its reply brief on November 5, as required. But, Siemens had all along told Saint-Gobain of its intention to timely file its reply brief. And although Saint-Gobain suggests that Siemens was somehow obligated to accept its inadequate "offer to cure its defective production" (Opp. Br. ¶ 12), nothing required Siemens to forgo filing its motion and brief. Saint-Gobain continues to rely on Mr. Mayhugh's declaration for its irreparable injury arguments in opposition to Siemens' preliminary injunction. As it stands today, Siemens has been prejudiced by being deprived of the opportunity to confront Saint-Gobain's factual affiant with documents from his own files that contradict his questionable sworn affidavit testimony – all because Saint Gobain's failed to comply with its discovery obligations.

Accordingly, Siemens respectfully requests that this Court grant its motion for leave to file the supplemental brief, and, based on the evidence and arguments in that brief and

---

[1]  Although Saint-Gobain ultimately refused to provide Mr. Mayhugh for a deposition prior to the preliminary injunction hearing, at no point prior to its opposition to this motion for leave did it ever withdraw its consent to a supplemental filing by Siemens.

those previously filed by Siemens, preliminarily enjoin Saint-Gobain from continuing its infringing acts.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Jack B. Blumenfeld (#1014)
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com
*Attorneys for Plaintiff*
*Siemens Medical Solutions USA, Inc.*

*Of Counsel*:

Gregg F. LoCascio
Charanjit Brahma
Sean McEldowney
KIRKLAND & ELLIS LLP
655 15th Street, N.W.
Washington, DC  20005
(202) 879-5000

December 6, 2007

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on December 6, 2007, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Kelly E. Farnan, Esquire
>RICHARDS, LAYTON & FINGER, P.A.

I also certify that copies were caused to be served on December 6, 2007 upon the following in the manner indicated:

### BY ELECTRONIC MAIL and HAND DELIVERY

Kelly E. Farnan, Esquire
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
Wilmington, DE 19801

### BY ELECTRONIC MAIL

Frederick L. Whitmer, Esquire
THELEN REID BROWN RAYSMAN & STEINER LLP
875 Third Avenue
New York, NY 10022

>*/s/ Jack B. Blumenfeld (#1014)*
>Jack B. Blumenfeld (#1014)