IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SIEMENS MEDICAL SOLUTIONS USA, INC., | ) ) ) | **REDACTED - PUBLIC VERSION** |
| Plaintiff/ Counterclaim-Defendant, | ) ) ) ) | |
| v. | ) ) | C.A. No. 07-190-SLR |
| SAINT-GOBAIN CERAMICS & PLASTICS, INC., | ) ) ) ) | JURY TRIAL DEMANDED |
| Defendant/Counterclaim-Plaintiff. | ) ) ) | |

### DEFENDANT SAINT-GOBAIN CERAMICS & PLASTICS, INC.'S MOTION TO DISMISS FOR LACK OF STANDING

#### INTRODUCTION

Saint-Gobain Ceramics & Plastics, Inc. ("Saint-Gobain") submits this motion to dismiss the complaint of plaintiff Siemens Medical Solutions USA, Inc. ("Siemens"), together with the accompanying Declaration of Frederick L. Whitmer ("Whitmer Declaration"), on the ground that Siemens alone does not hold "all substantial rights" to United States Patent No. 4,958,080 ("the '080 Patent"), the asserted patent. The legal consequence of that fact is that Siemens lacks the requisite legal standing to assert any claim of infringement under the '080 Patent. The context in which this motion has been made frames the legal discussion and explains the timing of this motion.

Saint-Gobain indicated at the oral argument of Siemens' preliminary injunction application that a recent Federal Circuit decision, announced just before Saint-Gobain served its papers in opposition to Siemens' application, speaks directly to the situation in this action and clarifies the law of standing relative to exclusive licensees of less than the whole of the rights in

a given patent to an extent not previously announced. This new authority leaves no doubt that Siemens does *not* have standing to sue for infringement of the '080 Patent in its own name because not "all substantial rights in the patent [were] transferred" to Siemens (as this new authority describes it) in the license under which Siemens purports to sue. *See, Int'l Gamco, Inc. v. Multimedia Games, Inc.*, No. 2007-1034, 2007 U.S. App. LEXIS 24099, *7 (Fed. Cir. October 15, 2007); *Prima Tek II, L.L.C. v. A-Roo Co.*, 222 F.3d 1372, 1377 (Fed. Cir. 2000); *Ortho Pharmaceutical Corp. v. Genetics Inst.*, 52 F.3d 1026, 1030 (Fed. Cir. 1995).

Although this statement of the law appears to be of long-standing effect, only recently, in *Int'l Gamco*, did the Federal Circuit expressly rule that a determination under the "all substantial rights" test for licensee standing, where a limited field of use license is involved, turns on the question whether "a single act of infringement is likely to give rise to only one viable suit for infringement." *Int'l Gamco*, 2007 U.S. App. LEXIS 24099, at *14 – 15; *See also Mentor H/S, Inc. v. Medical Device Alliance, Inc.*, 240 F.3d 1016, 1018 (Fed. Cir. 2001) (holding that plaintiff licensee did not receive all substantial rights under the patent where the patentee retained first right and obligation to sue for infringement.); *Syngenta Seeds, Inc. v. Monsanto Co.*, No. 04-228-SLR, 2005 U.S. Dist. LEXIS 7367, *8 (D. Del. March 18, 2005) (this Court, expounding the requisite rights constituting all substantial rights listed among them "the sole right to commence patent infringement actions against third parties with respect to the [] patent."). Specifically, in a factual setting compellingly analogous to the issues in this action, the Federal Circuit in *Int'l Gamco* held that an exclusive field of use license, such as that Siemens holds from Schlumberger Technology Corporation ("STC") under the '080 Patent, *fails* to confer standing on even an exclusive field of use licensee because such a license bifurcates the patented subject matter

2

**REDACTED** For this reason, absent the application of the rule articulated in *Int'l Gamco*, the conveyance of a field of use license poses a threat to a defendant in a patent infringement action, as Saint-Gobain here, of **REDACTED** at *16. The Federal Circuit's holding rests on a fundamental purpose of the Patent Act: "Divvying up the rights in the . . . patent along subject matter rather than geographic lines would 'permit several monopolies to be made out of one' in a manner not specifically sanctioned by the Patent Act." *Id.* at *17.

As the party claiming standing to enforce the patent-in-suit, Siemens bears the burden of proving that it holds *all* the substantial rights in the patent to deserve standing as the only plaintiff in this action. *Fieldturf, Inc. v. Sw. Recreational Indus., Inc.*, 357 F.3d 1266, 1268 (Fed. Cir. 2004). For the foregoing reasons, and as shown more fully below, Siemens cannot satisfy that burden, and Saint-Gobain's motion to dismiss for lack of standing should be granted in all respects.

## ARGUMENT

**I. - Siemens Was Not Granted *All* Substantial Rights to the '080 Patent And Therefore Lacks Standing to Assert a Claim for Patent Infringement Against Saint-Gobain Absent the Joinder of STC.**

Whatever rights Siemens holds under the '080 Patent derive from the Exclusive Patent License and Technology Agreement (hereinafter, the "Field of Use License"), dated as of February 1, 1995, by and between STC and CTI, Inc. ("CTI")[1] Under the Field of Use License STC granted CTI (an entity later acquired by Siemens) an exclusive and non-transferable license to make and have made and use the materials and methods covered by the '080 Patent and

---

[1] A copy of the Field of Use License, which was produced by Siemens in discovery in this action, is annexed to the Whitmer Declaration as Exhibit A.

3

related technology with respect to all uses except those reserved to CTI. **REDACTED**

Under the Field of Use License, STC retained for itself substantial patent rights in specified fields of use: **REDACTED** including "any and all uses of ... [the '080 Patent] in the fields of oil well logging, logging-while-drilling or formation evaluation...."

**REDACTED**

The effect of STC's retention of these substantial rights to specified fields of use, **REDACTED** splits the rights within the '080 Patent along subject matter rather than geographic lines, and thereby runs directly afoul of the rule announced in *Int'l Gamco*.

The result here should accordingly be the same as in *Int'l Gamco*: as a field of use licensee with non-exclusive rights to assert judicial claims for patent infringement, Siemens lacks the requisite standing to bring such a claim in the absence of the joinder of its licensor, STC, **REDACTED**

**REDACTED**

Precisely because the Federal Circuit's decision cast a cloud on Siemens's ability to sustain this action alone, on October 31, 2007, Saint-Gobain's counsel wrote to Siemens' counsel questioning Siemens' standing.[3] In response, Siemens argued that Siemens nevertheless has "constitutional Article III standing to pursue a patent infringement suit against Saint-Gobain."[4] Siemens' argument misses the point, as Saint-Gobain attempted to convey to Siemens in a letter dated November 9, 2007:

> Siemens' Article III standing depends upon the fact that Siemens must have standing under the patent statutes. When analyzing Article III standing, the question devolves to whether the constitutional or statutory provision upon which the claim rests can be understood as granting the plaintiff a right to judicial relief. Precisely because the patent statutes give both Siemens and STC the right to sue for patent infringement, they also define the nature and source of the infringement claim and determine the party that is entitled to judicial relief.[5]

Saint-Gobain's answer to Siemens' assertion of Article III standing, despite the absence of standing under the very act that Siemens urges as the basis for this action, is supported by yet another recent decision of the Federal Circuit.

**REDACTED**

---

[3] A copy of this letter is annexed to the Whitmer Declaration as Exhibit B.
[4] A copy of the letter dated November 2, 2007 from Gregg F. LoCascio to Frederick L. Whitmer is annexed to the Whitmer Declaration as Exhibit C.
[5] A copy of the letter dated November 9, 2007 from Frederick L. Whitmer to Gregg F. LoCascio is annexed to the Whitmer Declaration as Exhibit D.

In *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1339 (Fed. Cir. 2007), the Federal Circuit explained that:

> Essentially, the standing question . . . is whether the constitutional or statutory provision on which the claim rests properly can be understood as granting persons in the plaintiff's position a right to judicial relief. . . . Since the patent statutes give rise to the right to sue others for patent infringement, they also . . . determine the party that is entitled to judicial relief.

Siemens' proffered argument, that it somehow has Article III standing, independently of standing expressly authorized under the patent statutes as the courts have interpreted that act, simply lacks legal foundation. Article III empowers the district courts to adjudicate federal questions, of which assertions of patent infringement are one. An exclusive licensee's standing to sue under the patent statutes, the Federal Circuit (and this Court) have repeatedly held, depends on whether a licensee has obtained *all* substantial rights to the patent. *Int'l Gamco*, 2007 U.S. App. LEXIS 24099, at *7; *Prima Tek II, L.L.C. v. A-Roo Co.*, 222 F.3d 1372, 1377 (Fed. Cir. 2000). Put another way, "a licensee is not entitled to bring suit in its own name . . . unless the licensee holds 'all substantial rights' under the patent and is in essence an assignee . . ." *Textile Prods. v. Mead Corp.*, 134 F.3d 1481, 1483-1484 (Fed. Cir. 1998). Indeed, this Court has stated, "[a]ctual consideration of the rights transferred is the linchpin of such a determination." *Syngenta Seeds, Inc. v. Monsanto Co.*, 2005 U.S. Dist. LEXIS 7367, *7-8 (D. Del. 2005).

An "actual consideration of the rights transferred" here demonstrates that Siemens does *not* possess *all* the substantial rights to the '080 Patent by virtue of The Field of Use License. As a consequence, Siemens does not possess a sufficient bundle of rights to have standing under the Patent Act to assert a claim for infringement under the '080 Patent as a sole Plaintiff. Absent the joinder of STC, this action should not proceed, for the continuation of this action with Siemens

as the sole Plaintiff threatens Saint-Gobain with the very real potential of the prejudice of duplicative litigation – with possibly conflicting outcomes – arising from the same acts.[6]

## CONCLUSION

For all of the foregoing reasons, Saint-Gobain's motion to dismiss for lack of standing should be granted in all respects, and the action dismissed.

OF COUNSEL

Frederick L. Whitmer
John C. Ohman
Thelen Reid Brown Raysman & Steiner LLP
875 Third Avenue
New York, New York 10022
(212) 603-2000

*/s/ Kelly E. Farnan*
Jesse A. Finkelstein (#1090)
Finkelstein@rlf.com
Jeffrey L. Moyer (#3309)
Moyer@rlf.com
Kelly E. Farnan (#4395)
Farnan@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
*Attorneys for Defendant/Counterclaim-Plaintiff Saint-Gobain Ceramics & Plastics, Inc.*

Dated: December 5, 2007

---

[6] Siemens has asked Saint-Gobain to consent to the joinder of STC as a party without making any representation that the request is made with STC's authority or consent. Accordingly, Siemens' question is premature. It is for STC to seek to join. Thus far, Saint-Gobain has heard nothing from STC; as a consequence, Saint-Gobain's "consent" has no bearing on whether the action should otherwise proceed. Until Saint-Gobain and the Court know from STC what its intentions may be, there is nothing for Saint-Gobain to consider.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on December 10, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to the following and which has also been served as noted:

**BY E-MAIL AND HAND DELIVERY**

Jack B. Blumenfeld
Maryellen Noreika
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19899

I hereby certify that on December 10, 2007, the foregoing document was sent to the following non-registered participants in the manner indicted:

**BY E-MAIL AND FEDERAL EXPRESS**

Gregg F. LoCascio
Charanjit Brahma
Sean M. McEldowney
Kirkland & Ellis LLP
655 15th Street, N.W.
Washington, DC 20005-5793

Kelly E. Farnan (#4395)

RLF1-3151112-1