IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SIEMENS MEDICAL SOLUTIONS USA, INC., | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 07-190 (SLR) |
| v. | ) ) | |
| SAINT-GOBAIN CERAMICS & PLASTICS, INC., | ) ) ) | |
| Defendant. | ) ) ) | |

**SIEMENS'S RESPONSE TO SAINT-GOBAIN'S
REQUEST FOR ORAL ARGUMENT**

Saint-Gobain's motion to dismiss for alleged lack of standing raises a single straightforward question – whether it should be denied outright or whether the Court should require Schlumberger Technology Corporation ("STC") to join as a plaintiff in this suit, as it is contractually-required to do, if this Court believes prudential standing concerns require it. Even Saint-Gobain reluctantly recognizes that those are the only two possible outcomes of its motion. The parties' 27 total pages of briefing fully address that question and leave to the Court the factual determination of whether there can be a "substantial likelihood" of multiple suits after STC has stated in writing that it will not pursue a separate suit. Nothing in those briefs suggests that Saint-Gobain's motion to dismiss is especially complex or particularly amenable to oral, rather than written, explanation. Nor does Saint-Gobain identify any issue that it was unable to fully and adequately explain in its briefs. As such, Siemens respectfully submits that oral argument on the motion is unnecessary and would only serve to delay resolution of that issue.

Furthermore, Saint-Gobain elected not to brief or raise this issue prior to the scheduled hearing last month on Siemens' pending motion for preliminary injunction, where it could have been argued if Saint-Gobain felt it worthy of such treatment. To allow Saint-

Gobain's request to delay the entry of a preliminary injunction against Saint-Gobain's continued supply of infringing low-Y LYSO crystals into the marketplace would cause further irreparable injury to Siemens. Indeed, Saint-Gobain's motion has no bearing on whether an injunction should issue at all, as Saint-Gobain's relief would at most add STC as a party and not change the infringement analysis or the balancing of the equities in any way.

Should the Court nevertheless believe that oral argument would be helpful in resolving some aspect of Saint-Gobain's motion to dismiss, Siemens is of course willing to present its argument either in-person or telephonically on any day of convenience to the Court.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika*

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiff*
  *Siemens Medical Solutions USA, Inc.*

*Of Counsel*:

Gregg F. LoCascio
Charanjit Brahma
Sean M. McEldowney
KIRKLAND & ELLIS LLP
655 15th Street, N.W.
Washington, D.C. 20005-5793
(202) 879-5000

December 27, 2007

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on December 27, 2007, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Kelly E. Farnan, Esquire
> RICHARDS, LAYTON & FINGER, P.A.

I also certify that copies were caused to be served on December 27, 2007 upon the following in the manner indicated:

### BY ELECTRONIC MAIL and HAND DELIVERY

Kelly E. Farnan, Esquire
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
Wilmington, DE 19801

### BY ELECTRONIC MAIL

Frederick L. Whitmer, Esquire
THELEN REID BROWN RAYSMAN & STEINER LLP
875 Third Avenue
New York, NY 10022

_/s/ Maryellen Noreika_
Maryellen Noreika (#3208)