IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SIEMENS MEDICAL SOLUTIONS USA, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No.  07-190 (SLR) |
| SAINT-GOBAIN CERAMICS & PLASTICS, INC., | ) ) ) | **REDACTED – PUBLIC VERSION** |
| Defendant. | ) ) | |

## DECLARATION OF MARYELLEN NOREIKA

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
mnoreika@mnat.com

*Attorneys for Plaintiff*
  *Siemens Medical Solutions USA, Inc.*

OF COUNSEL:

Gregg F. LoCascio
Charanjit Brahma
Sean M. McEldowney
KIRKLAND & ELLIS LLP
655 15th Street, N.W.
Washington, D.C. 20005-5793
(202) 879-5000

Original Filing Date:  December 14, 2007
Redacted Filing Date: December 28, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SIEMENS MEDICAL SOLUTIONS USA, INC., | : | Civil Action No. 07-190 SLR |
| Plaintiff, | : | |
| v. | : | **REDACTED – PUBLIC VERSION** |
| SAINT-GOBAIN CERAMICS & PLASTICS, INC., | : | |
| Defendant. | : | |

## DECLARATION OF MARYELLEN NOREIKA

I, Maryellen Noreika, hereby declare:

1.    I am a partner at the law firm of Morris, Nichols, Arsht & Tunnell LLP, which represents Siemens Medical Solutions USA, Inc. ("Siemens") in the above-captioned matter.

2.    Attached as Exhibit A is a true and correct copy of a letter dated November 26, 2007 which was sent to Siemens from Schlumberger.

3.    Attached as Exhibit B is a true and correct copy of the Exclusive Patent and Technology License Agreement for U.S. Patent No. 4,958,080 and related patents and applications effective February 1, 1995.

4.    Attached as Exhibit C is a true and correct copy of a letter dated November 2, 2007 which was sent from Gregg LoCascio to Frederick Whitmer.

I hereby declare, under penalty of perjury, that the foregoing statements are true and correct to the best of my personal knowledge.

Date:   December 14, 2007

_____
Maryellen Noreika

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on December 14, 2007, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Kelly E. Farnan, Esquire
> RICHARDS, LAYTON & FINGER, P.A.

I also certify that copies were caused to be served on December 14, 2007 upon the following in the manner indicated:

### BY ELECTRONIC MAIL and HAND DELIVERY

> Kelly E. Farnan, Esquire
> RICHARDS, LAYTON & FINGER, P.A.
> One Rodney Square
> Wilmington, DE 19801

### BY ELECTRONIC MAIL

> Frederick L. Whitmer, Esquire
> THELEN REID BROWN RAYSMAN & STEINER LLP
> 875 Third Avenue
> New York, NY 10022

/s/ Maryellen Noreika

Maryellen Noreika (#3208)

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on December 28, 2007, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Kelly E. Farnan, Esquire
RICHARDS, LAYTON & FINGER, P.A.

I also certify that copies were caused to be served on December 28, 2007 upon the following in the manner indicated:

### BY ELECTRONIC MAIL and HAND DELIVERY

Kelly E. Farnan, Esquire
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
Wilmington, DE 19801

### BY ELECTRONIC MAIL

Frederick L. Whitmer, Esquire
THELEN REID BROWN RAYSMAN & STEINER LLP
875 Third Avenue
New York, NY 10022

*/s/ Maryellen Noreika*
Maryellen Noreika (#3208)

# EXHIBIT A

# Schlumberger

Jody Lynn DeStefanis
Managing IP Counsel, OFS Research
Intellectual Property Law Department
Schlumberger-Doll Research
One Hampshire Street
Cambridge, MA 02139
Phone: (617) 768-2269
e-mail: jdestefanis@slb.com

November 26, 2007

**Sent via facsimile to: 1.865.218.2760**

David Morehous
Siemens Medical Solutions USA, Inc.
Molecular Imaging
810 Innovation Drive
Knoxville, TN 37932-2571

RE:  *Siemens Medical Solutions USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc.,*
     *Civil Action No. 07-190-SLR (D. Del.)*

Dear Mr. Morehous:

Schlumberger was previously notified by Siemens Medical about Saint-Gobain's acts of patent infringement as identified in the referenced suit in the United States District Court for the District of Delaware.  Schlumberger has relied on Siemens Medical to enforce the US4,958,080 patent as those acts were and are outside the STC Retained Use under the parties' Exclusive Patent and Technology License Agreement. By this letter, Schlumberger reaffirms that it will not pursue Saint-Gobain in a separate action for the acts of infringement identified in the referenced suit.

Sincerely,

Jody Lynn DeStefanis, Esq.
Managing IP Counsel, OFS Research

Cc:  Peter M. Brody, Esq., Ropes & Gray
     Charlotte Copperthite, Esq., Schlumberger Limited
     Dale Gaudier, Esq., Schlumberger Limited

# EXHIBIT B

# EXHIBIT B

## FULLY REDACTED

# EXHIBIT C

# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

Gregg F. LoCascio
To Call Writer Directly:
202 879-5290
glocascio@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

November 2, 2007

**By Electronic Mail & FedEx**

Frederick L. Whitmer, Esq.
Thelen Reid Brown Raysman & Steiner
875 Third Avenue
New York, NY 10022

Re: *Siemens Medical solutions USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc.* (D. Del. C.A. No 07-190-SLR)

Dear Fred:

I have reviewed your letter of October 31st relating to the Federal Circuit's recent *International Gamco Inc. v. Multimedia Games, Inc.* decision. While I expect that we can both equally review the decision itself, based upon the Agreement between Schlumberger and Siemens Medical and the facts in our case, I cannot agree with your interpretation of the impact of that decision on our pending case.

As an initial matter, it is worth noting that while your letter purports to take issue with Siemens Medical's standing, at no point -- even now – has Saint-Gobain ever challenged Siemens Medical's constitutional Article III standing to pursue a patent infringement suit against Saint-Gobain. Recognizing that Siemens Medical has such standing, the theory espoused in your letter is properly addressed under the judicially-created doctrine of prudential standing.

Despite your conclusory suggestion that the Agreement between Schlumberger and Siemens Medical is the "same" as the "enterprise license" in the *International Gamco* decision, a review of that Agreement and the decision demonstrates that the premise underlying Saint-Gobain's position is mistaken. In this case, under the Exclusive Patent and Technology License Agreement, Schlumberger granted Siemens Medical's predecessor CTI an exclusive "right and license under the LSO Patents to make and have made and use world-wide materials and methods covered by such LSO patents." (Agreement §2.1.) As for Schlumberger, the Agreement specifically sets forth their "STC Retained Uses," and narrowly limits that use to the field of oil drilling in sections 1.5 and 2.4 – which has nothing to do with this case or the accused product. Unlike here, in *International Gamco*, the plaintiff Gamco granted away to non-party IGT "all rights to the '035 patent subject only to Gamco's reserved rights in the New York lottery market." (Slip. Op. at 3.)

Chicago        Hong Kong        London        Los Angeles        Munich        New York        San Francisco

# KIRKLAND & ELLIS LLP

Fred L. Whitmer
November 2, 2007
Page 2

While ignored by Saint-Gobain, this distinction is a significant one. In many ways, the specific "enterprise" license in *International Gamco* is more akin to the retained rights held by Schlumberger than those held by Siemens Medical under the '080 patent. *Compare* Agreement *with International Gamco* at 6 ("Because Gamco's license specifies a field of use (the operations of the NYSL), this court must address the legal implications of those limitations on its exclusive enterprise license."). In this case, it is Schlumberger that is limited to one specific field of use, not Siemens Medical.

In addition to weighing in Siemens Medical's favor under the Federal Circuit's "all substantial rights" test to evaluate the true nature of assignments vs. licenses for standing purposes – which remains the law today on the issue of licensee standing – the scope of the rights conveyed to Siemens Medical under the Schlumberger Agreement also weighs in Siemens Medical's favor on the specific issues you raise in connection with the *International Gamco* decision.

*International Gamco* and the Supreme Court case upon which it relies, *Pope Manufacturing Co. v. Jeffery Manufacturing Co.*, 144 U.S. 248 (1892), are both premised on the prudential standing concern over "a substantial risk of multiple suits." *See International Gamco* at 9 (allowing licensee in that case to sue alone "poses a substantial risk of multiple suits"); at 11 ("these multiplicity problems … were foreseen by the Supreme Court in *Pope*"); at 7 (the [Supreme] Court's reasoning focused on the potential for multiple litigations against any one defendant and among the licensees themselves"). In *Pope*, the Supreme Court's concerns over multiple suits stemmed from an attempt to split claims of the same patent among different licensees or owners, which understandably could subject the same act of infringement to multiple suits. In *International Gamco*, the Federal Circuit stated a similar concern given the limited nature of the license at issue: "the single infringing act of offering NYSL games might subject the infringer to suit by Gamco for the lottery games, and separately by IGT or some other game-specific licensee for the other games." *Id.* at 11.

Unlike in those and the other limited-use license situations cited by the Federal Circuit, the rights held here by Siemens Medical are not limited to any particular field of use. Instead, Siemens Medical has all substantial rights in the '080 patent for all possible fields of use other than the limited STC Retained Uses (which are in many ways akin to a limited license back to Schlumberger). This analysis recognizes Siemens Medical's standing and was reaffirmed by the Federal Circuit in *International Gamco* due to the "importance of focusing on the rights actually transferred rather than on the often impressionistic distinction between assignments and licenses." *Id.* at 10.

## KIRKLAND & ELLIS LLP

Fred L. Whitmer
November 2, 2007
Page 3

Indeed, that same principle from the Supreme Court's *Waterman v. Mackenzie* decision was cited by the Federal Circuit in *International Gamco* as being the "mainstay of Supreme Court patent standing jurisprudence." *Id.* (citing 138 U.S. 252, 256 (1891).) In fact, the Supreme Court's specific example upholding licensee standing in *Waterman* applies with equal force here:

> "For instance, a grant of an exclusive right to make, use and vend two patented machines within a certain district, is an assignment, and gives the grantee the right to sue in his own name for an infringement within the district, because the right, although limited to making, using and vending two machines, excludes all other persons, even the patentee, from making, using or vending like machines within the district."

*Id.* Under the Agreement, Siemens Medical has the exclusive right to make, use or sell the patented PET scanners and even Schlumberger itself is excluded from making, using or selling products in the medical imaging field. As such, Siemens Medical satisfies the "mainstay of patent standing jurisprudence" and the prudential concerns of *International Gamco* are not implicated here.

While I believe that a careful reading of the caselaw on this issue and the Schlumberger Agreement will lead you to a similar conclusion, I should also point out that even under Saint-Gobain's stated interpretation of *International Gamco*, the facts of this case would still not counsel the outcome suggested in your letter. Negating any prudential concerns, Schlumberger has specifically declined to bring suit against Saint-Gobain for the acts of infringement at issue in this suit. Once Siemens Medical notified Schlumberger of Saint-Gobain's infringement of the '080 patent, Schlumberger indicated it wished for Siemens Medical to proceed alone to prevent Saint-Gobain's infringement and that it would not bring suit in its name. As such, the prudential concern of "multiple lawsuits" would not be applicable to this case even under Saint-Gobain's position.

Lastly, Saint-Gobain's suggestion that Siemens Medical should withdraw its motion for preliminary injunction in light of the recent *International Gamco* decision is misguided for an additional reason beyond those set forth above. Even under Saint-Gobain's view of the law and ignoring the scope of Siemens Medical's rights under the Agreement, the purported standing concerns expressed in your letter are moot in light of the clause in the Agreement that Siemens Medical can join Schlumberger "as a plaintiff if required by the law of that country and to assist in the prosecution of the lawsuit." (Agreement §9.1(b).) There can be no debate that Saint-Gobain's concerns would evaporate through the addition of Schlumberger as a party, were such an addition required as you suggest. As you know, the deadline for joining other parties has not passed, and were Siemens Medical to seek to join Schlumberger, they

## KIRKLAND & ELLIS LLP

Fred L. Whitmer
November 2, 2007
Page 4


would be contractually bound to do so.  While we do not view such action as necessary, if Saint-Gobain is going to continue to pursue a standing challenge – despite the clear support for Siemens Medical's standing set forth above – please let me know by 3 p.m. on Monday, November 5th whether Saint-Gobain would consent to the addition of Schlumberger or if Saint-Gobain would require Siemens Medical to seek leave from the Court.

If you have any questions, please call me at 202-879-5290.

Very truly yours,

Gregg F. LoCascio