IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

SIEMENS MEDICAL SOLUTIONS USA, )
INC., )
)
    Plaintiff/ Counterclaim- Defendant, )    C.A. No. 07-190-SLR
                  v. )
)
SAINT-GOBAIN CERAMICS & PLASTICS, )    JURY TRIAL DEMANDED
INC., )
)
    Defendant/Counterclaim-Plaintiff. )    **REDACTED - PUBLIC VERSION**
)

## NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil

Procedure, defendant Saint-Gobain Ceramics & Plastics, Inc. will take the deposition by oral

examination of plaintiff Siemens Medical Solutions USA, Inc. on the topics set forth in the

attached Schedule A, through one or more of its officers, directors, or managing agents, or other

person(s) designated by Siemens to testify on its behalf. The deposition will commence on

February 28, 2008, at 9:00 a.m., or upon such adjourned dates as the parties may agree, and will

continue day to day until complete, at the offices of Thelen Reid Brown Raysman & Steiner

LLP, 875 Third Avenue, New York, New York 10022. The deposition will be taken before an

officer authorized by the laws of the United States to administer oaths and will be recorded by

stenographic means. The deposition will be conducted in accordance with this Court's

Scheduling Order dated August 03, 2007. You are invited to attend.

RLF1-3247957-1

_Kelly E. Farnan_

Jesse A. Finkelstein (#1090)

OF COUNSEL:

Finkelstein@rlf.com

Jeffrey L. Moyer (#3309)

Frederick L. Whitmer

Moyer@rlf.com

John C. Ohman

Kelly E. Farnan (#4395)

Thelen Reid Brown Raysman & Steiner LLP

Farnan@rlf.com

875 Third Avenue

Richards, Layton & Finger, P.A.

New York, NY 10022

One Rodney Square, P.O. Box 551

(212) 603-2000

Wilmington, DE 19899

(302) 651-7700

*Attorneys for Defendant/ Counterclaim-Plaintiff*
*Saint-Gobain Ceramics & Plastics, Inc.*

Dated:  January 28, 2008

2

SCHEDULE A

Definitions and Instructions:

The following particular terms shall have the meanings set forth below:

1.    "Person" means any natural person, corporation, partnership, limited partnership, limited liability company, association, organization, joint venture, governmental unit or entity, and the directors, officers, partners, members, employees, agents, representatives and attorneys of any such person.

2.    "You," "your," "Plaintiff" or "Siemens" each mean Plaintiff Siemens Medical Solutions USA, Inc., and include all of its predecessors, successors, subsidiaries, divisions, departments, or other operating units, parents, affiliates and sister entities and all of its present and former directors, officers, employees, agents, representatives and attorneys, whether employed or retained on a full-time, part-time, independent contract, commission or other basis, and any other person acting on their behalf and, as to all, past or present.

3.    "Defendant" or "Saint-Gobain" each mean Defendant Saint-Gobain Ceramics & Plastics, Inc., and include all of its predecessors, successors, subsidiaries, divisions, departments, or other operating units, parents, affiliates and sister entities and all of its present and former directors, officers, employees, agents, representatives and attorneys, whether employed or retained on a full-time, part-time, independent contract, commission or other basis, and any other person acting on their behalf and, as to all, past or present.

4.    "STC" means Schlumberger Technology Corp., and include all of its predecessors, successors, subsidiaries, divisions, departments, or other operating units, parents, affiliates and sister entities and all of its present and former directors, officers, employees, agents, representatives and attorneys, whether employed or retained on a full-time, part-time,

RLF1-3247957-1

independent contract, commission or other basis, and any other person acting on their behalf and, as to all, past or present.

5.  "CTI" means CTI, Inc., and include all of its predecessors, successors, subsidiaries, divisions, departments, or other operating units, parents, affiliates and sister entities and all of its present and former directors, officers, employees, agents, representatives and attorneys, whether employed or retained on a full-time, part-time, independent contract, commission or other basis, and any other person acting on their behalf and, as to all, past or present.

6.  "CTIMI" means CTI Molecular Imaging, Inc., and include all of its predecessors, successors, subsidiaries, divisions, departments, or other operating units, parents, affiliates and sister entities and all of its present and former directors, officers, employees, agents, representatives and attorneys, whether employed or retained on a full-time, part-time, independent contract, commission or other basis, and any other person acting on their behalf and, as to all, past or present.

7.  "General Electric" means the General Electric Company, and includes all of its predecessors, successors, subsidiaries, divisions, departments, or other operating units, parents, affiliates and sister entities and all of its present and former directors, officers, employees, agents, representatives and attorneys, whether employed or retained on a full-time, part-time, independent contract, commission or other basis, and any other person acting on their behalf and, as to all, past or present.

8.

REDACTED

4

REDACTED

9.    The term "Infringe" or "Infringement" shall refer to and mean such activities as set forth in 35 U.S.C. §271, including without limitation making, using, offering to sell, or selling any patented invention, within the United States, or importing into the United States any patented invention during the term of the patent therefore; actively inducing infringement of a patent; or offering to sell or selling within the United States or importing into the United States a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention.

10.    "PTO" shall refer to and mean the United States Patent and Trademark Office.

11.    "LSO" means lutetium oxyorthosilicate, including, without limitation, cerium-doped lutetium oxyorthosilicate crystals of the composition disclosed in the '080 Patent.

12.    "LYSO" means lutetium-yttrium oxyorthosilicate, including, without limitation, cerium-doped lutetium-yttrium oxyorthosilicate crystals of the composition disclosed in the '420 Patent.

13.    "PET" means positron emission tomography.

14.    "PET Scanner" means any positron emission tomography scanner, including, but not limited to computed tomography scanners.

5

15.

REDACTED

16.

REDACTED

17.

REDACTED

18.    "Documents" shall have the meaning ascribed by Fed. R. Civ. P., Rule 34

and all forms of writings as defined in Fed. R. Evid. 1001(1), and includes any reduction to

tangible form, including any written, recorded or filmed matter and any computer, magnetic or

optical memory or storage, including originals, copies, drafts, revisions, or supplements, and

each non-identical copy or draft thereof (whether different from the original because of notes

made on such copy or otherwise), in Siemens' possession, custody or control, including, but not

limited to, the following: diaries, laboratory notebooks, specifications and bills of materials,

charts, diagrams and drawings, patents, patent applications pending or abandoned, letters,

6

correspondence, cable-grams and telegrams, teletypes, cables, wire transmissions, memoranda or

reports, opinions, contracts, agreements, notes, proposals, log book, transcripts, press releases,

records, reports and summaries of negotiations, analyses, summaries, surveys, appraisals,

evaluations, publications, writings related to interviews, meetings or conversations, audio, video

or electronic recordings (or transcripts thereof), computer software and other material recorded

in any manner on a computer, computer tape, computer disk, or CD-ROM (both in source code

and executable form), electronic mail, copies and print-outs of such mail and any other type of

electronic transmission or communication, computer hard drive or floppy discs, any other

computer storage medium, desk calendars, microfiche, facsimile transmission, newsletters,

photographs, advertisements in all media forms, promotional or marketing materials, pamphlets,

catalogs and catalog sheets, circulars, trade letters, publicity, trade and product releases, press

kits, brochures, packaging, instructions or procedural manuals, books, minutes, notices, notes

appearing on any documents, sale sheets, sales records, including purchase orders and invoices,

or other tangible sources of information, and data responsive to these Deposition Topics, whether

such is printed, typed, photocopied, computer or electronically stored, or otherwise available as

tangible material from any source, and of and kind, form, or nature, whether or not sent or

received.

19.    "Patent in suit" and "'080 Patent" each mean U.S. Patent No. 4,958,080.

20.    "License" and "the 'License Agreement" each mean the Exclusive Patent

and Technology License Agreement entered into between STC and CTI on February 13, 1995

and referred to in Paragraph 6 of the Complaint and any attachments and/or amendment thereto.

7

21.    "Siemens' commercial embodiment" shall refer to and mean any method, process, tool, product, device, equipment, hardware, or software, or prototype thereof, made, manufactured, used, imported, sold, or offered for sale by or for Siemens that embodies or practices the subject matter disclosed, described, or claimed in the '080 patent.

22.    "Concern" and "relate" shall be construed in their broadest senses to require information which construe, comprise, concern, relate, pertain to, mention, explain, identify, describe, discuss, refer to (directly or indirectly), reflect, comment upon, or summarize the subject of the deposition topic.

23.    "Including" shall refer to and mean "including without limitation."

24.    The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the Deposition Topic most inclusive.

25.    The use of the singular form of any word includes the plural and vice versa.

26.    The term "communication" shall refer to and mean any form of oral or written interchange of facts, ideas, inquiries or otherwise, whether in person, by telephone, by facsimile, by telex, by electronic mail, or by any other medium.

RLF1-3247957-1

## DEPOSITION TOPICS

1.    Siemens' commercial exploitation or commercial embodiment of the claimed inventions discussed, disclosed, or covered by the '080 patent.

2.    Siemens' marketing and promotional efforts regarding LSO scintillation crystals and any machines or devices incorporating or using LSO crystals from the time beginning with the earliest possible date of conception of the product marketed to the present.

3.    Siemens' knowledge concerning the conception, reduction to practice, diligence in reducing to practice, research, development, *REDACTED* testing, modification, manufacturing, analyses, and use (experimental or otherwise) by Siemens of PET Scanners or other devices or machines incorporating or using LYSO scintillation crystals, including but not limited to any Siemens LYSO Scanner, from the time beginning with the earliest possible date of conception of the device or machine to the present.

4.    Any damages Siemens contends it has sustained by reason of Saint-Gobain's alleged infringement including any diminution of market share Siemens contends it has sustained in the market for PET Scanners.

5.    Any license or contract concerning or relating to LSO or any other scintillation technology to which Siemens is a party, including the License Agreement.

6.    Communications between Siemens and CTI pertaining to the use of lutetium based scintillation crystals in PET Scanners and the enforceability of the '080 patent.

7.    Communications between Siemens and STC pertaining to the use of lutetium based scintillation crystals in PET Scanners and the enforceability of the '080 patent.

9

8.     Communications between Siemens and CTIMI pertaining to the use of lutetium based scintillation crystals in PET Scanners and the enforceability of the '080 patent.

9.     Communications between Siemens and any other parties pertaining to the License Agreement and/or the '080 patent.

10.     Communications between CTIMI and any other parties pertaining to the License Agreement and/or the '080 patent.

11.     Communications between CTI and any other parties referring to or relating to the License Agreement and/or the '080 patent.

12.     Siemens' knowledge of any communications between STC and any other parties referring to or relating to the License Agreement and/or the '080 patent.

13.     Siemens' knowledge of the validity or invalidity of the '080 patent including prior art, analyses and opinions.

14.     Siemens' knowledge of products or technology for the detection of X-rays or gamma rays or products or technology relating to scintillation.

15.     Siemens' knowledge concerning the conception, reduction to practice, diligence in reducing to practice, research, development, *REDACTED*, testing, modification, and experimental use of any of the subject matter disclosed or claimed by the '080 patent from the time beginning with the earliest possible date of conception of the alleged inventions claimed in the '080 patent to the present.

16.     Siemens' knowledge pertaining to any studies, analyses or opinions concerning alleged infringement of the '080 patent by Saint-Gobain or any other manufacturer or supplier of LSO scintillation crystals.

10

17.     Siemens' knowledge pertaining to any studies, analyses or opinions concerning and/or comparing the properties and/or the uses of LSO scintillation crystals and LYSO scintillation crystals, including LYSO crystals produced by Saint-Gobain.

18.     Siemens' knowledge pertaining to any studies, analyses or opinions concerning and/or comparing the properties and/or the uses of LSO and/or LYSO scintillation crystals and those of gadolinium oxyorthosilicate ("GSO") crystals.

19.     Siemens' knowledge pertaining to any studies, analyses or opinions concerning and/or comparing the properties and/or the uses of LSO and/or LYSO scintillation crystals and those of yttrium oxyorthosilicate ("YSO") crystals.

20.     Siemens' knowledge pertaining to any studies, analyses or opinions concerning and/or comparing the properties and/or the uses of LSO and/or LYSO scintillation crystals and those of any and all other rare earth scintillation crystals or compounds asserted by Siemens at any time to be substitutes for LSO and/or LYSO crystals.

21.     Siemens' knowledge pertaining to any studies, analyses or opinions concerning and/or comparing the properties and/or the uses of LSO and/or LYSO scintillation crystals and those of any and all other rare earth scintillation crystals or compounds tested by Siemens at any time as a potential substitute for LSO and/or LYSO crystals.

22.     Siemens' knowledge pertaining to any studies, analyses or opinions concerning time-of-flight PET Scanners using LSO and/or LYSO crystals and the development of LSO time-of-flight PET Scanners by Siemens.

23.

REDACTED

11

REDACTED

24.

REDACTED

25.

REDACTED

26.

REDACTED

27.

REDACTED

28.     Any agreements or contracts between Siemens and General Electric regarding the
'080 Patent or PET Scanners.

12

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2008, I electronically filed the foregoing document

with the Clerk of the Court using CM/ECF which will send notification of such filing to the

following and which has also been served as noted:

### BY E-MAIL AND HAND DELIVERY

Jack B. Blumenfeld
Maryellen Noreika
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19899

I hereby certify that on January 28, 2008, the foregoing document was sent to the

following non-registered participants in the manner indicted:

### BY E-MAIL AND FEDERAL EXPRESS

Gregg F. LoCascio
Charanjit Brahma
Sean M. McEldowney
Kirkland & Ellis LLP
655 15th Street, N.W.
Washington, DC 20005-5793

_Kelly E. Farnan_
Kelly E. Farnan (#4395)

RLF1-3151112-1

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to the following and which has also been served as noted:

### BY HAND DELIVERY

Jack B. Blumenfeld
Maryellen Noreika
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19899

I hereby certify that on February 7, 2008, the foregoing document was sent to the following non-registered participants in the manner indicted:

### BY FEDERAL EXPRESS

Gregg F. LoCascio
Charanjit Brahma
Sean M. McEldowney
Kirkland & Ellis LLP
655 15th Street, N.W.
Washington, DC 20005-5793

_Kelly C. Farnan_
Kelly E. Farnan (#4395)

RLF1-3151112-1