IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SIEMENS MEDICAL SOLUTIONS USA, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 07-190 (SLR) |
| SAINT-GOBAIN CERAMICS & PLASTICS, INC., | ) ) ) | |
| Defendant. | ) | |

**PLAINTIFF SIEMENS MEDICAL SOLUTIONS USA, INC.'S
NOTICE OF DEPOSITION OF SAINT-GOBAIN
CERAMICS & PLASTICS, INC. PURSUANT TO RULE 30(b)(6)**

In accordance with the provisions of Rule 30 of the Federal Rules of Civil Procedure, Plaintiff Siemens Medical Solutions USA, Inc. ("Siemens"), hereby provides notice that commencing at 9:00 A.M. on March 3, 2008, at the offices of Kirkland & Ellis LLP, located at 655 Fifteenth Street, NW, Washington, DC 20005 or at such other time and place mutually agreed upon by counsel for the parties, it will take the deposition of Saint-Gobain Ceramics & Plastics, Inc. ("Saint-Gobain") by oral examination of witness(es) designated by Saint-Gobain to testify on its behalf as the person(s) most competent to testify concerning the matters listed in Attachment A. Pursuant to Federal Rule of Civil Procedure 30(b)(6), the witness(es) designated by Saint-Gobain should be prepared to testify as to such matters reasonably known or reasonably available to Saint-Gobain.

The depositions will be taken upon oral examination before an official authorized by law to administer oaths and will continue from day to day until completed. Pursuant to Rule 30(b)(2), testimony by the witness(es) will be recorded by stenographic and/or videographic means.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika*

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com
*Attorneys for Plaintiff*
  *Siemens Medical Solutions USA, Inc.*

OF COUNSEL:

Gregg F. LoCascio
Charanjit Brahma
Sean M. McEldowney
KIRKLAND & ELLIS LLP
655 15th Street, N.W.
Washington, D.C. 20005-5793
(202) 879-5000

February 11, 2008
1515076

# ATTACHMENT A

**TOPIC 1:** The properties and performance characteristics of LSO and LYSO scintillators, including without limitation LYSO scintillators sold or offered for sale by Saint-Gobain.

**TOPIC 2:** Saint-Gobain's development and testing of LYSO, lanthanum bromide scintillators and any scintillators considered, developed or tested as part of Saint-Gobain's "LSO Equivalent Crystals" project, "Fast and Dense Scintillators" project or "New Fast and Dense Scintillators" project, including without limitation the development and testing of a cerium-doped lutetium pyrosilicate scintillator.

**TOPIC 3:** Any performance specifications for scintillators requested by or offered to any of Saint-Gobain's customers or potential customers, including without limitation Philips Medical Systems.

**TOPIC 4:** Saint-Gobain's licensing of the '420 Patent, '489 Patent or any other patent or technology relating to single crystal scintillators or their use in gamma ray or X-ray detectors and the negotiation of any related license agreements.

**TOPIC 5:** Saint-Gobain's knowledge of the '080 Patent and any analysis done by or on behalf of Saint-Gobain regarding the '080 Patent's validity, infringement, scope or enforceability.

**TOPIC 6:** Saint-Gobain's sales of and offers to sell LYSO scintillators, and the profits, revenues, and cost of goods sold associated with any such sales.

**TOPIC 7:** The market for single crystal scintillators, including without limitation, the market for such crystals for use in PET scanning equipment, and Saint-Gobain's knowledge of the PET scanning equipment market.

2

**TOPIC 8:** Any Communications between Saint-Gobain and any other party regarding the Litigation or the '080 Patent.

**TOPIC 9:** All Documents and things related to the foregoing topics and Saint-Gobain's efforts to collect and produce Documents and things in response to Siemens' document requests.

**TOPIC 10:** All persons known to have knowledge of the foregoing topics other than knowledge derived solely from their involvement in this Litigation.

**DEFINITIONS**

As used in the aforementioned topics, the following terms and phrases shall have the following definitions:

1. **"Document"** as used herein is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate Document within the meaning of this term.

2. **"Communication"** as used herein means any transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

3. **"LSO"** as used herein means the single crystal form of cerium-doped lutetium oxyorthosilicate.

4. **"LYSO"** as used herein means the single crystal form of cerium-doped lutetium yttrium oxyorthosilicate.

5. **"'080 Patent"** as used herein means United States Letters Patent No. 4,958,080.

6. **"'420 Patent"** as used herein means United States Letters Patent No. 6,624,420.

7. **"'489 Patent"** as used herein means United States Letters Patent No. 6,323,489.

8. **"Litigation"** as used herein means <u>Siemens Medical Solutions USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc</u>, Case Number 07-190, before Judge Robinson in the District of Delaware.

9. **"Siemens"** as used herein means, individually and collectively, Siemens Medical Systems USA, Inc., and any of its corporate parents, predecessors, successors, and past or present subsidiaries, affiliates, assigns, divisions, departments, officers, directors, principals, agents, representatives and employees.

4

10. **<u>"Saint-Gobain"</u>** as used herein means, individually and collectively, Saint-Gobain Ceramics & Plastics, Inc., and any of its corporate parents, predecessors, successors, and past or present subsidiaries, affiliates, assigns, divisions, departments, officers, directors, principals, agents, representatives and employees.

11. **<u>"Philips Medical Systems"</u>** as used herein means Philips Medical Systems (Cleveland), Inc. or any affiliate, subsidiary or parent thereof.

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on February 11, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Kelly E. Farnan, Esquire
>RICHARDS, LAYTON & FINGER, P.A.

I also certify that copies were caused to be served on February 11, 2008 upon the following in the manner indicated:

### BY ELECTRONIC MAIL and HAND DELIVERY

Kelly E. Farnan, Esquire
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
Wilmington, DE  19801

### BY ELECTRONIC MAIL

Frederick L. Whitmer, Esquire
THELEN REID BROWN RAYSMAN & STEINER LLP
875 Third Avenue
New York, NY  10022

*/s/ Maryellen Noreika*

Maryellen Noreika (#3208)