IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SIEMENS MEDICAL SOLUTIONS USA, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No.  07-190 (SLR) |
| SAINT-GOBAIN CERAMICS & PLASTICS, INC., | ) ) ) | |
| Defendant. | ) ) | |

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that Leon Radomsky, Esquire is being served with the subpoena attached to this notice as Exhibit A.

PLEASE TAKE FURTHER NOTICE that Crystal Photonics, Inc. is being served with the subpoena attached to this notice as Exhibit B.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika*

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiff*
  *Siemens Medical Solutions USA, Inc.*

*Of Counsel*:

Gregg F. LoCascio
Charanjit Brahma
Sean M. McEldowney
KIRKLAND & ELLIS LLP
655 15th Street, N.W.
Washington, D.C. 20005-5793
(202) 879-5000

February 19, 2008

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on February 19, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Kelly E. Farnan, Esquire
RICHARDS, LAYTON & FINGER, P.A.

I also certify that copies were caused to be served on February 19, 2008 upon the following in the manner indicated:

### BY ELECTRONIC MAIL and HAND DELIVERY

Kelly E. Farnan, Esquire
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
Wilmington, DE 19801

### BY ELECTRONIC MAIL

Frederick L. Whitmer, Esquire
THELEN REID BROWN RAYSMAN & STEINER LLP
875 Third Avenue
New York, NY 10022

*/s/ Maryellen Noreika*

Maryellen Noreika (#3208)

# Exhibit A

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT
## DISTRICT OF THE DISTRICT OF COLUMBIA

## SUBPOENA IN A CIVIL CASE

SIEMENS MEDICAL SOLUTIONS USA, INC.

Case Number: 07-190 (SLR)

United States District Court for the District of Delaware

v.

SAINT-GOBAIN CERAMICS & PLASTICS, INC.

TO: Leon Radomsky, Esq.
Foley & Lardner LLP
3000 K Street, N.W.
Washington, DC 20007
ATTN: Leon Radomsky

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case, to be recorded by stenographic means and/or videotape.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Kirkland & Ellis LLP<br>655 Fifteenth St, N.W.<br>Washington, DC 20005<br>(or by agreement of counsel) | March 13, 2008 at 9:00 AM |

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **SEE SCHEDULE A**

| PLACE | DATE AND TIME |
|---|---|
| Attn: Charanjit Brahma<br>Kirkland & Ellis LLP<br>655 Fifteenth St, N.W.<br>Washington, DC 20005<br>(or by agreement of counsel) | February 29, 2008 at 9:00 AM |

☐    YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | DATE |
|---|---|
| *Charanjit Brahma* (signature)<br><br>Attorney for Plaintiff Siemens Medical Solutions USA, Inc. | February 15, 2008 |

Issuing Officer's Name, Address, and Phone Number
Charanjit Brahma, Kirkland & Ellis LLP, 655 Fifteenth Street, N.W., Washington, DC 20005
(202) 879-5000

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)
[1]If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on . . . . . . . . . . . . . . . . . . . . . . . . . . .

DATE

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
SIGNATURE OF SERVER

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
ADDRESS OF SERVER

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)     PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)   (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)   (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance;
(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, of commercial information, or
(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)     DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**Schedule A**

**DOCUMENT REQUESTS**

1. All Documents and things Concerning any LYSO single crystal scintillator Saint-Gobain sells or offers for sale or has previously sold, offered for sale, or considered offering for sale, including without limitation any information received from or sent to Saint-Gobain regarding such scintillators.

2. All Documents and things Concerning any analysis conducted by or on behalf of Saint-Gobain regarding the '080 Patent, whether Saint-Gobain's products infringe or would infringe the '080 Patent, or the validity or enforceability of the '080 Patent, including without limitation any written or oral opinions of counsel provided to Saint-Gobain, drafts of such opinions, all Documents and things Concerning Saint-Gobain's request for such opinions, all Documents and things Concerning any information about Saint-Gobain's products considered in performing such analyses or preparing such opinions, and all communications regarding such opinions or analyses.

3. All Documents and things Concerning any opinions of counsel, written or otherwise, prepared for and/or provided to Saint-Gobain regarding the '489 Patent or the '420 Patent.

4. Documents sufficient to identify all Foley & Lardner personnel, including without limitation attorneys and patent agents, involved in preparing the March 2006 Opinion, the time spent by each such individual in preparing the March 2006 Opinion, and a description of the tasks performed by each such individual.

5. Documents sufficient to identify all Foley & Lardner personnel, including without limitation attorneys and patent agents, involved in preparing any opinion of counsel for Saint-Gobain regarding either the '489 Patent or the '420 Patent, the time spent by each such individual in preparing such an opinion, and a description of the tasks performed by each such individual.

6. All Documents and things any Foley & Lardner personnel, including without limitation attorneys and patent agents, considered or relied upon in preparing the March 2006 Opinion.

7. All Documents and things Concerning any Foley & Lardner policies regarding the preparation, approval and communication of patent opinions provided to clients, including without limitation the background and qualifications of attorneys permitted to prepare, approve and provide such opinions as well as the review procedure for such opinions prior to their finalization.

8. Documents sufficient to identify the amounts billed to Saint-Gobain or its affiliates by Foley & Lardner for each year from 2003 to the present.

9. Documents sufficient to describe all fees and costs billed by Foley & Lardner to Saint-Gobain for any work Concerning the March 2006 Opinion, the '080 Patent, the '489 Patent, the '420 Patent, LYSO crystals, or LSO crystals, as well as the nature of the work performed.

10. All Documents and things Concerning Saint-Gobain's retention of Foley & Lardner and/or Leon Radomsky to prepare the March 2006 Opinion or to provide advice regarding the '080 Patent, '420 Patent or '489 Patent.

11. A current resume and curriculum vitae for Leon Radomsky.

12. Documents sufficient to identify the title of any patent analyzed in any opinions of counsel provided to a client by Leon Radomsky prior to April 2006 and the dates of the corresponding opinions.

13. Any Documents Concerning this Litigation or Communications Concerning this Litigation. and phone logs or other records of Communications or contact with Saint-Gobain or Philips from January 2006 to the present.

## DEFINITIONS

As used in these requests, the following terms and phrases shall have the following definitions:

1. **"Document"** as used herein is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate Document within the meaning of this term.

2. **"Concerning"** as used herein means relating to, referring to, reflecting, describing, evidencing or constituting.

3. **"Communication"** as used herein means any transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

4. **"Saint-Gobain"** as used herein means, individually and collectively, Saint-Gobain Ceramics & Plastics, Inc., and any of its corporate parents, predecessors, successors, and past or present subsidiaries, affiliates, assigns, divisions, departments, officers, directors, principals, agents, representatives and employees.

5. **"Philips"** as used herein means, individually and collectively, Koninklijke Philips Electronics N.V., and any of its corporate parents, predecessors, successors, and past or present subsidiaries, affiliates, assigns, divisions, departments, officers, directors, principals, agents, representatives and employees.

6. **"LSO"** as used herein means to the single crystal form of cerium doped lutetium oxyorthosilicate having the general chemical formula of $Ce_{2x}Lu_{2(1-x)}SiO_5$.

7. **"LYSO"** as used herein means to the single crystal form of cerium doped lutetium yttrium oxyorthosilicate having the general chemical formula of $Ce_{2x}(Lu_{1-y}Y_y)_{2(1-x)}SiO_5$.

8. **"The '080 patent"** as used herein means to United States Letters Patent No. 4,958,080.

9. **"The '420 patent"** as used herein means to United States Letters Patent No. 6,624,420.

10. **"The '489 patent"** as used herein means to United States Letters Patent No. 6,323,489.

11. **"Litigation"** as used herein means to <u>Siemens Medical Solutions USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc</u>, Case Number 07-190, before Judge Robinson in the District of Delaware.

12. **"USPTO"** as used herein means to the United States Patent and Trademark Office.

13. **"Foley & Lardner"** as used herein means Foley & Lardner LLP, its attorneys, patent agents, and employees, past and present, located worldwide.

14. **"March 2006 Opinion"** as used herein means the opinion of counsel provided to Saint-Gobain dated March 16, 2006 entitled "Non-Infringement Opinion for U.S. Patent No. 4,958,080," which has previously been produced by Saint-Gobain bearing the Bates labels SGCP002151-91.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SIEMENS MEDICAL SOLUTIONS USA, INC. | : |
| | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :    Case No. 07-190 (SLR) |
| | : |
| SAINT-GOBAIN CERAMICS & PLASTICS, INC. | : |
| | : |
| Defendant. | : |
| | : |

## NOTICE OF DEPOSITION OF LEON RADOMSKY PURSUANT TO SUBPOENA

PLEASE TAKE NOTICE that Plaintiff Siemens Medical Solutions USA, Inc. ("Siemens"), by and through its undersigned counsel and pursuant to Federal Rules of Civil Procedure 30 and 45, will take the deposition upon oral examination of Leon Radomsky, Esq., at 9:00 AM on March 13, 2008 at Kirkland & Ellis LLP, 655 Fifteenth Street N.W., Washington, DC 20005, or at such other time or location as may be mutually agreed upon by counsel for Siemens and the deponent.

The deposition will be conducted under oath by an officer authorized to take such testimony and administer oaths. The deposition will be recorded stenographically, and may also be recorded videographically.

Dated: February 15, 2008                    By: _Charanjit Brahm_____

Jack B. Blumenfeld (I.D. No. 1014)
Maryellen Noreika (I.D. No. 3208)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com

Gregg F. LoCascio
Charanjit Brahma
Sean McEldowney
KIRKLAND & ELLIS LLP
655 15th Street, N.W.
Washington, DC 20005
Telephone:   (202) 879-5000
Facsimile:   (202) 879-5200

*Attorneys for Plaintiff*
*SIEMENS MEDICAL SOLUTIONS*
*USA, INC.*

# EXHIBIT B

AO 88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

### SUBPOENA IN A CIVIL CASE

**SIEMENS MEDICAL SOLUTIONS USA, INC.**

Case Number: 07-190 (SLR)

United States District Court for the
District of Delaware

v.

**SAINT-GOBAIN CERAMICS & PLASTICS, INC.**

TO:  Crystal Photonics, Inc.
c/o Matthew R. O'Kane
Lowndes, Drosdick, Doster, Kantor & Reed, P.A.
215 North Eola Drive
Orlando, Florida 32802

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |

☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case, to be recorded by stenographic means and/or videotape, **as set forth in the enclosed notice of deposition**.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Hill Ward Henderson<br>101 East Kennedy Boulevard, Suite 3700<br>Tampa, Florida 33602<br>(or by agreement of counsel) | March 5, 2008 at 9:00 AM |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| Charanjit Brahma<br>c/o Dennis Waggoner<br>Hill Ward Henderson<br>101 East Kennedy Boulevard, Suite 3700<br>Tampa, Florida 33602<br>(or by agreement of counsel) | February 29, 2008 at 9:00 AM |

☐    YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|----------|---------------|
|          |               |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | DATE |
|---|---|
| *Charanjit Brahma* | |
| Attorney for Plaintiff Siemens Medical Solutions USA, Inc. | February 15, 2008 |

Issuing Officer's Name, Address, and Phone Number
Charanjit Brahma, Kirkland & Ellis LLP, 655 Fifteenth Street, N.W., Washington, DC 20005
(202) 879-5000

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)
[1]If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on . . . . . . . . . . . . . . . . . . . . . . . . . . .
DATE

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
SIGNATURE OF SERVER

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
ADDRESS OF SERVER

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)    PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)    (A)    A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)    (A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance;
(ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)    subjects a person to undue burden.

(B)    If a subpoena

(i)    requires disclosure of a trade secret or other confidential research, development, of commercial information, or
(ii)    requires disclosure of an untrained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)    DUTIES IN RESPONDING TO SUBPOENA.

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Schedule A

## DOCUMENT REQUESTS

1.  All Documents and things Concerning the prosecution, issuance, licensing, scope or validity of the '420 patent.

2.  All Documents and things Concerning the prosecution, issuance, licensing, scope or validity of the '489 patent.

3.  All Documents and things Concerning the interference declared at the USPTO between the U.S. Patent App. Ser. No. 09/506,160 and the '489 patent.

4.  All Documents and things Concerning conception and reduction to practice of the invention(s) described and claimed in the '420 patent.

5.  All Documents and things Concerning tests, data, and analyses underlying, or performed in connection with preparing Figures 1A, 1B, 3 and 4 and Table 1 in the '420 patent.

6.  All Documents and things Concerning the '080 patent, including but not limited to its validity, or the scope of any of its claims.

7.  All Documents and things Concerning tests and analyses on LYSO containing less than 15% Yttrium.

8.  All Documents and things Concerning a comparison of the properties of LSO and LYSO.

9.  All Communications with Saint-Gobain or Philips Concerning LSO or LYSO.

10. All Documents and things Concerning any drafts, revisions, or publications of any scientific articles, or scientific meeting presentations or posters, abstracts, or dissertations regarding LYSO and its properties.

11. All Documents and things Concerning the involvement of Siemens or Charles L. Melcher the development, manufacture, sale or offer for sale of any rare earth scintillation crystal, including but not limited to all Communications with Siemens or Charles L. Melcher Concerning the development, manufacture, sale or offer for sale of any rare earth scintillation crystal.

12. All Documents and things, including Communications with Saint-Gobain or Philips, Concerning this Litigation.

13. All Documents and things Concerning Saint-Gobain's License to the '420 patent, including Documents created in the course of preparing, negotiating, and entering into the License and Communications with Saint-Gobain.

# DEFINITIONS

As used in these requests, the following terms and phrases shall have the following definitions:

1. **"Document"** as used herein is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate Document within the meaning of this term.

2. **"Concerning"** as used herein means relating to, referring to, reflecting, describing, evidencing or constituting.

3. **"Communication"** as used herein means any transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

4. **"Siemens"** as used herein means, individually and collectively, Siemens Medical Solutions, Inc., and any of its corporate parents, predecessors, successors, and past or present subsidiaries, affiliates, assigns, divisions, departments, officers, directors, principals, agents, representatives and employees. Siemens' predecessors include CTI, Inc. and CTI Molecular Imaging, Inc.

5. **"Saint-Gobain"** as used herein means, individually and collectively, Saint-Gobain Ceramics & Plastics, Inc., and any of its corporate parents, predecessors, successors, and past or present subsidiaries, affiliates, assigns, divisions, departments, officers, directors, principals, agents, representatives and employees.

6. **"Philips"** as used herein means, individually and collectively, Philips Medical Systems, and any of its corporate parents, predecessors, successors, and past or present subsidiaries, affiliates, assigns, divisions, departments, officers, directors, principals, agents, representatives and employees.

7. **"LSO"** as used herein means the single crystal form of cerium-doped lutetium oxyorthosilicate.

8. **"LYSO"** as used herein means the single crystal form of cerium-doped lutetium yttrium oxyorthosilicate.

9. **"The '080 patent"** as used herein means United States Letters Patent No. 4,958,080.

10. **"The '420 patent"** as used herein means United States Letters Patent No. 6,624,420.

11. **"The '489 patent"** as used herein means United States Letters Patent No. 6,323,489.

12. **"Litigation"** as used herein means Siemens Medical Solutions USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc, Case Number 07-190, before Judge Robinson in the District of Delaware.

13. **"USPTO"** as used herein means the United States Patent and Trademark Office.

14. **"Saint-Gobain's License to the '420 patent"** as used herein means the agreement titled "Patent License Agreement Between Research Foundation of the University of Central Florida and Saint-Gobain Ceramics & Plastics, Inc., Relating to Single Crystal Scintillators," which concerns the '420 patent.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SIEMENS MEDICAL SOLUTIONS USA, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 07-190 (SLR) |
| SAINT-GOBAIN CERAMICS & PLASTICS, INC., | ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFF SIEMENS MEDICAL SOLUTIONS USA, INC.'S NOTICE
OF DEPOSITION OF CRYSTAL PHOTONICS, INC. PURSUANT TO RULE 30(b)(6)**

In accordance with the provisions of Rules 26, 30 and 45 of the Federal Rules of Civil Procedure, Plaintiff Siemens Medical Solutions USA, Inc. ("Siemens"), hereby provides notice that commencing at 9:00 A.M. on March 5, 2008, at the offices of Hill Ward Henderson, 101 East Kennedy Boulevard, Suite 3700, Tampa, Florida 33602, or at such other time and place mutually agreed upon by counsel for the parties, it will take the deposition of Crystal Photonics, Inc. ("Crystal Photonics") by oral examination of witness(es) designated by Crystal Photonics to testify on its behalf as the person(s) most competent to testify concerning the matters listed in Attachment A. Pursuant to Federal Rule of Civil Procedure 30(b)(6), the witness(es) designated by Crystal Photonics should be prepared to testify as to such matters reasonably known or reasonably available to Crystal Photonics.

The depositions will be taken upon oral examination before an official authorized by law to administer oaths and will continue from day to day until completed. Pursuant to Rule 30(b)(2), testimony by the witness(es) will be recorded by stenographic and/or videographic means.

Dated: February 15, 2008                By: _____

                                        Gregg F. LoCascio
                                        Charanjit Brahma
                                        Sean M. McEldowney
                                        KIRKLAND & ELLIS LLP
                                        655 15th Street, N.W.
                                        Washington, DC 20005
                                        (202) 879-5000

                                        Jack B. Blumenfeld (I.D. No. 1014)
                                        Maryellen Noreika (I.D. No. 3208)
                                        1201 North Market Street
                                        P.O. Box 1347
                                        Wilmington, DE  19899
                                        (302) 658-9200

                                        *Attorneys for Plaintiff*
                                        *SIEMENS MEDICAL SOLUTIONS USA,*
                                        *INC.*

## ATTACHMENT A

**TOPIC 1:**    The '420 Patent, its prosecution, issuance, licensing, scope and validity, including without limitation the interference declared at the USPTO between the U.S. Patent App. Ser. No. 09/506,160 and the '489 patent.

**TOPIC 2:**    Research regarding, and development and testing of, LYSO or LSO, including without limitation any testing of LYSO covered by any claim of the '420 Patent and any publications related thereto.

**TOPIC 3:**    The properties and performance characteristics of LSO and LYSO.

**TOPIC 4:**    All Documents Concerning any performance specifications for scintillation crystals received by Crystal Photonics or requests for proposal or requests for information about scintillation crystals to which Crystal Photonics has responded.

**TOPIC 5:**    Any communications between Crystal Photonics and any other party regarding the Litigation or the '080 Patent.

**TOPIC 6:**    All Documents and things related to the foregoing topics and Crystal Photonics' efforts to collect and produce Documents and things in response to the subpoena served by Siemens upon Crystal Photonics.

**TOPIC 7:**    All Persons known to have knowledge of the foregoing topics other than knowledge derived solely from preparing a response to the subpoena served by Siemens upon Crystal Photonics.

3

## DEFINITIONS

As used in the aforementioned topics, the following terms and phrases shall have the following definitions:

1. **"Document"** as used herein is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate Document within the meaning of this term.

2. **"Concerning"** as used herein means relating to, referring to, reflecting, describing, evidencing or constituting.

3. **"Communication"** as used herein means any transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

4. **"Crystal Photonics"** as used herein means, individually and collectively, Crystal Photonics, Inc., and any of its corporate parents, predecessors, successors, and past or present subsidiaries, affiliates, assigns, divisions, departments, officers, directors, principals, agents, representatives and employees.

5. **"LSO"** as used herein means the single crystal form of cerium-doped lutetium oxyorthosilicate.

6. **"LYSO"** as used herein means the single crystal form of cerium-doped lutetium yttrium oxyorthosilicate.

7. **"The '080 patent"** as used herein means United States Letters Patent No. 4,958,080.

8. **"The '420 patent"** as used herein means United States Letters Patent No. 6,624,420.

9. **"The '489 patent"** as used herein means United States Letters Patent No. 6,323,489.

10. **"Litigation"** as used herein means <u>Siemens Medical Solutions USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc</u>, Case Number 07-190, before Judge Robinson in the District of Delaware.

11. **"USPTO"** as used herein means the United States Patent and Trademark Office.