IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SIEMENS MEDICAL SOLUTIONS USA, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 07-190 (SLR) |
| SAINT-GOBAIN CERAMICS & PLASTICS, INC., | ) ) ) | |
| Defendant. | ) ) | |

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that Philips Medical Systems (Cleveland), Inc. is being

served with the subpoena attached to this notice as Exhibit A.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika*

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiff*
  *Siemens Medical Solutions USA, Inc.*

*Of Counsel*:

Gregg F. LoCascio
Charanjit Brahma
Sean M. McEldowney
KIRKLAND & ELLIS LLP
655 15th Street, N.W.
Washington, D.C. 20005-5793
(202) 879-5000

March 5, 2008

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on March 5, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Kelly E. Farnan, Esquire
RICHARDS, LAYTON & FINGER, P.A.

I also certify that copies were caused to be served on March 5, 2008 upon the following in the manner indicated:

### BY ELECTRONIC MAIL

Kelly E. Farnan, Esquire
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
Wilmington, DE 19801

### BY ELECTRONIC MAIL

Frederick L. Whitmer, Esquire
THELEN REID BROWN RAYSMAN & STEINER LLP
875 Third Avenue
New York, NY 10022

*/s/ Maryellen Noreika*

Maryellen Noreika (#3208)

# EXHIBIT A

AO 88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

## SUBPOENA IN A CIVIL CASE

SIEMENS MEDICAL SOLUTIONS USA,
INC.

v.

SAINT-GOBAIN CERAMICS &
PLASTICS, INC.

Case Number: 07-190 (SLR)

United States District Court for the
District of Delaware

TO: Philips Medical Systems (Cleveland), Inc.  [Attn: Douglas McKnight]
c/o CSC - Lawyers Incorporating Service
50 W. Broad St, Suite 1800
Columbus, OH 43215

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case, to be recorded by stenographic means and/or videotape. **See Attached Schedule A for list of deposition topics**

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Crowne Plaza Hotel - Cleveland Airport<br>Attn: Charanjit Brahma<br>7230 Engle Road<br>Middleburg Heights, OH 44130 (or by agreement of counsel) | March 14, 2008 at 9:00 AM |

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **See attached Schedule B**

| PLACE | DATE AND TIME |
|---|---|
| Crowne Plaza Hotel - Cleveland Airport<br>Attn: Charanjit Brahma<br>7230 Engle Road<br>Middleburg Heights, OH 44130 (or by agreement of counsel) | March 13, 2008 at 9:00 AM |

☐    YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | DATE |
|---|---|
| *Charanjit Brahma* Attorney for Plaintiff Siemens Medical Solutions USA, Inc. | March 4, 2008 |

Issuing Officer's Name, Address, and Phone Number

Charanjit Brahma, Kirkland & Ellis LLP, 655 Fifteenth Street, N.W., Washington, DC 20005 (202) 879-5000

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)
¹If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 
DATE

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 
SIGNATURE OF SERVER

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 
ADDRESS OF SERVER

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)    PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)  (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)  (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance;
(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, of commercial information, or
(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)    DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

### Deposition Topics

**TOPIC 1:**    Philips' sales and offers to sell any PET scanner incorporating an LYSO scintillator, and the revenues and profits derived from any such sales.

**TOPIC 2:**    Philips' consideration of LYSO scintillators, LSO scintillators, any other lutetium-based scintillators or lanthanum bromide scintillators for incorporation in its PET scanners, including the scintillator's properties and its suitability for a time-of-flight feature in a PET scanner.

**TOPIC 3:**    Any performance specifications for scintillation crystals given to Philips or requests for proposal or requests for information about scintillation crystals which Philips has propounded.

**TOPIC 4:**    Any communications between Philips and any other party regarding the Litigation or the '080 Patent.

**TOPIC 5:**    Philips' actual or anticipated LYSO requirements from 2001 through October 6, 2008.

**TOPIC 6:**    Any legal opinions sought or received regarding the scope of the '080 Patent, its validity, or its enforceability

**TOPIC 7:**    Philips' market share in the market for PET scanning machines from 2001 to the present, and any subidentifications of that market.

**TOPIC 8:**    Documents covered by and produced pursuant to the subpoena and Philips' efforts to collect and produce Documents and things in response to the subpoena served by Siemens upon Philips.

**TOPIC 9:**    All Persons known to have knowledge of the foregoing topics.

## SCHEDULE B

## Document Requests

1. All Documents and things Concerning the Litigation.

2. All Documents and things Concerning the '080 Patent or any patent claiming an LYSO scintillator or claiming a product incorporating an LYSO scintillator, or Concerning the scope, validity or enforceability of any such patent.

3. All Documents and things Concerning any actual or proposed purchase or receipt of an LYSO crystal scintillator by Philips, including, without limitation, Documents sufficient to identify (a) the supplier of LYSO crystals used in each Philips Lutetium-Based PET scanner, (b) the amount purchased or received by Philips, (c) the dates the crystals were purchased or received, and (d) the price paid by Philips for any such crystals purchased. This topic also includes Documents and things Concerning proposed or executed contracts, agreements, or orders Concerning the supply of LYSO and the negotiation and performance of such contracts, agreements or orders.

4. Documents sufficient to show (a) the quantity and models of Philips' Lutetium-Based PET Scanners that have been sold or offered for sale by Philips, (b) the identities of all customers to whom such machines were sold or offered for sale, (c) the dates on which such machines were made, sold and offered for sale, and (d) the location at which such machines were made, sold and offered for sale.

5. Documents sufficient to show Philips' overall sales volume by product model and overall market share in the market for PET scanning machines.

6. Documents sufficient to show Philips' quarterly sales volumes, revenues and profit margin from sales of Philips' Lutetium-Based PET Scanners, including, without limitation, any portion of Saint-Gobain's revenues or profits attributable to a time-of-flight feature or to a particular type of scintillator used.

7. All Documents and things Concerning the actual or perceived basis for customer demand for Philips' Lutetium-Based PET Scanners, as well as for competing products.

8. All Documents and things Concerning Philips' actual or anticipated LYSO requirements from 2001 through October 6, 2008.

9. All marketing analyses, projections, forecasts or other business plans relating to Philips Lutetium-Based PET Scanners.

10. All Documents and things Concerning marketing for Philips' Lutetium-Based PET Scanners, including, without limitation, a complete set of the labeling, packaging, brochures, manuals, descriptive materials, guides and other Documents and things with which such scanners are marketed and sold.

11. All Documents and things Concerning the use or potential use of LYSO crystals, LSO crystals, or any crystals sold or offered for sale to Philips by Saint-Gobain as scintillators in PET scanning machines.

12. All Documents and things Concerning Philips' selection or evaluation of scintillators proposed for use in Philips' Lutetium-Based PET Scanners, including the properties that make a scintillator suitable or unsuitable for use in PET scanning machines and potential use in implementing a Time-of-Flight feature in a PET scanner.

13. All Documents and things Concerning the design and procurement of all or some of the detector portion of Philips' Lutetium-Based PET Scanners, including, without limitation, Documents and things sufficient to show the composition and properties of the scintillators used or proposed for use therein.

14. All Documents and things Concerning any comparison between LSO and LYSO scintillator crystals or the correlation between the proportion of yttrium to lutetium in an LYSO scintillator and any property of such an LYSO crystal.

## DEFINITIONS

As used in these requests, the following terms and phrases shall have the following definitions:

1. **"Document"** as used herein is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate Document within the meaning of this term.

2. **"Concerning"** as used herein means relating to, referring to, reflecting, describing, evidencing or constituting.

3. **"Communication"** as used herein means any transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

4. **"Siemens"** as used herein means, individually and collectively, Siemens Medical Solutions, Inc., and any of its corporate parents, predecessors, successors, and past or present subsidiaries, affiliates, assigns, divisions, departments, officers, directors, principals, agents, representatives and employees. Siemens' predecessors include CTI, Inc. and CTI Molecular Imaging, Inc.

5. **"Saint-Gobain"** as used herein means, individually and collectively, Saint-Gobain Ceramics & Plastics, Inc., and any of its corporate parents, predecessors, successors, and past or present subsidiaries, affiliates, assigns, divisions, departments, officers, directors, principals, agents, representatives and employees.

6. **"Philips"** as used herein means, individually and collectively, Philips Medical Systems (Cleveland), Inc., and any of its corporate parents, predecessors, successors, and past or present subsidiaries, affiliates, assigns, divisions, departments, officers, directors, principals, agents, representatives and employees.

7. **"LSO"** as used herein means the single crystal form of cerium-doped lutetium oxyorthosilicate.

8. **"LYSO"** as used herein means the single crystal form of cerium-doped lutetium yttrium oxyorthosilicate.

9. **"The '080 patent"** as used herein means United States Letters Patent No. 4,958,080.

10. **"Litigation"** as used herein means Siemens Medical Solutions USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc, Case Number 07-190, before Judge Robinson in the District of Delaware.

11. **"Philips' Lutetium-Based PET Scanner"** as used herein means any positron emission tomography scanner made, used, sold, offered for sale or imported by Philips that incorporates a LYSO scintillator or another lutetium-based scintillator, including without limitation the Gemini TF PET/CT scanner.

## INSTRUCTIONS

1. **Information Requested**. In answering these document requests, furnish all information, however obtained, including hearsay, that is available to Philips or subject to Philips' reasonable inquiry, access or control, including information in the actual or constructive possession of Philips, their attorneys, experts, and anyone else acting on Philips' behalf.

2. **Time Period.** All requests are limited to the period of 2001 to the present unless otherwise noted in the topic or request.

3. **Objections.** If any part of any document request is objected to, set forth the basis for Philips' objection and respond to all parts of the document request to which Philips does not object, pursuant to Federal Rules of Civil Procedure 34(b) and (c) and Rule 45.

4. **Privilege.** If any privilege is claimed as a ground for not answering any document request or for withholding any information responsive to any document request, provide all information required by Federal Rules of Civil Procedure 26(b)(5) and 45(d)(2).

5. **Destruction.** If Philips has knowledge of any document, tangible object, or other thing that is responsive to any document request, but has been destroyed or is no longer in existence, identify and describe with particularity the document, tangible object, or thing destroyed, where it was destroyed, who possessed it prior to its destruction, who destroyed it, what the contents of the document, tangible object or thing were prior to its destruction, and why and how it was destroyed.

6. **All/Each.** The terms "all" and "each" shall be construed as all and each.

7. **And/or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a document request all responses that otherwise might be construed to be outside of its scope.

8. **Number.** The use of the singular form of any word includes the plural and vice versa.

9. **Partial Response.** If Philips cannot respond to all or part of any document request after exercising due diligence to secure the full information to do so, so state and answer to the extent possible, specifying Philips' inability to answer the remainder. In any partial response, state whatever information or knowledge Philips has concerning the unanswered portion, and detail what efforts have been taken to secure the unknown information.