IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SIEMENS MEDICAL SOLUTIONS USA, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civ. No. 07-190-SLR ) |
| SAINT-GOBAIN CERAMICS & PLASTICS, INC., | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM ORDER**

At Wilmington this 7th day of March, 2008, having reviewed defendant's motion to dismiss and the papers submitted in connection therewith;

IT IS ORDERED that said motion (D.I. 66) is granted, for the reasons that follow:

1. **Background.** On or about February 1, 1995, Schlumberger Technology Corporation ("STC") and plaintiff's predecessor-in-interest, CTI, Inc. ("CTI"), entered into a license, entitled "Exclusive Patent and Technology License Agreement" ("the License"). (D.I. 67, ex. A) Of importance to the dispute at bar are the following provisions from the License:

> 2.2    Subject to the terms of this [License], and subject to the terms and conditions contained herein, STC hereby grants to CTI and its Affiliates an exclusive and non-transferable (except as otherwise provided herein) right and license under the LSO Technology to make and have made and use world-wide materials and methods covered by such LSO Technology. CTI and its Affiliates are further granted the right to sell world-wide such material and apparatus containing such material subject to the restrictions contained

>   herein.
>
> 2.4   The Parties agree that the STC Retained Uses[1] are excluded from the license rights as defined in this section 2.0.
>
> 9.0   Unlicensed Competition
>
> 9.1   STC and CTI agree to notify the other, where one or both of them have knowledge, of a third party infringing one or more of the patents specified in the LSO Patent Rights in any particular country where CTI or its Affiliates are conducting Licensed Use under this [License]. If STC has not caused such infringement to cease, or if an infringement suit has not been filed against such identified infringer by STC within a first three (3) month period after having received notice, which date of receipt of notice will be provided in writing to CTI by STC, CTI at its option may:
>
>>   (a) have the Royalty Payments due hereunder to STC discontinued for the particular country while the infringement continues unchallenged; and/or
>>
>>   (b) file a lawsuit against the infringer and control the lawsuit at its own expense and risk. In such case, and in that particular country only, CTI or its Affiliates shall continue or resume to pay to STC the Royalty Payments and STC agrees to join CTI as a plaintiff if required by the law of that country and to assist in the prosecution of the lawsuit.

(D.I. 67, ex. A) Schedule A to the License, which lists "Licensed Patents and Patent Applications," includes U.S. Patent No. 4,958,080 ("the '080 patent"). (Id.)

2. On or about April 3, 2007, plaintiff Siemens Medical Solutions USA, Inc. ("Siemens")[2] filed the instant lawsuit asserting claims against Saint-Gobain Ceramics &

---

[1]"1.5  **STC Retained Use** means any and all uses of LSO, LSO Patents and LSO Technology in the fields of oil well logging, logging-while-drilling or formation evaluation, either in the form of apparatus or tools offered for sale or lease to third parties or as a service performed on behalf of third parties."

[2]According to the complaint, in 2002, CTI merged with and into CTI Molecular Imaging, Inc. ("CTIMI") and, effective as of June 1, 2002, CTIMI assumed all of CTI's rights and obligations under the License to the '080 patent. In 2005, Siemens acquired

Plastics, Inc. ("Saint-Gobain") of inducing infringement and contributory infringement, pursuant to 35 U.S.C. §§ 271 (b) and (c), respectively. This court has subject matter jurisdiction over the dispute pursuant to 28 U.S.C. §§ 1331 and 1338.

3. The court entered a case management order on or about July 3, 2007. (D.I. 15) Saint-Gobain filed the instant motion to dismiss (D.I. 66) on or about December 6, 2007. According to a stipulation entered into by the parties and approved by the court, the deadline for joining parties and/or to amend the pleadings was extended to ten (10) days following the court's entry of a ruling on Saint-Gobain's motion to dismiss. (D.I. 73)

4. **Prudential standing to sue.**[3] "An exclusive licensee has standing to sue in its own name, without joining the patent holder, where 'all substantial rights' in the patent are transferred." Gamco, Inc. v. Multimedia Games, Inc., 504 F.3d 1273, 1276 (Fed. Cir. 2007). In determining whether "all substantial rights" have been transferred, the inquiry is a very practical one: Does suit by a licensee in its own name alone pose a "substantial risk of multiple suits and multiple liabilities against an alleged infringer for a single act of infringement"? See id. at 1278. If the license at issue "apportions the subject matter of a patent," the risk of a multiplicity of lawsuits generally precludes standing to a licensee. See id. at 1279.

5. **Analysis.** The License at bar requires Siemens to: (a) notify STC of an act

---

CTIMI and all of its business assets, including CTIMI's rights and obligations under the License to the '080 patent.

[3] Given the focus of the parties' papers and the facts of record, the court finds that Siemens has constitutional standing to sue under the license agreement at issue.

of infringement; and (b) give STC 90 days to institute suit against the alleged infringer. If STC does not timely file suit, Siemens may file a lawsuit against the infringer and control the lawsuit at its own expense and risk. During the life of the lawsuit, STC will not oppose joinder as a plaintiff if required to do so. While the License clearly gives STC the exclusive right to sue during the first 90-day period, there is no specific, reciprocal language giving Siemens the **exclusive** right to sue after the first 90-day period. Moreover, it is evident that the License is a field of use license, one that apportions the subject matter of the '080 patent as to LSO Technology between, on the one hand, the fields of oil well logging, logging-while-drilling or formation evaluation (STC) and, on the other hand, all other uses of LSO Technology (Siemens).

6. **Conclusion.** Under all of these circumstances, the court concludes that the License did not transfer "all substantial rights" to Siemens. Siemens, therefore, does not have standing to sue in its own name alone and Saint-Gobain's motion to dismiss is granted, subject to the following condition.

IT IS FURTHER ORDERED that plaintiff may join STC as a plaintiff on or before March 17, 2008. Failure to do so will result in dismissal of the case.

_____
United States District Judge