IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SIEMENS MEDICAL SOLUTIONS USA, INC., <br>    Plaintiff/ Counterclaim-Defendant, <br><br> v. <br><br> SAINT-GOBAIN CERAMICS & PLASTICS, INC., <br>    Defendant/Counterclaim-Plaintiff. | C.A. No. 07-190-SLR <br><br> JURY TRIAL DEMANDED |

## ANSWER TO AMENDED COMPLAINT AND AMENDED COUNTERCLAIM ON BEHALF OF DEFENDANT SAINT-GOBAIN CERAMICS & PLASTICS, INC.

Defendant Saint-Gobain Ceramics & Plastics, Inc. ("Saint-Gobain"), by its attorneys, Richards, Layton and Finger, P.A. and Thelen Reid Brown Raysman & Steiner LLP, as and for its Answer to the Amended Complaint of plaintiff Siemens Medical Solutions USA, Inc. ("Siemens"), says:

  1. Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Amended Complaint.

  2. Saint-Gobain admits the allegations contained in Paragraph 2 of the Amended Complaint.

  3. Saint-Gobain admits the allegations contained in Paragraph 3 of the Amended Complaint.

  4. Saint-Gobain admits the allegations contained in Paragraph 4 of the Amended Complaint.

  5. Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Amended Complaint, except Saint-

Gobain refers to the contents of United States Letters Patent No. 4,958,080 ("the '080 Patent") for the precise terms and meaning thereof.

6. Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Amended Complaint, except Saint-Gobain refers to the contents of the Exclusive Patent License and Technology Agreement, dated as of February 1, 1995, by and between Schlumberger Technology Corporation ("STC") and CTI, Inc. ("CTI"), for the precise terms and meaning thereof.

7. Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Amended Complaint.

8. Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Amended Complaint.

9. Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Amended Complaint, except Saint-Gobain refers to the contents of the Exclusive Patent License and Technology Agreement, dated as of February 1, 1995, by and between STC and CTI, for the precise terms and meaning thereof.

10. Saint-Gobain denies the allegations contained in Paragraph 10 of the Amended Complaint.

11. Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Amended Complaint, except Saint-Gobain refers to the contents of the Assignment identified therein for the precise terms and meaning thereof.

12. Saint-Gobain denies the allegations contained in paragraph 12 of the Amended Complaint.

13. Saint-Gobain denies the allegations contained in paragraph 13 of the Amended Complaint.

14. Saint-Gobain denies the allegations contained in paragraph 14 of the Amended Complaint.

15. Saint-Gobain denies the allegations contained in paragraph 15 of the Amended Complaint.

16. Saint-Gobain denies the allegations contained in paragraph 16 of the Amended Complaint.

17. Saint-Gobain denies the allegations contained in paragraph 17 of the Amended Complaint.

18. Saint-Gobain denies the allegations contained in paragraph 18 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Saint-Gobain has not infringed, and does not infringe, either through inducement of infringement, or by contributory infringement, any claim of the '080 Patent, either literally or under the doctrine of equivalents.

### THIRD AFFIRMATIVE DEFENSE

Siemens' claims may be limited by virtue of the application of 35 U.S.C. § 287.

## FOURTH AFFIRMATIVE DEFENSE

Siemens is estopped from construing any claim of the '080 Patent to be infringed or to have been infringed, either literally or under the doctrine of equivalents, by any method or product manufactured, used, imported, sold or offered for sale by Saint-Gobain, in view of the prior art and/or because of admissions and statements made to the United States Patent and Trademark Office during prosecution of the application leading to the issuance of the '080 Patent, because of disclosure or language in the specification of the '080 Patent, and/or because of limitations in the claims of the '080 Patent.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs claims are barred, in whole or in part, by the doctrines of laches, waiver and/or estoppel.

## AMENDED COUNTERCLAIM ON BEHALF OF SAINT-GOBAIN CERAMICS & PLASTICS, INC.

Counterclaim-Plaintiff, Saint-Gobain Ceramics & Plastics, Inc., as and for its Amended Counterclaim against Counterclaim-Defendant Siemens Medical Solutions, USA, Inc., alleges as follows:

1. Counterclaim-Plaintiff Saint-Gobain Ceramics & Plastics, Inc. ("Saint-Gobain") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Newbury, Ohio.

2. Counterclaim-Defendant Siemens Medical Solutions, USA, Inc. ("Siemens") has itself alleged that it is a corporation organized and existing under the law as of the State of Delaware, with its principal place of business in Malvern, Pennsylvania.

3. This Amended Counterlcaim is brought pursuant to the Declaratory Judgment Act, 28 U.S.C.§§2201 (a) and 2202, and pursuant to the patent laws of the United States, 35 U.S.C. §1 et seq., and by virtue of Federal Rule of Civil Procedure 13 as a mandatory Counterclaim. This Court has jurisdiction over this Amended Counterclaim pursuant to 28 U.S.C. §§1131 and 1338.

4. Venue is proper in this District pursuant to 28 U.S.C.§ §1391 (b), (c) and 1400(b).

5. An actual and justiciable controversy has arisen and currently exists between the parties for which Saint-Gobain seeks a declaration of rights pursuant to 28 U.S.C.§§ 2201 (a) and 2202 and Rule 57 of the Federal Rules of Civil Procedure, inasmuch as Siemens has alleged that Saint-Gobain is infringing United States Letters Patent No. 4,958,080 ("the '080 Patent"). Saint-Gobain has denied this allegation and asserts that it does not infringe any valid claim of the '080 Patent.

6. Saint-Gobain has not infringed, and does not infringe directly or indirectly, and will not in the future infringe, directly or indirectly, any valid claim of the '080 patent, if any.

**PRAYER FOR RELIEF**

WHEREFORE, Counterclaim-Plaintiff Saint-Gobain Ceramics & Plastics, Inc. prays for judgment in its favor and Counterclaim-Defendant against Siemens Medical Solutions USA, Inc., as follows:

1. Dismissing the Amended Complaint herein with prejudice and awarding Counterclaim-Plaintiff Saint-Gobain Ceramics & Plastics, Inc. its costs incurred in this action.

2. A declaration that Counterclaim-Plaintiff Saint-Gobain Ceramics & Plastics, Inc. does not infringe any valid claim of the '080 patent, either directly or indirectly, either literally or

under the doctrine of equivalents.

3.  Permanently enjoining and restraining Counterclaim-Defendant Siemens Medical Solution USA, Inc., its agents, servants, subsidiaries, affiliates, employers and all those in active concert or participation with them, from asserting, directly or indirectly, any claim of infringement of the '080 Patent against Counterclaim-Plaintiff Saint-Gobain Ceramics & Plastics, Inc. or against any person or entity in privity with Saint-Gobain Ceramics & Plastics, Inc.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Frederick L. Whitmer<br>John C. Ohman<br>Thelen Reid Brown Raysman & Steiner LLP<br>875 Third Avenue<br>New York, NY 10022<br>(212) 603-2000 | /s/ Jesse A. Finkelstein<br>Jesse A. Finkelstein (#1090)<br>Finkelstein@rlf.com<br>Jeffrey L. Moyer (#3309)<br>Moyer@rlf.com<br>Kelly E. Farnan (#4395)<br>Farnan@rlf.com<br>Richards, Layton & Finger, P.A.<br>One Rodney Square, P.O. Box 551<br>Wilmington, DE 19899<br>(302) 651-7700<br>*Attorneys for Defendant/ Counterclaim-Plaintiff Saint-Gobain Ceramics & Plastics, Inc.* |

Dated: April 7, 2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on April 7, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to the following and which has also been served as noted:

**BY HAND DELIVERY**

Jack B. Blumenfeld
Maryellen Noreika
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19899

I hereby certify that on April 7, 2008, the foregoing document was sent to the following non-registered participants in the manner indicted:

**BY FEDERAL EXPRESS**

Gregg F. LoCascio
Charanjit Brahma
Sean M. McEldowney
Kirkland & Ellis LLP
655 15th Street, N.W.
Washington, DC 20005-5793

_____
Jeffrey L. Moyer (#3309 5)