IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SIEMENS MEDICAL SOLUTIONS USA, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No.  07-190 (SLR) |
| SAINT-GOBAIN CERAMICS & PLASTICS, INC., | ) ) ) ) | **REDACTED --** **PUBLIC VERSION** |
| Defendant. | ) | |

### SIEMENS' MOTION TO EXCLUDE PORTIONS OF THE EXPERT TESTIMONY OF KENNETH J. MCCLELLAN

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com

*Attorneys for Plaintiff*
  *Siemens Medical Solutions USA, Inc.*

*Of Counsel*:

Gregg F. LoCascio, P.C.
Charanjit Brahma
Sean M. McEldowney
Michael A. Pearson, Jr.
KIRKLAND & ELLIS LLP
655 15th Street, N.W.
Washington, DC 20005
(202) 879-5000

Original Filing Date:  June 25, 2008
Redacted Filing Date: July 11, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SIEMENS MEDICAL SOLUTIONS USA, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | C.A. No. 07-190 (SLR) |
| SAINT-GOBAIN CERAMICS & PLASTICS, INC., | ) ) ) ) | CONFIDENTIAL – FILED UNDER SEAL |
| Defendant. | ) | |

### SIEMENS' MOTION TO EXCLUDE PORTIONS OF THE EXPERT TESTIMONY OF KENNETH J. MCCLELLAN

One of Saint-Gobain's technical experts – Dr. Kenneth J. McClellan – opined in his most recent expert report and at his deposition that LSO and 10% Y LYSO *may* not be equivalent to one another for some non-PET applications. This Court may remember it has previously heard from Dr. McClellan in this case, discounting his opinions at the preliminary injunction stage of this trial as "*not helpful* with respect to illuminating the performance benefits (i.e., differences in 'result') of using LYSO as compared to LSO; comparing the convenience of manufacturing is *not relevant to determining equivalency* in function." (D.I. 79 at 10) (emphasis added).

To "support" his current opinion, Dr. McClellan relied upon several applications of these scintillators, claiming that in such applications, users value different crystal aspects than those important to PET scanners — the accused infringing device in this case. When asked for the basis of these opinions, Dr. McClellan testified that he was relying upon his memory of test data he has seen in the course of his professional career at Los Alamos National Laboratory ("Los Alamos"), where he is a research scientist (Ex. 1, 6/13/08 McClellan Dep. at 19:3-11;

169:12-20; 171:12-24.).[1] Dr. McClellan refused, however, to produce the documents that formed the basis for his memory, and thus for his opinions.

Dr. McClellan readily admits that he has access to those materials. Whether Dr. McClellan looked at those Los Alamos documents recently or, as he claims, he is relying on his several-years-old "memory" of those documents makes little difference. Rule 26(a)(2) require that documents underlying his opinions be produced. That rule provides that an expert provide "a complete statement of all opinions the witness will express and the *basis and reasons* for them" and *"the data or other information considered by the witness in forming them."* (emphasis added). By withholding the documents that Dr. McClellan considered in forming his opinions, Saint-Gobain has deprived Siemens both of the opportunity to probe the basis for Dr. McClellan's opinions thoroughly and to offer its own expert's opinions based on the same information. The consequence is clear — Saint-Gobain should not be permitted to offer Dr. McClellan's testimony based on information he has not disclosed. Fed. R. Civ. P. 37(c)(1).

I.  **Dr. McClellan Should Be Precluded From Offering Opinions Based on Unverifiable Information He Has Not Disclosed.**

Rule 26(a)(2) requires a testifying expert to disclose not only his or her opinions, but also "the basis and reasons" for those opinions and "the data or other information considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B)(i) and (ii). In his expert report, Dr. McClellan refers to several scintillator applications he remembers from his work at Los Alamos that supposedly apply different scintillator performance specifications than the PET and high energy physics applications found in the published literature. (Ex. 2, Expert Report of Dr. Kenneth J. McClellan). According to Dr. McClellan, his "memory" was based upon Los

---

[1]    Citations to "Ex. ___" refer to exhibits attached to the Declaration of Michael A. Pearson, Jr., submitted herewith.

Alamos documents, including scintillator performance specifications, experimental test data, and evaluations of candidate scintillators for various projects and applications. (Ex. 1, 6/13/08 McClellan Dep. at 19:3-11; 169:12-20; 171:12-24.) Dr. McClellan has admitted he has ready and continuing access to these materials.

Neither Saint-Gobain nor Dr. McClellan (in response to Siemens' subpoena), however, has produced a single, non-published document from Los Alamos relating to any of these alternative applications.[2] Beyond Saint-Gobain's obligation under Rule 26 to produce these documents, Siemens also subpoenaed Dr. McClellan and specifically requested that he turn over:

- All Documents and things Concerning any comparisons of the scintillation properties of LSO and LYSO
- All Documents and things Concerning any opinions you have regarding the merits of the claim of Siemens Medical Solutions USA, Inc. that Saint-Gobain has infringed the '080 patent.
- All Documents and things Concerning any drafts, revisions, or publications of any scientific articles, or scientific meeting presentations or posters, abstracts, or dissertations regarding LYSO and its properties.
- All Documents and things Concerning any application for which LYSO was chosen as a scintillator, including any documents Concerning any reason that LYSO was chosen for this application and any other scintillator materials considered.

(Ex. 4, 10/25/07 Subpoena of Kenneth J. McClellan; *see also* Ex. 5, 06/17/2008 Letter from Charanjit Brahma to Frederick Whitmer and John Ohman.) Dr. McClellan never served formal

---

[2]  One document regarding Dr. McClellan's work with LYSO has been produced in this litigation — a published article from 2000 regarding LYSO and LSO. Ex. 3, 11/02/2007 McClellan Dep. Ex. 32. This article makes no mention of any applications for either LYSO or LSO and provides data regarding only some properties of the crystals. Notably though, the article concludes that 10% Y LYSO "retain[s] the desirable physical and optical scintillator parameters of LSO." *Id.* at 3.

3

objections to Siemens' subpoena or any of the particular requests, nor did Saint-Gobain seek to quash or otherwise oppose the subpoena.

Saint-Gobain and Dr. McClellan have, however, refused to produce the documents upon which Dr. McClellan relies for his opinions. This refusal by Saint-Gobain and Dr. McClellan support their casting Dr. McClellan as having two "walled-off" portions of his brain – (1) the everyday scientist with access to the documents, and (2) the testifying expert who relies on – but who does not "possess" – the documents. Claiming these documents are "not available to [him] in this role" as an expert witness, Dr. McClellan nevertheless bases his opinions on his memory of those same documents. (*See* Ex. 6, McClellan 00181-82; 6/13/2008 Dep. at 169:4-20; 171:12-24.) Dr. McClellan confirmed that he has access to these documents, allegedly in his "other" role.[3] (Ex. 7, 11/02/07 McClellan Dep. at 28:21-29:11; Ex. 1, 6/13/2008 McClellan Dep. at 10-11.) This "bifurcation" of an expert's bases and data is improper and untenable.

Rule 26 makes clear that this information must be produced to give Siemens a full opportunity to challenge Dr. McClellan's opinions, and Rule 37(c) makes clear that the consequence of failing to turn over this information is exclusion of Dr. McClellan's testimony on these topics. *See, e.g., Fleming v. City of New York*, No. 01 Civ. 8885, 2007 WL 4302501, at *3

---

[3]  It does not matter that Dr. McClellan relies on his memory of these documents instead of the documents themselves. *See, e.g., Monsanto Co. v. Aventis Cropscience, N.V.*, 214 F.R.D. 545, 547-48 (E.D. Mo. 2002) (party required to produce materials reviewed by expert years before litigation if the subject matter of the materials "relates to the facts and opinions the expert expressed in his report"). Siemens must be given an opportunity to at least test the accuracy and completeness of Dr. McClellan's "memory." If Siemens is denied the underlying documents, Dr. McClellan's opinions effectively become unchallengeable. As it is, at several instances in his deposition, Dr. McClellan admitted that he no longer remembered the details of these withheld documents. *See, e.g.*, Ex. 1, 6/13/2008 McClellan Dep. at 95:12 - 96:6 (expressing doubt in his ability to remember

(S.D.N.Y. Dec. 7, 2007) (excluding expert testimony and evidence based on data the proffering party failed to produce). If the documents Dr. McClellan considered to form the basis for his opinions are not produced, and Siemens is not permitted a fair opportunity to use them, Saint-Gobain should not be allowed to offer Dr. McClellan's expert testimony on those matters.

## II. Conclusion

Siemens respectfully requests that the Court preclude Saint-Gobain from offering expert testimony from Dr. Kenneth McClellan on the issue of whether Saint-Gobain's 10% yttrium LYSO crystals are equivalent to the LSO crystals recited in the claims of the '080 patent with respect to the following areas as indicated in his most recent expert report: ███████ ████████████████████████████████████████████████████████ ██████████████████████████████████ – where he based his opinion on documents that have not been produced to Siemens in this litigation.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com

*Attorneys for Plaintiff*
*Siemens Medical Solutions USA, Inc.*

5

*Of Counsel*:

Gregg F. LoCascio, P.C.
Charanjit Brahma
Sean M. McEldowney
Michael A. Pearson, Jr.
KIRKLAND & ELLIS LLP
655 15th Street, N.W.
Washington, DC 20005
(202) 879-5000

June 25, 2008

## RULE 7.1.1 CERTIFICATE

I hereby certify that the subject of the foregoing motion has been discussed with counsel for the defendant and that we have not been able to reach agreement.

/s/ Jack B. Blumenfeld
Jack B. Blumenfeld (#1014)

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on July 11, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Kelly E. Farnan, Esquire
>RICHARDS, LAYTON & FINGER, P.A.

I also certify that copies were caused to be served on July 11, 2008, upon the following in the manner indicated:

>**VIA ELECTRONIC MAIL AND HAND DELIVERY**
>
>Kelly E. Farnan, Esquire
>RICHARDS, LAYTON & FINGER, P.A.
>One Rodney Square
>Wilmington, DE 19801
>
>**VIA ELECTRONIC MAIL**
>
>Frederick L. Whitmer, Esquire
>THELEN REID BROWN RAYSMAN & STEINER LLP
>875 Third Avenue
>New York, NY 10022

/s/ Jack B. Blumenfeld
Jack B. Blumenfeld (#1014)