IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SIEMENS MEDICAL SOLUTIONS USA, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No.  07-190 (SLR) |
| SAINT-GOBAIN CERAMICS & PLASTICS, INC., | ) ) ) | **REDACTED – PUBLIC VERSION** |
| Defendant. | ) | |

**DECLARATION OF MICHAEL A. PEARSON, JR.
IN SUPPORT OF SIEMENS' MOTION TO EXCLUDE PORTIONS
OF THE EXPERT TESTIMONY OF KENNETH J. MCCLELLAN**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com

*Attorneys for Plaintiff
  Siemens Medical Solutions USA, Inc.*

*Of Counsel*:

Gregg F. LoCascio, P.C.
Charanjit Brahma
Sean M. McEldowney
Michael A. Pearson, Jr.
KIRKLAND & ELLIS LLP
655 15th Street, N.W.
Washington, DC 20005
(202) 879-5000

Original Filing Date:  June 25, 2008
Redacted Filing Date: July 11, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SIEMENS MEDICAL SOLUTIONS USA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SAINT-GOBAIN CERAMICS & PLASTICS, INC.,<br><br>Defendant. | Civil Action No. 07-190 SLR<br><br>**FILED UNDER SEAL** |

## DECLARATION OF MICHAEL A. PEARSON, JR.

I, Michael A. Pearson, Jr., hereby declare:

1.      I am an attorney at the law firm of Kirkland & Ellis LLP, which represents Siemens Medical Solutions USA, Inc., in the above-captioned matter.

2.      Attached as Exhibit 1 is a true and correct copy of excerpts of the deposition of Kenneth J. McClellan, taken in Santa Fe, New Mexico on June 13, 2008.

3.      Attached as Exhibit 2 is a true and correct copy of the Expert Report of Dr. Kenneth J. McClellan, signed May 29, 2008.

4.      Attached as Exhibit 3 is a true and correct copy of Plaintiff's Exhibit 32, marked during the deposition of Kenneth J. McClellan taken in Santa Fe, New Mexico on November 2, 2007.

5.      Attached as Exhibit 4 is a true and correct copy of the subpoena issued to Kenneth J. McClellan on October 25, 2007.

6.      Attached as Exhibit 5 is a true and correct copy of a letter sent from Charanjit Brahma to Frederick L. Whitmer and John C. Ohman on June 17, 2008.

7.    Attached as Exhibit 6 is a true and correct copy of the document bearing the bates label McCLELLAN00181-82, produced by Kenneth J. McClellan in response to the subpoena attached to this declaration as Exhibit 2.

8.    Attached as Exhibit 7 is a true and correct copy of excerpts of the deposition of Kenneth J. McClellan, taken in Santa Fe, New Mexico on November 2, 2007.

I hereby declare, under penalty of perjury, that the foregoing statements are true and correct to the best of my personal knowledge.

Date:   June 25, 2008

_____
Michael A. Pearson, Jr.

2

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on July 11, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Kelly E. Farnan, Esquire
> RICHARDS, LAYTON & FINGER, P.A.

I also certify that copies were caused to be served on July 11, 2008, upon the following in the manner indicated:

### VIA ELECTRONIC MAIL AND HAND DELIVERY

Kelly E. Farnan, Esquire
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
Wilmington, DE 19801

### VIA ELECTRONIC MAIL

Frederick L. Whitmer, Esquire
THELEN REID BROWN RAYSMAN & STEINER LLP
875 Third Avenue
New York, NY 10022

Jack B. Blumenfeld (#1014)

# EXHIBIT 1

# EXHIBIT REDACTED
# IN ITS ENTIRETY

EXHIBIT 2

# EXHIBIT REDACTED
# IN ITS ENTIRETY

EXHIBIT 3

JOURNAL OF APPLIED PHYSICS    VOLUME 88, NUMBER 12    15 DECEMBER 2000

# Crystal growth and optical characterization of cerium-doped Lu₁.₈Y₀.₂SiO₅

D. W. Cooke,[a] K. J. McClellan, B. L. Bennett, J. M. Roper, M. T. Whittaker, and R. E. Muenchausen
*Materials Science and Technology Division, Los Alamos National Laboratory, Los Alamos, New Mexico 87545*

R. C. Sze
*Chemical Sciences and Technology Division, Los Alamos National Laboratory, Los Alamos, New Mexico 87545*

(Received 9 June 2000; accepted for publication 4 October 2000)

Czochralski growth of cerium-doped $Lu_{1.8}Y_{0.2}SiO_5$ (LYSO) from a 90/10 solution of $Lu_2SiO_5$ (LSO) and $Y_2SiO_5$ (YSO) is demonstrated. The alloyed scintillator retains the favorable growth properties of YSO and the desirable physical and optical scintillator properties of LSO. Radioluminescence, thermally stimulated luminescence, optical absorption, and lifetime measurements confirm the equivalence of LYSO and LSO optical properties. Advantages of LYSO Czochralski growth relative to LSO include reduced melting point, less propensity for formation of crystalline inclusions, lower cost of starting material, and easier incorporation of cerium into the host lattice. This material offers an attractive alternative to LSO for scintillator applications. © 2000 American Institute of Physics. [S0021-8979(00)08201-9]

A good scintillator is characterized by excellent light yield, fast decay time, relative high density, and absence of self-absorption in the visible portion of the electromagnetic spectrum. Rare-earth oxyorthosilicates ($Ln_2SiO_5$), with cerium substituting for a small fraction of the host lanthanide ions, are currently the phosphors of choice for most scintillator applications.[1] Optical properties of single-crystal $Lu_2SiO_5$:Ce (LSO) and $Gd_2SiO_5$:Ce, with respective densities 7.4 and 6.7 $g/cm^3$, have been reported along with those of $Y_2SiO_5$:Ce (YSO).[2] The latter material has received less attention as a scintillator due to its relative low density (4.5 $g/cm^3$) and corresponding lower stopping power for energetic particles and photons.

Single-crystal growth of oxyorthosilicates by the Czochralski technique has been well documented[3] and their optical and physical properties have been evaluated and discussed in previous work.[2] Unfortunately, single-crystal-growth technology for LSO is substantially less mature than for YSO. This is partially due to the higher melting point of LSO ($\approx 2150$ °C) relative to YSO ($\approx 1980$ °C) and the concomitant technical problems, as well as the high cost of $Lu_2O_3$ relative to $Y_2O_3$. An attractive alternative material would be an alloy that retains the favorable scintillator properties of LSO along with the growth characteristics and costs associated with YSO. Accordingly, we have investigated solid solutions of LSO and YSO in an effort to strike a balance between the performance and production limitations of these two systems.

In the present work, we demonstrate successful Czochralski growth of cerium-doped $Lu_{1.8}Y_{0.2}SiO_5$ (LYSO) and show that it retains the desired optical and physical properties of LSO, as well as the growth parameters and costs of YSO. We discuss the advantages associated with growth of

this scintillator relative to its constituents and conclude that it offers an attractive alternative to LSO.

The desire to maintain a relatively high density for the alloyed scintillator dictated only consideration of Lu-rich mixtures, and, therefore, we limited our choice to a 90/10 solid solution of LSO/YSO, i.e., $Lu_{1.8}Y_{0.2}SiO_5$, with approximately 0.05 at. % Ce substituting for the lutetium and yttrium ions. Single crystals of LSO, YSO, and LYSO were grown under similar conditions by the Czochralski technique. Samples were pulled from an iridium crucible under a nominal $N_2 + 3000$ ppm $O_2$ atmosphere, with typical growth rate of 3 mm/h. Seeded growth occurred by employing an off-axis seed of typical cross section 5–7 $mm^2$, with the growth interface being convex to the melt surface. The initial Ce content in the melt for LYSO was 0.25 at. % (relative to the rare-earth sites), but with a measured Ce distribution coefficient 0.28, we estimated the Ce content to be $\approx 0.07\%$ with respect to rare-earth sites at the top of the boule. A similar Ce concentration exists in LSO, but is slightly higher in YSO due to the larger Ce distribution coefficient (0.34).[4] An important implication of the larger coefficient is that the YSO host lattice more readily accepts incorporation of Ce than does the LSO lattice. Thus, alloying LSO with YSO can be expected to yield a more open lattice (relative to LSO) that can accommodate a higher Ce concentration. This provides experimental opportunity to investigate the important relationship between the Ce content and light output over a broader concentration range than allowed in LSO.

The melting point for LYSO is estimated to be 2100 °C and the measured density is 7.11 $g/cm^3$. Although modest, the $\approx 2\%$ reduction (relative to LSO) in melting point has significant, practical crystal growth implications. Experimentally, we found the decrease in melting point for LYSO to improve the single-crystal production rate over LSO through

[a]Electronic mail: cooke@lanl.gov

0021-8979/2000/88(12)/7360/3/$17.00    7360    © 2000 American Institute of Physics

Downloaded 14 Sep 2005 to 128.165.248.6. Redistribution subject to AIP license or copyright, see http://jap.aip.org/jap/copyright.jsp

PLAINTIFF'S EXHIBIT
32

CONFIDENTIAL

McCLELLAN 00008

J. Appl. Phys., Vol. 88, No. 12, 15 December 2000

Cooke et al.    7361



FIG. 1. Typical RL emission spectra of YSO (solid line), LYSO (dotted line), and LSO (dashed line).



FIG. 2. Temperature dependence of LYSO and LSO radioluminescence peak intensities.

increased iridium crucible (melting point $\approx$ 2450 °C) lifetime.

Another advantage of Czochralski-grown LYSO over LSO is the apparent reduction in concentration of optical scattering centers in LYSO, which we believe is due to subtle differences in their respective melt viscosities. Optical and scanning electron microscopy examinations of LSO show the scattering centers to mainly consist of rare-earth oxide inclusions.

To demonstrate no deterioration of favorable LYSO optical properties, we measured radioluminescence (RL), thermally stimulated luminescence (TSL), optical absorption, and emission lifetime of LYSO, LSO, and YSO, and compared the results. Typical experimental details describing all techniques except the lifetime measurements have been previously described.[5] Lifetime measurements were made with a $N_2$ laser ($\lambda \approx 337.1$ nm; pulse width$\approx$20 ns), whose output was directed onto samples of approximately 1 cm$^3$ volume. A vacuum photodiode located perpendicular to the incident laser beam recorded spectral emission from the scintillator. Following pulse excitation, temporal decay of the emission intensity was measured by a digital oscilloscope and subsequently transferred to a desktop computer for analysis. A long-pass filter was placed between the sample and detector to eliminate scattered laser radiation. Signal to noise was enhanced by signal averaging a total of 128 emission versus time scans.

Figure 1 shows a comparison of room-temperature RL from x-ray-excited LSO, YSO, and LYSO. These spectra represent the average of four measurements on each sample whereby a repeatability error of ± 5% was established. In each sample, the emission is characteristic of the $5d \rightarrow 4f$ electronic transition of the Ce$^{3+}$ ions, and, within experimental error, are equal in intensity.

Temperature dependencies of LYSO and LSO RL peak intensities are shown in Fig. 2. (Note that for these measure-

ments an experimental arrangement different from that used to obtain the data shown in Fig. 1 was employed; therefore, peak intensities at 300 K, shown in the two graphs, are not equal). The data shown in Fig. 2 were taken as the sample temperature increased from 10 to 300 K, although a few measurements were made by decreasing the temperature to confirm the absence of hysteresis. Sample temperature at each selected point was maintained within two degrees of the desired value by a temperature controller, and was held at that temperature for five minutes prior to measuring RL. Total irradiation time at each temperature was one minute (exposure rate=200 R/s). Although similar, the temperature-dependent RL of both LSO and LYSO are unusual in that they exhibit higher quantum efficiencies at room temperature than at low temperature; similar results have been previously reported for LSO.[6]

Optical absorption for the three specimens is compared in Fig. 3. As expected, the LYSO absorption is nearly identical to YSO and LSO absorption, each one dominated by the strong transitions of the Ce$^{3+}$ ions with the appearance of a band edge near 200 nm.[4]

Results of lifetime measurements are illustrated in Fig. 4. Data in the interval from 20 to 300 ns are well described by a single exponential decay, $I(t)=I_0 \exp(-t/\tau)$, where $I_0$ is initial spectral intensity and $\tau$ is lifetime. Lifetime data for $t<20$ ns were excluded because they overlapped the excitation laser-pulse width. The extracted values with goodness of fit are: LSO ($\tau=37.4$ ns,$\chi^2=0.999$); YSO ($\tau=39.2$ ns,$\chi^2=0.999$); and LYSO ($\tau=41.5$ ns,$\chi^2=0.999$). Similar values have been previously reported for LSO and YSO.[4] It is notable that the decay follows the single exponential rate out to $t>7\tau$, indicating complete absence of deleterious afterglow. Lempicki et al.[6] measured significant afterglow in gamma-excited LSO and suggested that it be correlated with the presence of an electron trap near 340 K. As shown in Fig.

Downloaded 14 Sep 2005 to 128.165.240.6. Redistribution subject to AIP license or copyright, see http://jap.aip.org/jap/copyright.jsp

CONFIDENTIAL

McCLELLAN 00009

7362    J. Appl. Phys., Vol. 88, No. 12, 15 December 2000

Cooke et al.



FIG. 3. Optical absorption spectra of LYSO (solid line), LSO (dotted line), and YSO (dashed line). Main absorption bands correspond to $5d \rightarrow 4f$ transitions of $Ce^{3+}$ ions. Typical sample thickness is 0.65 mm.



FIG. 5. TSL glow curve of LYSO (solid line) and LSO (dotted line) obtained with heating rate of 5 K/s. The main glow peak in each sample occurs near 390 K.

5, LYSO and LSO exhibit this TSL glow peak but not the intense afterglow. The glow peak maximum occurs near 390 K rather than 340 K due to the faster heating rate used in the present experiment. Presumably, optical excitation employed in the present lifetime measurement does not populate the electron traps near 390 K as efficiently as does the gamma excitation utilized in the experiment of Lempicki et al. In the

latter experiment, we expect significant afterglow due to the release of trapped electrons and their recombination at Ce ions. This spectral contribution is in addition to the electronic deexcitation that occurs within the $Ce^{3+}$ manifold alone. The time interval for release of these trapped electrons and their subsequent recombination at the Ce ion sites is expected to exceed the ~40 ns typically associated with $Ce^{3+}$ deexcitation in LSO. The net effect of the slow release of trapped electrons is to enhance the emission intensity at times exceeding several $\tau$, and, thus, to produce afterglow.

In conclusion, we have demonstrated that alloying LSO with YSO yields a material, $Lu_{1.8}Y_{0.2}SiO_5$, which provides benefits from the favorable growth properties and costs of YSO while retaining the desirable physical and optical scintillator parameters of LSO. Advantages of LYSO Czochralski growth over LSO include reduced melting point, less propensity for formation of inclusions, longer crucible lifetime, lower cost of starting material, and easier incorporation of cerium into the host lattice. This material offers an attractive alternative to LSO for scintillator applications.



FIG. 4. Decay of 337 nm excited emission in LSO (solid line), LYSO (dotted line), and YSO (dashed line). The temporal behavior of each sample is nearly identical and is well described by a single exponential with lifetime ~40 ns.

This research was supported by the U.S. Department of Energy and administered by the University of California.

[1] C. W. E. van Eijk, Nucl. Instrum. Methods Phys. Res. A 392, 285 (1997).
[2] H. Suzuki, T. A. Tombrello, C. L. Melcher, and J. S. Schweitzer, Nucl. Instrum. Methods Phys. Res. A 320, 263 (1992).
[3] C. D. Brandle, A. J. Valentino, and G. W. Berkstresser, J. Cryst. Growth 79, 308 (1986).
[4] C. L. Melcher, R. A. Manente, C. A. Peterson, and J. S. Schweitzer, J. Cryst. Growth 128, 1001 (1993).
[5] D. W. Cooke, B. L. Bennett, R. E. Muenchausen, K. J. McClellan, J. M. Roper, and M. T. Whittaker, J. Appl. Phys. 86, 5308 (1999).
[6] A. Lempicki and J. Glodo, Nucl. Instrum. Methods Phys. Res. A 416, 333 (1998).

Downloaded 14 Sep 2005 to 128.165.240.6. Redistribution subject to AIP license or copyright, see http://jap.aip.org/jap/copyright.jsp

CONFIDENTIAL

McCLELLAN 00010

EXHIBIT 4

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW MEXICO

### SUBPOENA IN A CIVIL CASE

| | |
|---|---|
| **SIEMENS MEDICAL SOLUTIONS USA, INC.** | Case Number: 07-190 (SLR) |
| v. | United States District Court for the District of Delaware |
| **SAINT-GOBAIN CERAMICS & PLASTICS, INC.** | |

TO: Dr. Kenneth J. McClellan
377 Garver Lane
Los Alamos, New Mexico 87544

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case, to be recorded by stenographic means and/or videotape.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Courtyard by Marriott 3347 Cerrillos Road Santa Fe, NM 87507 (or by agreement of counsel) | November 2, 2007  8:30 am |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **SEE SCHEDULE A**

| PLACE | DATE AND TIME |
|---|---|
| Attn: Charanjit Brahma RUFFIN REPORTING 1608 5th St. NW Albuquerque, NM 87102 (or by agreement of counsel) | October 25, 2007  9:00 am |

☐ YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | DATE |
|---|---|
| *Charanjit Brahma* <br> Attorney for Plaintiff Siemens Medical Solutions USA, Inc. | October 25, 2007 |

Issuing Officer's Name, Address, and Phone Number

Charanjit Brahma, Kirkland & Ellis LLP, 655 Fifteenth Street, N.W., Washington, DC 20005 (202) 879-5000

(See Rule 45, Federal Rules of Civil Procedure Parts C& D on Reverse)
[1]If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
|  | 10/25/2007 | Email |
|  | 10/26/2007 | Federal Express at 875 Third Avenue, New York, New York 10022 |

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Thelen Reid Brown Raysman & Steiner LLP<br>875 Third Avenue<br>New York, New York 10022 | Federal Express and Electronic Mail by Agreement of Counsel |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Michael A. Pearson | Attorney |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   10/25/2007

.................................................
DATE

.................................................
SIGNATURE OF SERVER

655 Fifteenth Street, N.W.
.................................................
ADDRESS OF SERVER

Washington, DC 20005
.................................................

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)   PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)   (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)   (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance;
(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, of commercial information, or
(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)   DUTIES IN RESPONDING TO SUBPOENA.

(1)   A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)   When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Schedule A

## DOCUMENT REQUESTS

1.  All Documents and things Concerning items received in correspondence with Saint-Gobain or the attorneys it has retained in this Litigation.

2.  All Documents and things Concerning any drafts made of your Declaration.

3.  All Documents and things Concerning any comparisons of the scintillation properties of LSO and LYSO.

4.  All Documents and things Concerning any compensation received or expected to be received from Saint-Gobain as a result of any cooperation, participation, or expertise provided regarding this Litigation.

5.  All Documents and things Concerning any opinions you have regarding the merits of the claim of Siemens Medical Solutions USA, Inc. that Saint-Gobain has infringed the '080 patent.

6.  All Documents and things Concerning any correspondence you have had with any of Siemens Medical Solutions USA, Inc; CTI Molecular Imaging, Inc.; Schlumberger Technology Corporation; Charles Melcher; Bruce Chai; or Yangyang Ji.

7.  All Documents and things Concerning any drafts, revisions, or publications of any scientific articles, or scientific meeting presentations or posters, abstracts, or dissertations regarding LYSO and its properties.

8.  All Documents and things Concerning the prosecution of the '489 patent or the '420 patent, the validity or enforceability of either of those patents or the "surrender" of the '489 patent as that term is used in paragraph 9 of your Declaration.

9.  All Documents and things Concerning any license agreements regarding the '489 patent or the '420 patent.

10. All Documents and things Concerning any application for which LYSO was chosen as a scintillator, including any documents Concerning any reason that LYSO was chosen for this application and any other scintillator materials considered.

11. All Documents and things Concerning any royalties you may receive or have received regarding the '489 patent, the '420 patent, or any other patent related to LYSO.

## DEFINITIONS

As used in these requests, the following terms and phrases shall have the following definitions:

1. **"Document"** as used herein is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate Document within the meaning of this term.

2. **"Concerning"** as used herein means relating to, referring to, reflecting, describing, evidencing or constituting.

3. **"Communication"** as used herein means any transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

4. **"Saint-Gobain"** as used herein means, individually and collectively, Saint-Gobain Ceramics & Plastics, Inc., and any of its corporate parents, predecessors, successors, and past or present subsidiaries, affiliates, assigns, divisions, departments, officers, directors, principals, agents, representatives and employees.

5. **"LSO"** as used herein means to the single crystal form of cerium doped lutetium oxyorthosilicate having the general chemical formula of $Ce_{2x}Lu_{2(1-x)}SiO_5$.

6. **"LYSO"** as used herein means to the single crystal form of cerium doped lutetium yttrium oxyorthosilicate having the general chemical formula of $Ce_{2x}(Lu_{1-y}Y_y)_{2(1-x)}SiO_5$.

7. **"The '080 patent"** as used herein means to United States Letters Patent No. 4,958,080.

8. **"The '420 patent"** as used herein means to United States Letters Patent No. 6,624,420.

9. **"The '489 patent"** as used herein means to United States Letters Patent No. 6,323,489.

10. **"Litigation"** as used herein means to Siemens Medical Solutions USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc., Case Number 07-190, before Judge Robinson in the District of Delaware.

11. **"USPTO"** as used herein means to the United States Patent and Trademark Office.

12. **"Declaration"** as used herein means the Declaration of Dr. Kenneth J. McClellan given in this Litigation executed October 16, 2007.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SIEMENS MEDICAL SOLUTIONS USA, INC. | : |
| | : |
| **Plaintiff,** | : |
| | : |
| v. | :     Case No. 07-190 (SLR) |
| | : |
| SAINT-GOBAIN CERAMICS & PLASTICS, INC. | : |
| | : |
| **Defendant.** | : |

## NOTICE OF DEPOSITION OF KENNETH J. MCCLELLAN
## PURSUANT TO SUBPOENA

PLEASE TAKE NOTICE that Plaintiff Siemens Medical Solutions USA, Inc. ("Siemens Medical"), by and through its undersigned counsel and pursuant to Federal Rules of Civil Procedure 30 and 45, will take the deposition upon oral examination of Dr. Kenneth J. McClellan at 8:30 AM on November 2, 2007 at the Courtyard by Marriott hotel, 3347 Cerrillos Road, Santa Fe, NM, 87507, or at such other time or location as may be mutually agreed upon by counsel for Siemens Medical and the deponent.

The deposition will be conducted under oath by an officer authorized to take such testimony and administer oaths. The deposition will be recorded stenographically, and may also be recorded videographically. Siemens Medical will use LiveNote.

Dated: October 25, 2007

By: _Charanjt Brahm_

Jack B. Blumenfeld (I.D. No. 1014)
Maryellen Noreika (I.D. No. 3208)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com

Gregg F. LoCascio
Charanjit Brahma
Sean McEldowney
KIRKLAND & ELLIS LLP
655 15th Street, N.W.
Washington, DC 20005
Telephone:   (202) 879-5000
Facsimile:   (202) 879-5200

*Attorneys for Plaintiff*
*SIEMENS MEDICAL SOLUTIONS*
*USA, INC.*

# EXHIBIT 5

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

Charanjit Brahma
To Call Writer Directly:
(202) 879-5148
cbrahma@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

June 17, 2008

**VIA FACSIMILE**

Frederick L. Whitmer, Esq.
John C. Ohman, Esq.
Thelen Reid Brown Raysman & Steiner LLP
875 Third Avenue
New York, NY 10022

Dear Fred and John:

I write regarding Saint-Gobain's and Dr. McClellan's refusal to produce documents responsive to Siemens' subpoena and information considered by Dr. McClellan in forming his expert opinions to which Dr. McClellan has access at Los Alamos National Laboratory. As he stated throughout each of his depositions in this case, Dr. McClellan is relying upon his memory of these documents, including experimental data and project performance specifications, for his opinions in this case. *See, e.g.*, 11/2/07 Deposition Tr. at 28-29 and 31-32; 06/13/08 Deposition Rough Tr. at 7-8, 15-16, 73-74, 88-89, 113, and 163-66.

The Federal Rules of Civil Procedure require an expert to disclose "the data or other information considered by the witness in forming" his opinions. Fed. R. Civ. P. 26(a)(2)(B)(ii). Saint-Gobain's refusal to produce such information prejudices Siemens by preventing us from fully analyzing the basis for Dr. McClellan's opinions and effectively deposing and/or cross-examining him.

When we previously raised this production failure with you, John agreed to check with Dr. McClellan regarding the documents he had access to at LANL. Until Dr. McClellan's deposition last Friday, we had received no response. From Dr. McClellan's most recent testimony, it appears Saint-Gobain is maintaining its position that this documentation to which Dr. McClellan has access need not be produced.

If Saint-Gobain or Dr. McClellan has changed its position regarding producing these documents, please let us know by no later than *Thursday, June 19th*. Otherwise, if Saint-Gobain and Dr. McClellan continue to rely upon Dr. McClellan's opinions without permitting Siemens to review the underlying basis of those opinions, Siemens will be forced to seek the Court's intervention to preclude Dr. McClellan from testifying.

**KIRKLAND & ELLIS LLP**

Frederick L. Whitmer, Esq.
John C. Ohman, Esq.
June 17, 2008
Page 2

Please do not hesitate to contact me if you have any questions.

Sincerely,

Charanjit Brahma

EXHIBIT 6

# EXHIBIT REDACTED
# IN ITS ENTIRETY

# EXHIBIT 7

# EXHIBIT REDACTED
# IN ITS ENTIRETY