IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SIEMENS MEDICAL SOLUTIONS USA, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 07-190 (SLR) |
| SAINT-GOBAIN CERAMICS & PLASTICS, INC., | ) ) ) | |
| Defendant. | ) | |

**SIEMENS' REPLY BRIEF IN SUPPORT OF ITS MOTION TO EXCLUDE
PORTIONS OF THE EXPERT TESTIMONY OF KENNETH J. MCCLELLAN**

                                                  MORRIS, NICHOLS, ARSHT & TUNNELL LLP
                                                  Jack B. Blumenfeld (#1014)
                                                  Maryellen Noreika (#3208)
                                                  1201 North Market Street
                                                  P.O. Box 1347
                                                  Wilmington, DE 19899
                                                  (302) 658-9200
                                                  jblumenfeld@mnat.com

                                                  *Attorneys for Plaintiff*
                                                    *Siemens Medical Solutions USA, Inc.*

OF COUNSEL:

Gregg F. LoCascio
Charanjit Brahma
Sean M. McEldowney
Michael A. Pearson, Jr.
KIRKLAND & ELLIS LLP
655 15th Street, N.W.
Washington, D.C. 20005-5793
(202) 879-5000

July 11, 2008

TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ...................................................................................................................1

ARGUMENT ...........................................................................................................................3

    I.    FED. R. CIV. P. 26 AND 37 PRECLUDE DR. MCCLELLAN FROM TESTIFYING ABOUT THESE TOPICS. ...................................................3

        A.    The source of the information considered is irrelevant to Rule 26(a)(2). ...................................................................................3

        B.    When the expert read the documents is irrelevant to Rule 26(a)(2). ...................................................................................4

        C.    Saint-Gobain, not Siemens, has the obligation to produce information considered by its expert. ...........................................................5

        D.    Permitting Dr. McClellan to testify would prejudice Siemens. ............................................................................................6

    II.    ALTERNATIVELY, FED. R. EVID. 702 PRECLUDES DR. MCCLELLAN FROM TESTIFYING ABOUT THESE TOPICS. .........................7

CONCLUSION ........................................................................................................................8

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Dyson Tech. Ltd. v. Maytag Corp.*,
   241 F.R.D. 247 (D. Del. 2007) ...................................................................................1, 4

*Fleming v. City of New York*,
   No. 01 Civ. 8885, 2007 WL 4302501 (S.D.N.Y. Dec. 7, 2007) ..............................................3

*In re Orthopedic Bone Screw Prods. Liab. Litig.*,
   No. MDL-1014, 1996 WL 900345 (E.D. Pa. July 16, 1996) .......................................................4

*Karn v. Ingersoll-Rand Co.*,
   168 F.R.D. 633 (N.D. Ind. 1996) .................................................................................6

*Ratliff v. Schiber Truck Co.*,
   150 F.3d 949 (8th Cir. 1998) .....................................................................................7

*Stecyk v. Bell Helicopter Textron, Inc.*,
   295 F.3d 408 (3d Cir. 2002) .....................................................................................7

**RULES**

Fed. R. Civ. P. 26(a) ...............................................................................................1, 3, 5

Fed. R. Civ. P. 37 ....................................................................................................3, 6

Fed. R. Evid. 702 ....................................................................................................2, 7

**INTRODUCTION**

Saint-Gobain cannot have it both ways. It cannot put up Dr. McClellan to testify about the results of "testing" or "projects" purportedly supporting its position and then fail to disclose a single document relating to those tests or projects. Saint-Gobain's creative defense to this untenable position is the following argument:

> *Dr. McClellan isn't "considering" those documents and test data, he's only considering his "memory" of those documents and test data.*

Saint-Gobain's position is neither supported by law, nor does it make sense.

First, Federal Rule 26(a)(2)(B)(ii) requires an expert to provide "the data or other information considered by the witness in forming" his opinion — namely the test data and project documents that have gone unproduced here. Saint-Gobain admits that Dr. McClellan did consider the information contained in those documents, but suggests that he need not provide such materials because Dr. McClellan's physical review of the documents themselves occurred *prior* to his retention and that he only considered his memory of that review after he was retained. That is a distinction without a difference. To avoid such parsing and its problematic results, courts — including in this District — have defined "'considered' broadly to include materials that an expert reviews, reflects upon, reads, and/or uses." *Dyson Tech. Ltd. v. Maytag Corp.*, 241 F.R.D. 247, 251 (D. Del. 2007). There is no question that Dr. McClellan has "reflected upon" and "used" the unproduced materials here during his retention.

Second, Saint-Gobain admits that the temporal distinction it draws between pre-retention and post-retention review of materials is not the law. Indeed, Saint-Gobain acknowledges that Rule 26 has been interpreted to require production of materials reviewed pre-retention when those form the basis of the expert's opinion — as the unproduced documents do

- 1 -

here. To try to avoid those cases, Saint-Gobain suggests they are limited to documents handed to the expert by Saint-Gobain — an artificial and unsupported narrowing of those cases and the principle behind them.

Third, Saint-Gobain and Dr. McClellan argue that they are unable to produce those materials even if they wanted to because they are secret and the property of the U.S. Government. That is not Siemens' problem. It is Saint-Gobain's and Dr. McClellan's problem, for two reasons. Saint-Gobain, not Siemens, made the decision to hire an expert and have him offer testimony purportedly based on information that it claims an inability to produce. It cannot now benefit from its own decision by avoiding production and thorough cross-examination. In addition, Dr. McClellan's interpretation of Government regulations is suspect at best. According to Dr. McClellan, he cannot share the papers containing test data and materials in his desk and files because they are secret, but he can somehow discuss his "memory" of the information in those documents.

Lastly, Saint-Gobain's and Dr. McClellan's position leads to exclusion on *Daubert* grounds as well. In order for the Court to satisfy its "gatekeeper" role, it must be satisfied that Dr. McClellan's claims regarding government testing and projects have at least some grounding in fact. But as it stands now, no one — not the Court, not Siemens' counsel, and apparently not even Saint-Gobain's counsel — has been provided anything to support or use to test Dr. McClellan's assertions. Such untested and unsupported opinions — based allegedly on five-year-old memories of unproduced documents — cannot satisfy the requirements for an expert opinion to the jury under Fed. R. Evid. 702.

In short, this Court should preclude Dr. McClellan from opining about three tests and studies — (1) the DARHT facility, (2) GNEP, and (3) "long measurement time[]"

applications — because Dr. McClellan's entire basis for each is his memory of data and reports that he is unable or unwilling to produce. To suggest that this is a "weight" issue ignores the controlling fact and reason for Rule 26(a)(2)(B)(ii) in the first place — Siemens cannot cross examine Dr. McClellan's "memory" of documents and tests without access to those materials themselves. With all due respect to Dr. McClellan, to otherwise would be to allow "experts" to simply make up facts and then rely on them with no means for the other side to test the issues on cross-examination.

## ARGUMENT

### I. FED. R. CIV. P. 26 AND 37 PRECLUDE DR. MCCLELLAN FROM TESTIFYING ABOUT THESE TOPICS.

Fed. R. Civ. P. 26(a)(2)(B)(ii) requires any expert witness to include with his or her expert report "the data or other information considered by the witness in forming" his or her opinion. Although Dr. McClellan claims he has fulfilled this obligation, it is undisputed that no "data or other information considered" has been produced or otherwise identified regarding his testimony on (1) the DARHT facility, (2) GNEP, or (3) the "long measurement time[]" applications cited in his expert report. (*See* D.I. 140, Ex. 1 (McClellan Dep. 168-72).) Fed. R. Civ. P. 37 provides the proper remedy for such a failure — exclude the testimony on those topics. *See, e.g., Fleming v. City of New York*, No. 01 Civ. 8885, 2007 WL 4302501, at *3 (S.D.N.Y. Dec. 7, 2007) (excluding expert testimony and evidence based on data the proffering party failed to produce).

#### A. The source of the information considered is irrelevant to Rule 26(a)(2).

In its Opposition Brief, Saint-Gobain appears to argue that an expert only "considers" documents provided to him by the party offering him as an expert. (D.I. 143, S-G

Opp. Br. at 8-9.) Certainly, a party is required by Rule 26(a)(2) to produce any documents it provides to testifying experts, but that is not in dispute here. Saint-Gobain provides no authority for the converse proposition that a testifying expert <u>need not</u> produce documents he considered in forming his opinions merely because he obtained those documents from another source. In fact, "[c]ourts have defined the term 'considered' broadly to include materials that an expert ***reviews, reflects upon, reads, and/or uses***." *Dyson Tech. Ltd.*, 241 F.R.D. at 251; *see also In re Orthopedic Bone Screw Prods. Liab. Litig.*, No. MDL-1014, 1996 WL 900345, at *4 (E.D. Pa. July 16, 1996) (finding testifying expert must produce documents considered from source other than retaining party or his opinion will be excluded). In this situation, not only has Dr. McClellan reflected upon and used the data contained in the documents at Los Alamos, the information is all that supports the three opinions at issue in this motion.

**B.    When the expert read the documents is irrelevant to Rule 26(a)(2).**

Further, the temporal restriction Saint-Gobain seeks to impose on Rule 26(a)(2) is similarly unsupported. Notably, Rule 26 does not limit the duty to produce documents considered by an expert to only those documents reviewed after the expert was retained. When Dr. McClellan reviewed the documents is irrelevant to the inquiry, so long as he relies on that information now in forming his expert opinions. *See Dyson Tech. Ltd.*, 241 F.R.D. at 251 ("[A] testifying expert must disclose all information that he or she reviewed, reflected upon, read and/or used in formulating his or her opinions."). Thus, the repeated emphasis in Saint-Gobain's Opposition Brief and Dr. McClellan's declaration that Dr. McClellan did not read these documents after his formal retention in this litigation does not help Saint-Gobain's position. What makes the documents themselves material is that they are the only way that Siemens can have equal access to the information Dr. McClellan himself accessed and that which is the sole

source of the facts that form the basis for his opinions.[1]  If Siemens' only access to that information is Dr. McClellan's own statement of his opinions, there is little point to a disclosure requirement at all.  Thus production of the documents is the only way Siemens can check, evaluate, or refute the statements in Dr. McClellan's opinions on these three issues.

### C. Saint-Gobain, not Siemens, has the obligation to produce information considered by its expert.

Dr. McClellan's suggestion that if Siemens wants these documents it should file a FOIA request with the United States government misses the point entirely.[2]  Under Rule 26, by offering Dr. McClellan's expert testimony, Saint-Gobain bears the burden to produce all the data or information he considered.  Fed. R. Civ. P. 26(a)(2) (stating "a party must disclose to the other parties" the identity of any expert witnesses and a written report of the expert's testimony containing, among other things, "the data or other information considered by the witness in forming [his opinion.]").  If any party had an obligation to make a FOIA request, it was Saint-Gobain so it could live up to its obligations under the Rule.  Fed. R. Civ. P. 26(a) Advisory Committee Notes (1993 Amdts.) ("Through the addition of paragraphs (1)-(4), this subdivision imposes on parties a duty to disclose, without awaiting formal discovery requests, certain basic information that is needed in most cases to prepare for trial or make an informed decision about

---

[1] Dr. McClellan's suggestion that the final conclusions expressed in these documents — which presumably would be the most sensitive aspect — can be disclosed while the documents themselves cannot be is suspect at best.  *Compare* D.I. 144, McClellan Decl. ¶ 2 (stating he is required to ensure "there is not unauthorized release of … unpublished laboratory information") *with* Decl. ¶ 4 (stating information in his report "constitute[s] a part of my personal knowledge based on my work experience").  Regardless, the critical question for this motion is the legal implications of Saint-Gobain's and Dr. McClellan's failure to disclose the information he has considered and relied on so as to prevent Siemens from challenging Dr. McClellan's memory of those documents.

[2] Saint-Gobain also knows that is not a real solution in any event, given the timing and the type of materials at issue.

settlement."). If Dr. McClellan's employer has imposed restrictions on the disclosure of his government work, so be it, but he and Saint-Gobain cannot simultaneously reveal some of that information based on a "memory" and keep the actual information under wraps. Saint-Gobain, not Siemens, should bear the prejudice of any inability of its expert to live up to the requirements of the Federal Rules when it chose to offer that expert. Otherwise, there is incentive to retain experts who can claim an inability to produce their underlying data and thus be protected from thorough cross-examination.

### D.  Permitting Dr. McClellan to testify would prejudice Siemens.

Saint-Gobain's assertion that Siemens suffers no harm under Rule 37 by being deprived of the documents Dr. McClellan claims to remember and be relying upon to form his opinions is incorrect. Without having some objective information to consider — just as Dr. McClellan had — Siemens is effectively precluded from (1) permitting its expert to consider the same information and perhaps reach a different conclusion, and (2) effectively probing Dr. McClellan's opinions regarding the proper conclusions to draw from the documents, because all Siemens has without the documents is the witness's own version of these documents. Although Saint-Gobain says this goes only to the weight of Dr. McClellan's testimony, Siemens cannot effectively attack the weight to which his testimony is entitled without having access to the underlying documents to expose the deficiencies in Dr. McClellan's opinions and memory. *See Karn v. Ingersoll-Rand Co.*, 168 F.R.D. 633, 639 (N.D. Ind. 1996) ("[U]seful cross examination and possible impeachment can only be accomplished by gaining access to all of the information that shaped or potentially influenced the expert witness's opinion.").

The discovery rules exist to permit a party the opportunity to effectively cross-examine witnesses at trial. The unwillingness or inability to disclose the information on which

Dr. McClellan relies denies Siemens that opportunity, such denial is harmful to Siemens, and therefore Dr. McClellan should not be permitted to testify about the topics for which no underlying information has been disclosed.

### II. ALTERNATIVELY, FED. R. EVID. 702 PRECLUDES DR. MCCLELLAN FROM TESTIFYING ABOUT THESE TOPICS.

Allowing Dr. McClellan to speculate about the content of documents and information about projects based on his untestable "memory" would also be improper under *Daubert* and Rule 702 of the Federal Rules of Evidence. In its role as a gatekeeper for the jury, this Court should not let Dr. McClellan testify based upon his memory of documents he saw, according to him, no less than five years ago. As the core of its opposition to Siemens' motion, Saint-Gobain argues there is no prejudice to Siemens from letting Dr. McClellan testify because Siemens will be able to cross-examine Dr. McClellan about the subject of his testimony.[3] As explained above, Siemens cannot effectively cross-examine Dr. McClellan without having access to the information he considered to show what he has forgotten, or that the data or facts he relied upon are simply not what really happened.

Moreover, Dr. McClellan admits that his memory of these documents does not hold sufficient "facts" to be the basis of an expert opinion under Fed. R. Evid. 702, which requires that any expert opinion be "based upon sufficient facts or data." Dr. McClellan admits that he must have and compare performance specifications to determine whether LSO and LYSO

---

[3] The cases cited by Saint-Gobain both say the Federal Rules of Evidence shift the burden to the party opposing the expert once the testimony meets "the foundational requirements for admissibility." *Stecyk v. Bell Helicopter Textron, Inc.*, 295 F.3d 408, 414 (3d Cir. 2002); *see also Ratliff v. Schiber Truck Co.*, 150 F.3d 949, 955 (8th Cir. 1998) (finding burden on party opposing expert "[o]nce expert testimony has been admitted."). The point of this motion is that Dr. McClellan's testimony on these topics is inadmissible, therefore these cases are inapposite.

are significantly different in the context of any of the Los Alamos applications, yet he provides no "memory" of the performance specifications for any of these applications. More fundamentally, there is an inherent conflict in Dr. McClellan's and Saint-Gobain's position — either Dr. McClellan relied on the information contained in the documents and he refuses to produce them, or he is not relying on those facts and his testimony is not based upon sufficient facts or data to be admitted as expert testimony. Either way, Dr. McClellan's testimony on these issues should be excluded.

## CONCLUSION

Siemens respectfully requests that the Court preclude Saint-Gobain from offering expert testimony from Dr. Kenneth McClellan on the issue of whether Saint-Gobain's 10%Y LYSO crystals are equivalent to the LSO crystals recited in the claims of the '080 patent with respect to the following areas as indicated in his most recent expert report: the Dual-Axis Radiographic Hydrodynamic Test (DARHT) facility, the Global Nuclear Energy Partnership (GNEP) program, and "long measurement time[]" applications — where he based his opinion on information that has not been produced to Siemens in this litigation.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com

*Attorneys for Plaintiff
  Siemens Medical Solutions USA, Inc.*

OF COUNSEL:

Gregg F. LoCascio
Charanjit Brahma
Sean M. McEldowney
Michael A. Pearson, Jr.
KIRKLAND & ELLIS LLP
655 15th Street, N.W.
Washington, D.C. 20005-5793
(202) 879-5000

July 11, 2008
2407890

- 9 -

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on July 11, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Kelly E. Farnan, Esquire
> RICHARDS, LAYTON & FINGER, P.A.

I also certify that copies were caused to be served on July 11, 2008, upon the following in the manner indicated:

**VIA ELECTRONIC MAIL AND HAND DELIVERY**

Kelly E. Farnan, Esquire
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
Wilmington, DE  19801

**VIA ELECTRONIC MAIL**

Frederick L. Whitmer, Esquire
THELEN REID BROWN RAYSMAN & STEINER LLP
875 Third Avenue
New York, NY  10022

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)