IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SIEMENS MEDICAL SOLUTIONS USA, INC., | ) ) ) **REDACTED** ) **PUBLIC VERSION** |
| Plaintiff/ Counterclaim-Defendant, | ) ) ) |
| | ) C.A. No. 07-190-SLR |
| v. | ) ) |
| SAINT-GOBAIN CERAMICS & PLASTICS, INC., | ) JURY TRIAL DEMANDED ) ) |
| Defendant/Counterclaim-Plaintiff. | ) ) |

**DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE PORTIONS OF THE EXPERT TESTIMONY OF KENNETH J. McCLELLAN**

OF COUNSEL

Frederick L. Whitmer
John C. Ohman
Thelen Reid Brown Raysman & Steiner LLP
875 Third Avenue
New York, New York 10022
(212) 603-2000

Jesse A. Finkelstein (#1090)
Finkelstein@rlf.com
Jeffrey L. Moyer (#3309)
Moyer@rlf.com
Kelly E. Farnan (#4395)
Farnan@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
*Attorneys for Defendant/Counterclaim-Plaintiff Saint-Gobain Ceramics & Plastics, Inc.*

Dated: July 22, 2008

## TABLE OF CONTENTS

| Page

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION .............................................................................................................. 2

ARGUMENT ..................................................................................................................... 5

    I.    DR. MCCLELLAN'S RELIANCE ON HIS MEMORY IS NOT A BASIS TO EXCLUDE HIS TESTIMONY; AT MOST, THE ISSUE GOES TOWARD WEIGHT, NOT ADMISSIBILITY OF HIS TESTIMONY ..................... 5

CONCLUSION .................................................................................................................. 11

# TABLE OF AUTHORITIES

## CASES

*Page*

*CP Kelco U.S. Inc. v. Pharmacia Corp.*,
213 F.R.D. 176 (D. Del. 2003) .................................................................................................9

*Dudley v. S. Jersey Metal, Inc.*,
555 F.2d 96 (3d Cir. 1977).................................................................................................5, 6

*Dyson Tech. Ltd. v. Maytag Corp.*,
241 F.R.D. 247 (D. Del. 2007) ...............................................................................................9

*Monsanto Co. v. Aventis Cropscience, N.V.*,
214 F.R.D. 545 (E.D. Mo. 2002) .......................................................................................8, 9

*Ratliff v. Schiber Truck Co., Inc.*,
150 F.3d 949 (8th Cir. 1998) ..................................................................................................5

*Stecyk v. Bell Helicopter Textron, Inc.*,
295 F.3d 408 (3d Cir. Pa. 2002)..............................................................................................5

## FEDERAL STATUTES

Fed. R. Civ. P. 26 ("Rule 26") ........................................................................................5, 6, 10

Fed. R. Civ. P. 37(c)(1)...................................................................................................5, 8, 10

Fed. R. Evid. 703 ................................................................................................................5, 11

Fed. R. Evid. 705 ................................................................................................................5, 11

RLF1-3299262-1

## INTRODUCTION

Defendant Saint-Gobain Ceramics & Plastics, Inc. ("Saint-Gobain") submits this answering brief in opposition to the motion of Plaintiff Siemens Medical Solutions USA, Inc. ("Siemens") to exclude portions of Saint-Gobain's expert witness, Dr. Kenneth J. McClellan's testimony ("Motion to Exclude"). Siemens' motions should be denied for the reasons set forth here and as supported by the Declarations of Dr. Kenneth McClellan and Dr. Michael Mayhugh, filed simultaneously herewith. Those declarations establish that all documents furnished to Dr. McClellan to be used in forming his opinion have been produced to Siemens and that Saint-Gobain has produced all its communications with LANL concerning the license that Saint-Gobain obtained to a McClellan patent over the LYSO crystal. There is simply no justification to Siemens' motion. Indeed, Siemens' motion is most noteworthy for what it does not say than for what it does. Siemens does not say, nor does it cite to any case that holds, that an expert witness *must* provide documents that constitute the expert's memory and personal knowledge gained by years of work experience when those documents had been accessed by the expert several years prior to the witness being hired by or on behalf of a party in the case for any purpose. The omission is understandable: Siemens' argument is not supported by law.

Siemens once more endeavors to substitute rhetoric for facts. Dr. McClellan has not refused to produce any data or other information considered in forming his opinion. Those documents have been produced. Saint-Gobain has produced those documents. There is a determinative distinction between a document specifically consulted and relied on in connection with the preparation of the opinion on one hand and materials accessed during education or work experience on the other. Siemens ignores that important distinction in its Motion to Exclude.

2

Dr. McClellan has testified what documents on which he relied and also to the work experience on which he relied in forming his opinion:

**REDACTED**

(Ex. 1, 6/13/08 McClellan Dep. at 18:23-19:11)(emphasis supplied).[1]

This exchange makes abundantly clear that Dr. McClellan relied on produced documents and the personal knowledge he possessed at the time he was hired as an expert witness---a time before he had been hired by or on behalf of Saint-Gobain.

The fact is, contrary to Siemens' contentions in its motion, Dr. McClellan has not refused to produce any of the documents on which he has relied in preparation for his opinion. Neither has Dr. McClellan refused to produce any documents requested that are under his control to produce. Neither Dr. McClellan nor Saint-Gobain has interposed a claim of privilege in regard to the documents Siemens is requesting. The documents that Siemens purports to want are not Dr. McClellan's documents. Since 1996 Dr. McClellan has been employed by Los Alamos National Security (LANS), which is the prime contractor operating Los Alamos National Laboratory (LANL) for the Department of Energy (DOE). (*See*, 7/1/08 McClellan Decl., ¶2).

---

[1] Citations to "Ex ___" are to the Declaration of Jan Tori Evans filed contemporaneously herewith

3

Dr. McClellan's work pertains to "homeland protection and national security." (7/1/08 McClellan Decl., ¶2). The documents that Siemens says it should have belong to LANL, not either to Dr. McClellan or to Saint-Gobain. And most importantly, they are not documents upon which Dr. McClellan is basing his opinions to be offered at trial here. (*See*, 7/1/08 McClellan Decl., ¶4).

We elaborate in the following points why, properly, Siemens' motion should be denied in all respects.

## ARGUMENT

I. **DR. MCCLELLAN'S RELIANCE ON HIS MEMORY IS NOT A BASIS TO EXCLUDE HIS TESTIMONY; AT MOST, THE ISSUE GOES TOWARD WEIGHT, NOT ADMISSIBILITY OF HIS TESTIMONY.**

Siemens cites Fed. R. Civ. P. 37(c)(1) for its contention that Saint-Gobain should not be permitted to offer Dr. McClellan's testimony based on Dr. McClellan's personal knowledge and work experience (Motion to Exclude (D.I. 139), p.2). Proper application of the Rule, however, requires denial of the motion. The rule states in relevant part: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, *unless the failure was substantially justified or is harmless.*" Fed. R. Civ. P. 37(c)(1) ("Rule 37") (emphasis supplied). Here, as detailed below, there has been no failure to provide information as required by Fed. R. Civ. P. 26 ("Rule 26") and whatever Siemens does not have---because the documents were neither relied on nor in Dr. McClellan's possession custody or control---makes that absence harmless.[2]

Rules 26 and 37 must be balanced with Fed. R. Evid. 705 and Fed. R. Evid. 703, which places the burden of exploring the facts and assumptions underlying the testimony of an expert witness on opposing counsel during cross-examination. *See, Stecyk v. Bell Helicopter Textron, Inc.*, 295 F.3d 408, 414 (3d Cir. Pa. 2002); *Ratliff v. Schiber Truck Co., Inc.*, 150 F.3d 949, 955 (8th Cir. 1998). As this Court is well aware, the exclusion of critical evidence is an "extreme" sanction, not normally to be imposed absent a showing of willful deception or "flagrant disregard" of a court order by the proponent of the evidence. *Dudley v. S. Jersey Metal, Inc.*, 555

---

[2] We do not address in any detail the supposed "harm" that Siemens supposedly suffers from the non-production of the materials it describes because there is no such harm and there has been no withheld production.

5

F.2d 96, 99-100 (3d Cir. 1977). Here, it appears Siemens is attempting to shift or discharge its burden by precluding Dr. McClellan's testimony. This is nothing more than a legal maneuvering that is unjustified by law, fact or equity.

Rule 26(a)(2)[3] requires that the expert report contain "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the data or other information considered by the witness in forming them. . . ." Saint-Gobain and Dr. McClellan have satisfied all those requirements. Dr. McClellan's report meets *all* of the requirements set in Rule 26.[4] Dr. McClellan, for example, states the basis and reason for each opinion offered in his report. In fact, "Basis for Opinion" is a heading on page 2 of Dr. McClellan's report (Ex. 2, Expert Report of Dr. Kenneth J. McClellan) and a complete list of documents considered is annexed to his report. Dr. McClellan states in paragraph 5 of his report: "My *opinions are based upon these documents, my roughly nine years of experience with the scintillator crystals under*

---

[3] (2) Disclosure of Expert Testimony.
    (A) In General. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.
    (B) Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. *The report must contain*:
    (i) *a complete statement of all opinions the witness will express and the basis and reasons for them*;
    (ii) *the data or other information considered by the witness in forming them*;
    (iii) any exhibits that will be used to summarize or support them;
    (iv) the witness's qualifications, including a list of all publications authored in the previous ten years;
    (v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and
    (vi) a statement of the compensation to be paid for the study and testimony in the case.
    Fed. R. Civ. P. 26(a) (emphasis supplied).

[4] Siemens does not argue that Dr. McClellan has provided anything less than a complete statement of all opinions he will express at trial.

6

consideration, and my expertise as a materials scientist in the area of scintillator development." (emphasis supplied). Dr. McClellan has also provided all the data and other information considered in forming his opinion.

All documents considered by Dr. McClellan, which complete list is annexed to his report, have been produced to Siemens.[5] Documents that formed Dr. McClellan's personal knowledge over the last eleven years were not "considered," as that word as used in Rule 26, in this case because the documents were reviewed by Dr. McClellan prior to his being employed by or on behalf of Saint-Gobain and were only accessed, if at all, as a part of his memory. Were that expansive reading of the Rule to be encased in law, experts would have the impossible burden of reconstructing their education and experience that seasoned them to be qualified as experts. Dr. McClellan's testimony in this regard is illustrative, for the materials he recalled in general he hadn't seen for over five years.

**REDACTED**

(Ex. 1, 6/13/08 McClellan Dep. at 169:15-25). Even had Dr. McClellan somehow relied on documents that he read over five years ago, all of which are the property of LANL, in forming part of his expert opinion, which he has testified he did not, Rule 37 still does not support the relief that Siemens seeks here. Any failure to produce such documents would, in any event,

---

[5] References citing to entire published texts (e.g. citation 25, Exhibit B, annexed to the 10/16/07 Declaration of Dr. Kenneth McClellan) were not produced to Siemens because the references each cite to a complete published and publicly available book that Siemens can easily obtain if it so wishes.

7

affect the weight not the admissibility because the alleged failure is both substantially justified and is utterly harmless. See Fed. R. Civ. P. 37(c)(1).

The documents that Dr. McClellan referenced, moreover, are not "his;" they are not within his control; and, most importantly, he did not consult them contemporaneously as part of carrying out his duties as an expert in this action. No matter how much Siemens attempts to obscure the facts surrounding Dr. McClellan's activities and documents he consulted with characterizations that Dr. McClellan is "withholding" or "refusing to produce" documents, their fulminations cannot alter the truth: the documents Siemens requests are not under the control of either Dr. McClellan or Saint-Gobain. Nor has Saint-Gobain claimed any work product or attorney-client privilege in regard to the documents. Siemens' characterizations cannot masquerade as fact.

Siemens' proffer of authority to support its argument also misses the point. As chief example, Siemens' reliance on *Monsanto Co. v. Aventis Cropscience, N.V.*, 214 F.R.D. 545 (E.D. Mo. 2002) for the proposition that a party is "required to produce materials reviewed by [the] expert years before litigation if the subject matter of the materials 'relates to the facts and opinions the expert expressed in his report'" is misplaced. (Motion to Exclude, at 4, FN3). *Monsanto* addressed disclosure of materials the defense's expert witness considered while in a consultative capacity *for the defendant*. There, the documents were the defendant's property and were being withheld on the grounds of attorney work product undertaken in anticipation of litigation. *Id.* at 546. In *Monsanto,* the court cited to the Federal Rules Advisory Committee's notes on the 1993 Amendments to Rule 26 for the rational behind the rule: "the committee recognized, parties should not be able to argue that '*materials furnished to their experts to be used in forming their opinions*--whether or not ultimately relied upon by the expert--are

8

privileged or otherwise protected from disclosure when such persons are testifying or being deposed.'" *Monsanto*, 214 F.R.D. at 549 (emphasis supplied); *See Dyson Tech. Ltd. v. Maytag Corp.*, 241 F.R.D. 247, 251 (D. Del. 2007) (ordering production of work-product and attorney-client privilege information that *plaintiffs provided to its experts*); *CP Kelco U.S. Inc. v. Pharmacia Corp.*, 213 F.R.D. 176, 178-79 (D. Del. 2003) (ordering production of documents considered by the defendant's testifying expert that *defendant provided to its expert*).

Here, Saint-Gobain provided *no* documents to Dr. McClellan that have been withheld. Nor can Siemens argue that LANL furnished Dr. McClellan with any documents meant to be used in forming his opinion in this case. Quite the contrary, LANL's conditions of employment preclude Dr. McClellan from using government property or information for purposes other than official business. (7/1/08 McClellan Decl., ¶2). This restriction includes the use of LANL computers, information systems and records (except those available to the public, e.g. research library and documents published in the open literature) in connection with his role as expert witness in this case. (*See*, 7/1/08 McClellan Decl., ¶2). But perhaps most importantly, Dr. McClellan was *not* given these documents in connection with his work as an expert. (7/1/08 McClellan Decl., ¶4).

Rule 26 and Federal Rules Advisory Committee's notes on the 1993 Amendments to the Rule make clear that the documents that must be produced in connection with an expert report are those the witness reviewed in forming the expert opinion and those documents reviewed prior to the expert's role as an expert that were provided by a party in the case or the party's counsel. Attorney-work product and attorney-client privilege are not excuses for non-production of documents to which the party has control. Saint-Gobain has produced all documents Dr.

9

RLF1-3299244-1

McClellan reviewed in connection with forming his opinion.[6] But even before that question is asked, the relevant fact is that Dr. McClellan did not review any of the documents that Siemens is requesting in connection with this case or at any time during his retention as an expert in this case. More pointedly, the documents Dr. McClellan reviewed that were provided to him by LANL and its employees several years prior to his role as expert witness for Saint-Gobain are not in Dr. McClellan's, Saint-Gobain's or its counsel's control to produce. (*See*, 7/1/08 McClellan Decl.). Therefore, Dr. McClellan and Saint-Gobain have fully complied with Rule 26 and no portion of his testimony should not be excluded under Rule 37.

---

[6] The Declaration of Michael Mayhugh, executed July 2, 2008, completes the picture by affirming that Saint-Gobain has, to the best of its knowledge, produced all the known communications with LANL relating to the license for the LYSO patent that Dr. McClellan had obtained. There is simply no merit to Siemens' overwrought claims of withholding of documents and subsequent prejudice.

10

## CONCLUSION

For all the foregoing reasons, as supported by the Declarations of Dr. Kenneth McClellan and Dr. Michael Mayhugh, Siemens' Motion to Exclude should be denied in all respects. Dr. McClellan should be permitted to testify at trial on the opinions disclosed in his expert report. Siemens is free to cross-examine Dr. McClellan and explore the facts and assumptions underlying the testimony of this expert witness as Fed. R. Evid. 705 and 703 provide.

OF COUNSEL:

Frederick L. Whitmer
John C. Ohman
Thelen Reid Brown Raysman & Steiner LLP
875 Third Avenue
New York, NY 10022
(212) 603-2000

Dated: July 3, 2008

*Kelly E. Faman* (signature)
Jesse A. Finkelstein (#1090)
Finkelstein@rlf.com
Jeffrey L. Moyer (#3309)
Moyer@rlf.com
Kelly E. Faman (#4395)
Faman@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
*Attorneys for Defendant/ Counterclaim-Plaintiff Saint-Gobain Ceramics & Plastics, Inc.*

11

RLF1-3299244-1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to the following and which has also been served as noted:

BY HAND DELIVERY

Jack B. Blumenfeld
Maryellen Noreika
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19899

I hereby certify that on July 22, 2008, the foregoing document was sent to the following non-registered participants in the manner indicted:

BY FEDERAL EXPRESS

Gregg F. LoCascio
Charanjit Brahma
Sean M. McEldowney
Kirkland & Ellis LLP
655 15th Street, N.W.
Washington, DC 20005-5793

Kelly E. Farnan (#4395)

RLF1-3151112-1