IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SIEMENS MEDICAL SOLUTIONS USA, INC., | ) ) ) | **REDACTED** **PUBLIC VERSION** |
| Plaintiff/ Counterclaim-Defendant, | ) ) | |
| v. | ) ) ) | C.A. No. 07-190-SLR |
| SAINT-GOBAIN CERAMICS & PLASTICS, INC., | ) ) ) | JURY TRIAL DEMANDED |
| Defendant/Counterclaim-Plaintiff. | ) ) ) | |

### DECLARATION OF DR. MICHAEL R. MAYHUGH
### IN OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE
### PORTIONS OF THE EXPERT TESTIMONY OF KENNETH J. McCLELLAN

OF COUNSEL

Frederick L. Whitmer
John C. Ohman
Thelen Reid Brown Raysman & Steiner LLP
875 Third Avenue
New York, New York 10022
(212) 603-2000


Dated:  July 22, 2008

Jesse A. Finkelstein (#1090)
Finkelstein@rlf.com
Jeffrey L. Moyer (#3309)
Moyer@rlf.com
Kelly E. Farnan (#4395)
Farnan@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
*Attorneys for Defendant/Counterclaim-Plaintiff Saint-Gobain Ceramics & Plastics, Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

SIEMENS MEDICAL SOLUTIONS USA,                     Civil Action No. 07-190 (SLR)
INC.,

Plaintiff,

v.

SAINT-GOBAIN CERAMICS & PLASTICS,
INC.,

Defendant

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**DECLARATION OF DR. MICHAEL R. MAYHUGH IN OPPOSITION TO
PLAINTIFF'S MOTION TO EXCLUDE PORTIONS OF THE EXPERT TESTIMONY
OF DR. KENNETH J. MCCLELLAN**

1.      I am currently employed by defendant Saint-Gobain Ceramics & Plastics, Inc. ("Saint-

Gobain") as Technical Director, with world-wide responsibility.  I have previously submitted a

Declaration in connection with this matter.  My present responsibilities include staying abreast of

our research and development programs globally within Saint-Gobain's scintillation products

business, and communicating to and co-coordinating these efforts with interested major

customers.  These responsibilities include the monocrystalline cerium doped lutetium-yttrium

orthosilicate crystals ("LYSO") that are at issue in this action.  I have personal knowledge

concerning the facts set forth herein.

2.      I have been employed by Saint-Gobain or its predecessors in roles focused on the

detection of ionizing radiation since late 1974, except for a period from 1980 to early 1987 when

I was employed by the General Electric Company ("GE")

3.    During the discovery phase of this litigation Saint-Gobain performed a through search of electronic and hard copy documents for all documents concerning LYSO and its properties and/or characteristics. I was principally responsible at Saint-Gobain for coordinating the search for documents and their transmission to our attorneys in response to the discovery requests made by the plaintiff in this action. To my knowledge, all responsive, non-privileged, recovered documents have been transmitted to our attorneys for production to Siemens Medical Solutions USA, Inc. ("SMS"). To the extent Saint-Gobain was able to recover documents produced by Los Alamos National Laboratory (LANL) to Saint-Gobain during licensing negotiations of U.S. Patent No. 6,323,489 (the '489 Patent"), or at any time, those documents have been produced to SMS. Specifically, all licensing negotiations concerning the '489 Patent were the primary responsibility of Kenneth Smolko, who is no longer employed by Saint-Gobain. All "Smolko" documents available and responsive to SMS' document requests have been produced. I have no knowledge, after reasonable inquiry, to believe that there are any documents that relate to Saint-Gobain's interactions with LANL related to the LYSO crystal that have not been searched and produced. I am unaware of any other location or file where such documents might be found that were not produced previously.

4.    As I understand it, Saint-Gobain has not refused to produce documents to SMS that were provided by LANL concerning LYSO, or any of its employees, to Saint-Gobain. It is my belief, to the contrary, that all such documents have already been produced to SMS.

5.    I am advised by counsel that Saint-Gobain is not claiming, and has not previously claimed, any work product or attorney-client privilege in connection with documents produced by LANL to Saint-Gobain so as to shield those documents from discovery.

2

I hereby declare, under penalty of perjury, that the foregoing statements are true and correct to the best of my personal knowledge.

Executed on July _7_, 2008

_____
MICHAEL R. MAYHUGH

3

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 22, 2008, I electronically filed the foregoing document with

the Clerk of the Court using CM/ECF which will send notification of such filing to the following

and which has also been served as noted:

### <u>BY HAND DELIVERY</u>

Jack B. Blumenfeld
Maryellen Noreika
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE  19899

I hereby certify that on July 22, 2008, the foregoing document was sent to the following

non-registered participants in the manner indicted:

### <u>BY FEDERAL EXPRESS</u>

Gregg F. LoCascio
Charanjit Brahma
Sean M. McEldowney
Kirkland & Ellis LLP
655 15th Street, N.W.
Washington, DC  20005-5793

Kelly E. Farnan (#4395)