IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SIEMENS MEDICAL SOLUTIONS USA, INC., | ) ) **REDACTED** |
| | ) **PUBLIC VERSION** |
| Plaintiff/ Counterclaim-Defendant, | ) ) |
| | ) C.A. No. 07-190-SLR |
| v. | ) ) |
| SAINT-GOBAIN CERAMICS & PLASTICS, INC., | ) JURY TRIAL DEMANDED ) ) |
| Defendant/Counterclaim-Plaintiff. | ) ) ) |

**DECLARATION OF DR. KENNETH J. McCLELLAN
IN OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE
PORTIONS OF MY EXPERT TESTIMONY**

OF COUNSEL

Frederick L. Whitmer
John C. Ohman
Thelen Reid Brown Raysman & Steiner LLP
875 Third Avenue
New York, New York 10022
(212) 603-2000

Jesse A. Finkelstein (#1090)
Finkelstein@rlf.com
Jeffrey L. Moyer (#3309)
Moyer@rlf.com
Kelly E. Farnan (#4395)
Farnan@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
*Attorneys for Defendant/Counterclaim-Plaintiff Saint-Gobain Ceramics & Plastics, Inc.*

Dated: July 22, 2008

RLF1-3288344-1

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE
------------------------------------X

SIEMENS MEDICAL SOLUTIONS USA, INC.,

        Plaintiff,

v.

SAINT-GOBAIN CERAMICS & PLASTICS, INC.,

        Defendant.

------------------------------------X

Civil Action No. 07-190 (SLR)

### DECLARATION OF DR. KENNETH J. McCLELLAN IN OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE PORTIONS OF MY EXPERT TESTIMONY

1. I have been retained as an expert witness in this action (Siemens Medical Solutions USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc.) by Thelen Reid Brown Raysman & Steiner LLP on behalf of defendant Saint-Gobain Ceramics & Plastics, Inc. I have previously submitted Declarations and expert reports in this action. At no time prior to September 2007 when I was retained by Thelen Reid Brown Raysmen & Steiner LLP as an expert witness in this case was I employed by or on behalf of Saint-Gobain.

2. I am now employed by Los Alamos National Security (LANS), which is the prime contractor operating Los Alamos National Laboratory (LANL) for the Department of Energy (DOE) and have been so employed since 1996, as the CV I previously supplied this Court demonstrates. I am employed as a research scientist at LANL, working in the field of Materials Science and Engineering with experience in development of rare earth oxyorthosilicate and other scintillators. My work involves projects dealing with

homeland protection and national security. As an employee of LANS, I am under significant restrictions on my use of government property. I am, for example, not to use government property or information for purposes other than official business. This restriction includes LANL computers, information systems and records (except those available to the public, e.g. research library and documents published in the open literature) In order to undertake the role of expert witness in the case I had to obtain permission from LANL. Permission was granted subject to various conditions, including: that I must disclose the nature of my relationship with Thelen Reid Brown Raysman & Steiner LLP to sponsors if there is a potential conflict of interest, all work on this case must be performed outside of my work hours, involvement of any other LANL staff would require separate review and approval by LANS, it must be clearly communicated that I do not represent or speak for LANS, LANL or the DOE, and that I maintain my responsibilities with respect to information control and information security such that there is not unauthorized release of privileged and/or unpublished laboratory information. Accordingly, I am not permitted to use my work computers or other work related materials for *anything* related to this case, and I am not permitted to produce any LANL documents to Saint-Gobain, Siemens Medical Solutions USA, Inc. ("Saint-Gobain"), Siemens Medical Solutions USA, Inc. ("Siemens"), or any outside party except for official LANL business. I have obeyed those restrictions at all times. I have neither used any such government property nor given Saint-Gobain (either Saint-Gobain personnel or their counsel) any access to such material.

3. In forming my expert opinion I have considered identified references, such as published literature, motion papers, expert opinions, declarations, deposition transcripts and concomitant exhibits filed in this case. A comprehensive list of reviewed materials can be compiled from the list annexed to the Declaration that I filed for this case on October 17, 2007 and the list annexed to my expert report filed for this case on May 30, 2008.

4. I have read Siemens' Motion to Exclude Portions of the Expert Testimony of Kenneth J. McClellan (the "Motion"). None of the documents sought by Siemens in the Motion were reviewed by me in connection with my expert report or planned testimony. As I have explained in my deposition testimony, the documents sought by Siemens are not under my control to produce. The documents belong to the United States government

**REDACTED**

The information contained in the documents generated in my role as expert witness constitute a part of my personal knowledge based on my work experience and was obtained prior to my involvement in this case.

**REDACTED**

Various additional projects where I worked on scintillator development for radiographic (x-ray and proton) applications primarily fell

within the approximate time period of 2000-2004. Activities where I was involved in development of scintillation detectors for radiation detection and spectroscopic applications, e.g. nuclear detonation detection, primarily spanned the period from 2003-2006.

**REDACTED**

This program is ongoing but the detector development and testing is not currently included in the funded scope of work.

5.  I am not refusing to produce any documents to Siemens, rather, I am not permitted to produce nor, in most cases, do I have access to the documents requested. In order for Siemens to obtain the documents requested in its Motion, Siemens must formally request them from their owner, the United States government, specifically, the Department of Energy. In any event, none of the documents that Siemens apparently seeks here constitute documents that form the basis for any of the opinions that I have or intend to render in this action.

I hereby declare, under penalty of perjury, that the foregoing statements are true and correct to the best of my personal knowledge.

Executed on July 1, 2008

_____
KENNETH J. McCLELLAN

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to the following and which has also been served as noted:

BY HAND DELIVERY

Jack B. Blumenfeld
Maryellen Noreika
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19899

I hereby certify that on July 22, 2008, the foregoing document was sent to the following non-registered participants in the manner indicted:

BY FEDERAL EXPRESS

Gregg F. LoCascio
Charanjit Brahma
Sean M. McEldowney
Kirkland & Ellis LLP
655 15th Street, N.W.
Washington, DC 20005-5793

_Kelly E. Farnan_
Kelly E. Farnan (#4395)

RLF1-3151112-1