

RICHARDS
LAYTON &
FINGER

Kelly E. Farnan
302-651-7705
Farnan@rlf.com

July 28, 2008

**VIA E-FILING AND HAND DELIVERY**

The Honorable Sue L. Robinson
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801

    Re: **Siemens Medical Solutions USA, Inc. v.**
       **Saint-Gobain Ceramics and Plastics, Inc.,**
       **C.A. No. 07-190**

Dear Judge Robinson:

  Following up on the oral argument before Your Honor on July 18, 2008, I write to provide additional authority on behalf of Saint-Gobain Ceramics & Plastics, Inc. ("Saint-Gobain") regarding Siemens Medical Solutions USA, Inc.'s ("SMS") motion to exclude certain portions of the proposed expert testimony of Dr. Kenneth McClellan. Our further research concerning the issue presented by SMS' motion has failed to disclose directly controlling authority that definitively addresses the issue. However, as noted below, there is some additional authority that the Court should consider in deciding the Motion.

  In *United States v. Bastanipour*, 697 F.2d 170 (7th Cir. Ill. 1982), the Court of Appeals affirmed the district court's finding that the Government's expert was permitted to give his opinion that the substance in caviar tins contained heroin. The expert's opinion was based on laboratory tests the expert performed and on computer generated information. It was brought out on cross-examination that the expert did not recall the literature spectra upon which he based his analysis and that he had lost or destroyed the 'standard' spectra which he had compared against the literature spectra. *Id*. at 176. The defendant claimed that the failure of the witness to retain the laboratory standards and test results and the failure of the Government to disclose technical information concerning the computer programs prevented defense counsel from conducting a meaningful cross-examination of the expert, as was needed to effectuate the defendant's confrontation right. The Court of Appeals did not agree. "Clearly, the trial court was within its discretion in admitting into evidence expert testimony by the Government's chemist. See generally Fed. R. Evid. 703, 705. What question there is concerns matters of weight, not admissibility." *Id*. at 176-77. That court correctly focused admissibility of the testimony on the

■ ■ ■

One Rodney Square ■ 920 North King Street ■ Wilmington, DE 19801 ■ Phone: 302-651-7700 ■ Fax: 302-651-7701
RLF1-3306636-1
www.rlf.com

The Honorable Sue L. Robinson
July 28, 2008
Page 2

fact that the defense counsel was able to attack the weight of the expert's opinion by calling attention to the expert's failure to retain certain materials or information relating to the lab tests, and also his ignorance of the details of the computer program. "[The adversary] counsel was able to use to full advantage the failure of the materials to be available. He was not prejudiced by their absence." *Id.* at 177. Saint-Gobain is confident that the same may be said of SMS's counsel here.

Fundamentally, the question presented here implicates the role of the Court as gatekeeper for evidence to be presented to the jury. Unquestionably, the gate-keeping function is case specific. "Where the question of the admissibility is a close one, exclusion of the expert evidence is not appropriate where cross examination, the presentation of contrary evidence and careful instruction regarding the burden of proof will insure that the jury is not mislead or confused." *Bowen v. E. I. du Pont de Nemours & Co.*, No. 97C-06-194 (CHT), 2005 Del. Super. LEXIS 239 (Del. Super. Ct. May 9, 2005) aff'd 906 A.2d 787, 2006 Del. LEXIS 471, CCH Prod. Liab. Rep. P17560 (Del. 2006). With respect to scientific evidence proffered by an expert witness, the court went on to say that:

> it is not necessary that the judge decide the admissibility of scientific evidence with the degree of certainty required in scientific circles. Rather, Rule 104 only requires the judge to find that the expert's reasoning and methodology is scientifically valid by a preponderance of the evidence. The focus of the inquiry must be on the actual principles and methodology, not on the applicable conclusions generated as a result."

*Id.* at *13. The focus there was on the method being used by the expert, not, as here a test of the expert's recollection.

There is, indeed, no challenge to Dr. McClellan's expertise or the validity of his qualifications, or indeed any methodology. The challenge, rather, is to his recollection with respect to matters that he did not conduct *in connection with his engagement as an expert witness*. The fact that Dr. McClellan does not have physical possession or control over documents does not prevent cross-examination or an argument that his recollection is itself unworthy of being credited for belief. It is simply an evidentiary issue of credibility for the jury to assess. This is qualitatively no different than an expert expressing a belief concerning some scientific fact or principle without being able, in the context of testifying as an expert, to identify exogenous material that supports it. This is no basis to exclude the testimony; it is a basis to argue that it should not be credited.

As this Court has previously observed, "[t]he exclusion of critical evidence under Rule 37(c)(1) is an extreme sanction, not imposed absent a showing of willful deception and flagrant disregard of a court order by the proponent of the evidence. *Forest Labs., Inc. v. Ivex Pharms., Inc.*, 237 F.R.D. 106, 110-111 (D. Del. 2006). Neither of those extreme infractions is present here.

The Honorable Sue L. Robinson
July 28, 2008
Page 3

In *Forest Labs*, the plaintiffs challenged portions of the defendants' expert's testimony as inadmissible because the opinions were not disclosed in the expert report, in the expert's sworn declaration or during his deposition, as is required under Federal Rule of Civil Procedure 26(a)(2)(B). The court found that there was no allegation that the defendants acted in bad faith or with the intent to "mislead or confuse" the plaintiffs and that the expert report sufficiently disclosed the opinions testified about at trial, and that any deviations were not such as to unduly prejudice Plaintiffs. The objection was overruled.

Here, as in *Forest Labs*, there is no allegation that the party putting forward the expert acted in bad faith or with the intent to "mislead or confuse" the other party. Moreover, as in *Forest Labs*, the other party, here, SMS, is not "unduly" prejudiced; all the facts concerning the nature of Dr. McClellan's recollection and the basis for not having documents that bolster the credibility of his recollection are available to SMS for cross-examination.

Dr. McClellan's opinion is based on his work experience as a research scientist at Los Alamos Laboratories ("LANL") working in the field of Materials Science and Engineering with special experience in development of rare earth oxyorthosilicates and other scintillators. These opinions should not be excluded any more than would the recollections of a witness concerning prior work experience that formed the basis of the witness' expertise should be excluded just because all the work material and treatises that contributed to those opinions were neither available nor produced.

After all, Fed. R. Evid. 703 permits an expert to rely on his personal knowledge, which, essentially, is all that Dr. McClellan is doing here: his personal knowledge of activity with which he was involved years ago, but for which he no longer has the ability to produce the written materials that were produced in connection with that. What this Court held in *Inline Connection Corp. v. AOL Time Warner Inc.*, 472 F. Supp. 2d 604 (D. Del. 2007), applies with equal force here: "A court should not consider the strength or weakness of the basis of an expert's testimony, because "[r]ule 705, together with rule 703, places the burden of exploring the facts and assumptions underlying the testimony of an expert witness on opposing counsel during cross-examination." *Id.* at 439. "When the factual underpinning of an expert's opinion is weak, it is a matter affecting the weight and credibility of the testimony-a question to be resolved by the jury." *Id.* at 440. Although during oral argument SMS's counsel depreciated his ability to cross-examine Dr. McClellan with respect to these matters, the fact is that there is ample latitude to explore the absence of the materials that Dr. McClellan recalls to support his testimony to arm SMS with the capacity to argue that Dr. McClellan's testimony in this regard should be discounted. We, of course, believe strongly that Dr. McClellan's testimony should be credited as credible in all respects, and nothing in this argument should be taken as an admission or assertion that there is any reason to impeach Dr. McClellan, the fact remains that Dr. McClellan's inability

The Honorable Sue L. Robinson
July 28, 2008
Page 4

to produce the materials that he recalls is not a proper basis upon which to exclude his testimony.[1]

Consistent with the *Bastanipour* decision discussed above, the Third Circuit Court of Appeals has reached a similar conclusion generally:

> [A party need] not prove to the judge by a preponderance of the evidence that their expert's testimony is correct, they must only show that it is reliable. The requirement of reliability is lower than the standard of correctness. A judge can find an expert opinion reliable if it is based on 'good grounds' or methods and procedures of science rather than on subjective belief or unsupported speculation. The judge does not have to determine that these methods are necessarily the best grounds to ascertain certain facts, but only that the evidence presented will help the trier of fact.

*United States v. Williams*, 235 Fed. Appx. 925, 928 (3d Cir. Pa. 2007). (emphasis supplied). The court noted: "The reliability of evidence goes more to the weight than to the admissibility of the evidence. In order to be admissible, evidence need only be sufficiently reliable to help the trier of fact." *United States v. Williams*, 235 Fed. Appx. 925, 928 (3d Cir. Pa. 2007) (emphasis supplied) (internal citations omitted). That standard is easily met here. Dr. McClellan's testimony is reliable inasmuch as it is based on his work experience at LANL. Dr. McClellan's testimony regarding non-PET applications for cerium-doped lutetium yttrium oxyorthosilicate ("LYSO") and cerium-doped lutetium oxyorthosilicate ("LSO") scintillator detectors will be of definite use and relevance in assisting the trier of fact to determine whether the sale of defendant's LYSO contributorily infringes the '080 Patent at issue in this case. Any deficiencies in Dr. McClellan's produced data go to the weight, not the admissibility of Dr. McClellan's testimony.

For the reasons set forth above, as well as those previously advance in briefs, declarations and argument, Saint-Gobain submits that SMS' Motion to Exclude should be denied in all respects.

Respectfully,

*Kelly E. Farnan*

Kelly E. Farnan (#4395)

KEF/th

cc: Jack B. Blumenfeld, Esq. (by e-mail and hand delivery)

---

[1] We have not addressed the discovery aspects of SMS' motion here in light of the Court's comment at oral argument that Your Honor did not regard this as a discovery concern. Saint-Gobain of course agrees and has therefore not elaborated its earlier arguments.

RLF1-3306636-1