IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SIEMENS MEDICAL SOLUTIONS USA, INC., <br><br> Plaintiff/Counter-Defendant, <br><br> v. <br><br> SAINT-GOBAIN CERAMICS & PLASTICS, INC., <br><br> Defendant/Counterclaim-Plaintiff. | ) ) ) ) ) ) ) ) ) ) ) ) ) C. A. No. 07-190-SLR |

## SAINT-GOBAIN'S PROFFER REGARDING CERTAIN EVIDENCE

By Memorandum Order dated August 20, 2008 (the "Order"), the Court directed defendant Saint-Gobain Ceramics & Plastics, Inc. ("Saint-Gobain") to make a proffer of the evidence it proposes to admit at trial in support of the fourth affirmative defense pled in Saint-Gobain's answer to the complaint of plaintiff Siemens Medical Solutions USA, Inc. ("Siemens"). (D.I. 160). The Court has required such a proffer in order to assist it in assessing the merits of Siemens' motion to strike Saint-Gobain's fourth affirmative defense, which the Court has held in abeyance pending the pretrial conference scheduled for August 28, 2008. Saint-Gobain now submits a proffer confirming the scope of such evidence.

By its fourth affirmative defense, Saint-Gobain has alleged that:

> [Siemens is] estopped from construing any claim of the '080 Patent to be infringed or to have been infringed, either literally or by application of the doctrine of equivalents, by any method or product manufactured, used, imported, sold or offered for sale by Saint-Gobain in view of the prior art and/or because of admissions and statements made to the United States Patent and Trademark Office *during prosecution of the application leading to the issuance of the '080 Patent,* because of disclosure or language in the specification of the '080 Patent, and/or *because of limitations in the claims of the '080 Patent.*

(D.I. 114, 4/7/08 Saint-Gobain's Answer to Siemens' Amended Complaint, see also D.I. 7, 5/14/07 Saint-Gobain's Answer to Siemens' Complaint (emphasis added)).

Saint-Gobain's evidence will show that the fact that Charles Melcher, the applicant for the patent-in-suit (the "'080 Patent"), amended his claims during the prosecution of the application that matured into the '080 Patent limited the scope of the claim for equivalents captured by the patent and, accordingly, surrendered ground to gain allowance. Documents establishing this defense will include (1) the '080 Patent; (2) the prosecution history of the '080 Patent ('080 Patent Prosecution History, Patent Application Serial No. 07/389502); (3) a published article entitled "Boron Nitride, A Neutron Scintillator With Deficiencies," IEEE Trans. Nucl. Sci. N35-31 (2005) 1318); and (4) the non-infringement opinion originally provided by the Foley & Lardner law firm to Saint-Gobain in February 2006 and amended in March 2006 (the "Non-Infringement Opinion").

As the prosecution history shows, and as further discussed in the Non-Infringement Opinion, the '080 applicant amended original Claim 1 in response to an Examiner's rejection to recite that the claimed scintillator crystal compound must be "transparent," and thus modified the range of claimed crystals to those that are "transparent," surrendering non-transparent scintillators. (The Boron Nitride article, together with the testimony of Joel Karp and Kenneth McClellan, will establish that the term "scintillator" includes both optically transparent and non-transparent compositions, and that they have different properties). This same evidence also shows that Dr. Melcher's December 27, 1989 amendment narrowed the scope of the scintillator composition to recite a cerium concentration in the transparent single crystal scintillator taught by the '080 Patent instead of reciting the cerium concentration in the melt from which the crystal was pulled, an amendment that also narrowed the claim to surrender previously claimed

elements. The Non-Infringement Opinion discusses and analyzes Dr. Melcher's amendments in greater detail and establishes that these amendments were substantive in nature and made for reasons of patentability to gain issuance of the '080 Patent.

Saint-Gobain will further establish its fourth affirmative defense through the testimony of Leon Radomsky, the author of the Non-Infringement Opinion, who is prepared to discuss the prosecution history analysis contained in the Non-Infringement Opinion and the facts underlying and supporting that analysis.

OF COUNSEL:

Frederick L. Whitmer
John C. Ohman
Thelen Reid Brown Raysman & Steiner LLP
875 Third Avenue
New York, NY 10022
(212) 603-2000

August 26, 2008

/s/ Jeffrey L. Moyer (#3309)
Jesse A. Finkelstein (#1090)
Finkelstein@rlf.com
Jeffrey L. Moyer (#3309)
Moyer@rlf.com
Kelly E. Farnan (#4395)
Farnan@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700

*Attorneys for Defendant/Counterclaim-Plaintiff Saint-Gobain Ceramics & Plastics, Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to the following and which has also been served as noted:

**BY HAND DELIVERY & E-MAIL**

Jack B. Blumenfeld
Maryellen Noreika
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19899

**BY E-MAIL**

Gregg F. LoCascio
Charanjit Brahma
Sean M. McEldowney
Kirkland & Ellis LLP
655 15th Street, N.W.
Washington, DC 20005-5793

/s/ Jeffrey L. Moyer (#3309)
Jeffrey L. Moyer (#3309)

RLF1-3151112-1