

Kelly E. Farnan
302-651-7705
Farnan@rlf.com

September 5, 2008

**VIA E-FILING**

The Honorable Sue L. Robinson
United States District Court
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801

      Re:    **Siemens Medical Solutions USA, Inc. v.
Saint-Gobain Ceramics and Plastics, Inc.,
C.A. No. 07-190**

Dear Judge Robinson:

      During the pretrial conference held on August 28, 2008, the Court directed defendant Saint-Gobain Ceramics & Plastics, Inc. ("Saint-Gobain") to provide authority to demonstrate the relevance of evidence Saint-Gobain proposes to admit at trial respecting versions of the High Resolution Research Tomograph ("HRRT") scanner manufactured by plaintiff Siemens Medical Solutions USA, Inc. ("Siemens"), or a Siemens' predecessor-in-interest, incorporating both a lutetium oxyorthosilicate ("LSO") scintillator and a lutetium yttrium orthosilicate ("LYSO") scintillator containing 70 percent yttrium ("70% Y LYSO"). This submission complies with the Court's request.

      Saint-Gobain's evidence respecting the HRRT scanners at issue will show that (1) during a period ending in or around 2006, Siemens and its predecessor, CTI PET Systems, Inc. ("CTI"), manufactured at least a dozen HRRT scanners containing a "phoswich" detector incorporating a combination of LSO and 70% Y LYSO crystals; (2) the "phoswich" detector was designed to exploit the different scintillation properties of LSO and 70% Y LYSO -- including a significant difference in decay times between the two crystals -- so as to enable Siemens' HRRT scanners to render highly detailed images of areas of interest in the bodies of patients; (3) Siemens or CTI delivered these scanners to leading medical research institutions both in the United States and abroad, including Johns Hopkins and Yale University Hospitals, some of which continue to use the scanners to conduct neurological and other research; (4) just as Saint-Gobain's accused

PreLude 420 LYSO crystal containing approximately 10 percent yttrium, the 70% Y LYSO crystals incorporated in the Siemens HRRT scanners fall within the literal scope of Claim 1 of U.S. Patent No. 6,624,420 (the "'420 patent"); (5) the '420 patent was issued over U.S. Patent No. 4,958,080 (the "'080 patent") as a reference; (6) prior to the issuance of the '420 patent, the United States Patent and Trademark Office ("USPTO") had issued another LYSO patent, U.S. Patent No. 6,323,489 B1 (the "'489 patent"), also over the '080 patent (with the '489 patent being subsequently cancelled in connection with an interference proceeding that resulted in the issuance of the '420 patent); (7) Saint-Gobain manufactures and sells its PreLude 420 LYSO crystals under a license from the University of Central Florida; and (8) Siemens (which holds no license under the '420 patent) has admitted that the 70% Y LYSO crystals incorporated in its HRRT scanners do not infringe the '080 patent.

This Court acknowledged in its January 8, 2008 Memorandum Opinion denying Siemens' preliminary injunction motion that the separate patentability of Saint-Gobain's accused PreLude 420 LYSO crystal is both "relevant" to the central question of infringement under the Doctrine of Equivalents and "entitled to due weight." *Siemens Med. Solutions United States, Inc. v. St.-Gobain Ceramics & Plastics, Inc.*, 2008 U.S. Dist. LEXIS 1486 (D. Del. Jan. 8, 2008) (quoting *National Presto Indus., Inc. v. West Bend Co.*, 76 F.3d 1185, 1192 (Fed. Cir. 1996). Indeed, the fact that the USPTO granted the '420 Patent even in the face of the '080 Patent is compelling evidence that the USPTO considered the LYSO crystal both non-obvious and inventive. The Federal Circuit held last year that "We have not directly decided whether a device---novel and separately patentable because of the incorporation of an equivalent feature---may be captured by the doctrine of equivalents, although we have held that when a device that incorporates the purported equivalent is in fact the subject of a separate patent, a finding of equivalency, while perhaps not necessarily legally foreclosed, is at least considerably more difficult to make out. But there is a strong argument that an equivalent cannot be both non-obvious and insubstantial." *Festo Corp. v. Shoketusu Kinzoku Kogyo Dabushiki Co. Ltd.*, 493 F.3d 1368, 1380 (Fed. Cir. 2007)(footnotes omitted).

The undisputed relevance of the separate patentability of Saint-Gobain's PreLude 420 LYSO crystal containing 10 percent yttrium establishes the relevance of the separate patentability of the 70% Y LYSO crystals incorporated in Siemens' HRRT scanners. Far from vitiating that relevance, Siemens' contention that the 70% Y LYSO compound does not infringe the '080 patent concedes that the difference between that crystal and LSO is not insubstantial. And, since both LYSO formulations meet the limitations of at least Claim 1 of the '420 patent, Siemens' concession and Saint-Gobain's other evidence regarding Siemens' HRRT scanner further demonstrates Saint-Gobain's non-infringement of the '080 patent. Siemens contends that this evidence would confuse the jury. Not so: the true meaning of Siemens' argument is that it does not want the jury to learn that Siemens argues that the USPTO made a mistake as to *some* of the formulations of LYSO, but not others; and just where the line is drawn, Siemens does not say. Indeed, Siemens refused to answer Saint-Gobain's Requests for Admission directed at ascertaining the point in the range of LYSO formulations claimed under the '420 patent that Siemens argues separates supposedly infringing from non-infringing LYSO, though neither the claims of the '420 Patent nor the USPTO that granted the patent draw that supposed distinction.

The Honorable Sue L. Robinson
September 5, 2008
Page 3

The jury should be permitted to consider all the evidence regarding the separate patentability of the full range of LYSO formulations covered by the same claims of the '420 patent that cover Saint-Gobain's accused PreLude 420 LYSO crystal -- including Saint-Gobain's evidence concerning Siemens' HRRT scanners. Siemens' *in limine* objections should therefore be denied.

Respectfully,

*Kelly E. Farnan*

Kelly E. Farnan (#4395)

KEF/th

cc:  Jack B. Blumenfeld, Esq. (by e-mail and hand delivery)

RLF1-3318458-1